**EXHIBIT C**

## RETROPHIN, LLC
## TRANSFER AND DONEE REPRESENTATION LETTER

**FOR VALUE RECEIVED** Martin Shkreli (the "Transferor"), does hereby grant, sell, assign transfer and convey unto Thomas Koestler, (the "Transferee"), its successors and assigns, all of his right, title and interest to thirty-five thousand (35,000) Class A Common Units (the "Class A Units") of Retrophin, LLC (the "Company"), a Delaware limited liability company, to have and to hold forever and the Transferor does hereby warrant and agree to defend title to the same against the claims of any person or entity. The undersigned, (the "Transferee") hereby makes the representations, warranties, acknowledgements and agreements set forth below to and with the Transferor and the Company to induce the Company to permit the Transferor to transfer to the Transferee the Class A Units, as follows:

1. The Transferor represents and warrants the following: The Transferor has full power, right and authority to enter into and perform his obligations under this transfer and to consummate the transactions contemplated hereby. This transfer has been duly executed and delivered by the Transferor and constitute the legal, valid and binding obligations, enforceable against the Transferor in accordance with its respective terms, except as limited by (a) applicable bankruptcy, reorganization, insolvency, moratorium or other similar laws affecting the enforcement of creditors' rights generally from time to time in effect and (b) the availability of equitable remedies (regardless of whether enforceability is considered in a proceeding at law or in equity). No permits, approvals or consents of or notifications are necessary in connection with the execution, delivery and performance by transfer and the consummation by the Transferor of the transactions contemplated hereby. The Transferor is the beneficial and record owner of the Units, free and clear of any liens or encumbrances whatsoever. The Transferor has good and marketable title to the Units. Upon consummation of the transactions provided for in this transfer in accordance with the terms hereof, the Transferee will obtain good and marketable title to all of the Units, free and clear of any liens or encumbrances whatsoever, other than transfer restrictions under federal and state securities laws.

2. The Transferee acknowledges and is aware that there are substantial restrictions on the transferability of the Units; the Units cannot be resold unless the Units are registered under the Securities Act of 1933, as amended, (the "Securities Act") and any applicable securities law of any state or other jurisdiction, or an exemption from registration is available; the Transferee has no rights to require that the Units be registered under the Securities Act or any other securities law; and unless the Units are so registered or an exemption therefrom is available to the Transferee, there will be no public market for the Units. The Transferee acknowledges that there can be no assurance that the Transferee will be able to sell or dispose of the Units and understands that the certificate for the Units shall be imprinted with a legend making reference to the restrictions upon transfer contained herein and in the Amended and Restated Limited Liability Company Agreement of the Company (the "Agreement"), dated as of June 30, 2011.

3. The Transferee is a resident of the state appearing below under the Transferee's name.

4.  The Transferee is a party to the Agreement and the Transferee acknowledges receipt of the Founders' Agreement, dated as of March 31, 2011 (the "Founders' Agreement"). The Transferee hereby agrees that the Units shall be bound by and subject to the terms of the Agreement and the Founders' Agreement.

5.  The Transferee acknowledges that information concerning the Company that is provided to the Transferee should be presumed to be confidential and non-public and agrees that all such information shall be kept in confidence by the Transferee and neither used by the Transferee to the personal benefit of the Transferee (other than in connection with the Units) nor disclosed to any third party for any reason; provided, however, that this obligation shall not apply to any such information that (a) is part of the public knowledge or literature and readily accessible on the date hereof; (b) becomes part of the public knowledge or literature and readily accessible by publication (except as a result of a breach of this provision); or (c) is received from third parties (except third parties who disclose such information in violation of any confidentiality agreements including, without limitation, any subscription agreement they may have entered into with the Company).

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the undersigned has executed this instrument under seal as of the date set forth above.

**Martin Shkreli**
Transferor

Record Address:

330 Madison Avenue, 6th Floor
New York, NY 10017

**Thomas P. Koestler**
Transferee

Record Address:

251 Municipal Road
Erwinna, PA 18920

AGREED AND ACCEPTED:

Retrophin, LLC

By: ______________________
Name: Martin Shkreli
Title: Chief Executive Officer

Record Address: 330 Madison Avenue, 6th Floor
New York, New York 10017