**EXHIBIT E**

Revised Draft: 1/12/16

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

| | | |
|---|---|---|
| Thomas Koestler, | ) | |
| | ) | Case No. 01-15-000-42488 |
| Claimant, | ) | |
| vs | ) | |
| | ) | |
| Retrophin, LLC and Retrophin, Inc. and Martin Shkreli, | ) ) | |
| | ) | |
| Respondent. | ) | |

### PRE-HEARING ORDER NO. 1

A Preliminary Hearing was held on January 6, 2016 in connection with the above-entitled proceeding. The hearing was attended by Steven Bennett of Park Jensen Bennett LLP on behalf of Claimant; Jocelyn L. Jacobson of Reitler Kailis & Rosenbatt LLC on behalf of Respondent Martin Shkreli; and Nick Flath of Cooley LLP on behalf of Respondents Retrophin, LLC and Retrophin, Inc.; and the Arbitrator David C. Singer.

By agreement of the parties, the Arbitrator makes the following procedural order with which the parties are directed to comply:

1.      The parties stipulated that the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) as supplemented by the AAA's Procedures for Large, Complex Commercial Disputes, as in effect on October 1, 2013.

2.      The parties confirm acceptance of the Arbitrator and that there will be no *ex parte* communications with the Arbitrator.

3.      The parties confirmed there are no conditions precedent that must be satisfied before the jurisdiction of the Arbitrator vests.

4.      **The parties confirmed that the Arbitrator has jurisdiction to determine the claims asserted in the pleadings filed, with the exception of the cross-claim, in this arbitration.**

5.      The parties confirmed that the Federal Arbitration Act governs this arbitration.

6.     The parties confirmed that New York law, without giving effect to any choice of law or conflict of law rules or provisions, governs the merits of this arbitration.

**Written Pleadings/Motions/Confidentiality**

7.     Any amendments to the pleadings shall be submitted on the dates set in the annexed schedule. Any further amendments will be permitted only on a good cause shown basis.

8.     If the parties agree that there are no issues of material fact and the issues presented in this arbitration can be decided on a summary judgment motion, the parties shall submit a joint letter of no more than 3 pages setting forth their views that the issues can be so decided and specifying the standard to be used by the Arbitrator in deciding the summary judgment motion. The Arbitrator will promptly advise whether they concur that the arbitration can be decided on submissions of summary judgment papers and, if so, will set a schedule for the submission of briefs and accompanying submissions by the parties.

9.     With the exception of the joint application for a submission on summary judgment papers as discussed in ¶ 8 above, no other motions shall be filed by any party without first submitting a letter of no more than 3 pages to the Arbitrator setting forth the nature of the motion that the party proposes to file and a brief statement of the factual and legal basis for such motion and how it would reduce the time and cost of this proceeding. The other party may respond with a letter of no more than 3 pages submitted 7 calendar days after filing of the letter seeking leave. No such motion shall be filed without first obtaining leave from the Arbitrator for such filing.

10.    On or before the date set in the annexed schedule, any party may submit a proposed confidentiality order to the Arbitrator.

**Discovery**

11.    On or before the date set in the annexed schedule, the parties may serve written requests for the production of any document or narrow and specific categories of documents which are relevant and material to the outcome of the case.

12.    On or before the date set in the annexed schedule, the parties shall serve a response to the written requests for documents and produce those documents responsive to the requests directed to it as to which no objection was made and those documents on which it relies in support of its case in the arbitration.

13.    On or before the date set in the annexed schedule, the parties will meet and confer in an effort to resolve any discovery disputes arising from the written document requests.

14.    If the parties are unable to resolve any such discovery disputes, such disputes shall be presented by the submission of letters setting forth the respective views of the parties on the date set in the annexed schedule. The Arbitrator, at his discretion, will decide based on the letters or following a telephone conference call on the date set in the annexed schedule.

15. On the date set in the annexed schedule, the parties shall exchange with the other parties any remaining disputed documents, previously withheld, that the arbitrator determines must be produced.

16. If any party seeks to serve a subpoena upon any non-party witnesses, the matter shall be brought to the attention of the Arbitrator by the date set in the annexed schedule.

17. The reports of expert witnesses and rebuttal expert reports, if any, shall be exchanged by the dates set in the annexed schedule.

18. All fact discovery shall be completed by the date set in the annexed schedule.

**Preparation for and Conduct of the Hearing**

19. A status conference call will be held on the date set in the annexed schedule. Additional conference calls will be set as necessary at the request of the parties or the Arbitrator.

20. The parties shall cooperate in an effort to prepare a statement of stipulated facts to the extent that the parties consider such a statement would be useful and cost effective and shall submit any such statement to the Arbitrator on the date set in the annexed schedule. The parties may submit any additional aides for the Arbitrator that may be useful for this arbitration such as chronologies, list of individuals and their roles, CV's, corporate charts and list of acronyms used.

21. On the date set in the annexed schedule, the parties shall exchange and submit to the Arbitrator a list of the people they anticipate calling as witnesses to testify at the Hearing on their behalf. Such list shall reflect the name and address of each witness and a brief description of the subject matter of the testimony to be elicited from each such witness.

22. On the date set in the annexed schedule, the parties shall simultaneously exchange those exhibits that they intend to rely upon at the Hearing. The parties shall confer and advise whether documents to be used for cross, impeachment and rebuttal must be identified in advance of the Hearing. Any exhibit offered which was responsive to a discovery request served upon a party but which was not produced to the other party on or before the time set for the completion of discovery will not be admitted at the Hearing except for good cause shown.

23. The parties shall cooperate in preparing a joint exhibit book in loose leaf binders to avoid duplicative documents and an unnecessary number of exhibit books. To the extent possible, exhibits shall be double-sided. If necessary, a party shall prepare a separate exhibit volume consisting of that party's prospective additional hearing exhibits. The exhibit books shall be indexed and paginated and, so far as possible, be in consecutive chronological or some other convenient order and marked so as to distinguish claimants' from respondents' exhibits. At the commencement of the evidentiary hearing, the parties shall provide the Arbitrator with the exhibit books, provide the separate exhibit volume to counsel for the other parties and have further exhibit books available for use by witnesses.

24. All exhibits produced in the proceedings shall be deemed authentic and admissible, unless a party challenges authenticity or admissibility. Any challenge to the authenticity or admissibility of any exhibit shall be determined by the Arbitrator.

25.  The evidentiary Hearing will commence at 10:00 a.m. and proceed on the dates set forth in the annexed schedule. The Hearing will be conducted at the offices of Dorsey & Whitney LLP, 51 West 52nd Street, New York, New York 10019.

26.  The parties shall make arrangements to schedule the attendance of witnesses such that the Hearing can proceed expeditiously and without unnecessary delay.

27.  If the parties choose to utilize the services of a court reporter, they will make the necessary arrangements.

**Miscellaneous**

28.  All deadlines set forth in this order shall be adhered to strictly unless and until amended by the Arbitrator. Late submissions may be subject to consequences which may include a refusal by the Arbitrator to accept the submission. Large submissions may on a due date be sent by overnight delivery.

29.  All submissions to the Arbitrator shall be accompanied by copies of any cases and other authorities upon which the parties rely.

30.  The AAA's Accelerated Exchange Program shall be utilized for transmitting documents to the Arbitrator. Documents shall be delivered to the Arbitrator by e-mail and, if longer than 15 pages, by hard copy by overnight delivery service or regular mail. For purposes of transmitting documents to the Arbitrator, the parties shall utilize the following contact information:

David C. Singer
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019-6119
E-mail: singer.david@dorsey.com

Copies of all documents transmitted to the Arbitrator shall be sent simultaneously to the other parties, and a copy of the transmittal correspondence shall be sent simultaneously to the AAA Case Manager.

**31.  The parties request that the Arbitrator issue a reasoned award.**

32.  The Hearing dates set forth in this Pre-hearing Order No. 1 will not be rescheduled absent good cause shown unrelated to preparedness. This Pre-hearing Order No. 1 shall continue in effect unless and until amended by subsequent order of the Arbitrator. Any request for a modification of the schedule set forth in this Pre-hearing Order No. 1 will include a statement as to whether the other party consents to the proposed modification and will confirm that the proposed modification will not require a change in the Hearing dates.

33.     The parties are reminded to update their respective conflict checklists as further information becomes available.  The duty to update such checklists will continue up to and including the date that the Hearing is declared closed by the Arbitrator.  The parties agree promptly to bring to the attention of the AAA Case Manager any information that comes to their attention that may require disclosure.

Dated:  January 12, 2016


_____
David C. Singer, Arbitrator

5

January 12, 2016

**Amended Schedule annexed to Pre-Hearing Order No. 1**

1. Date for Amended Statement of Claim: **January 30, 2016**.
2. Date for filing Answer and Counterclaims: **February 10, 2016**.
3. Date for submission of letter (up to 3 pages) in support of request to depose claimant: **January 20, 2016**.
4. Date for submission of letter (up to 3 pages) opposing request to depose claimant: **February 3, 2016**.
5. Date for submission of reply letter in support of request to depose claimant: **February 8, 2016**.
6. Date for submission of motion to dismiss cross-claim: **January 27, 2016**.
7. Date for submission of opposition to motion to dismiss cross-claim: **February 12, 2016**.
8. Date for submission of reply in support of motion to dismiss cross-claim: **February 19, 2016**.
9. Conference call relating to deposition and motion: **February 16, 2016 @ 3:00 pm EST**.
10. Date for submission of proposed confidentiality order: **February 22, 2016**
11. Date for document requests: **January 20, 2016**.
12. Date for responses/objections to document requests and production of documents regarding which there is no dispute: **February 29, 2016**.
13. Date by which counsel must meet and confer as to disputes relating to document requests, if any: **March 7, 2016**.
14. Date for submission to Arbitrator of unresolved disputes relating to document requests, if any: **March 11, 2016**.
15. Conference call with Arbitrator to resolve remaining disputes relating to document requests, if any, and/or for status conference: **March 14, 2016 at 2:00 pm EST**.
16. Date by which any remaining documents shall be produced: **March 21, 2016**.
17. Date by which all party discovery shall be completed: **March 28, 2016**.
18. Date by which requests shall be made to Arbitrator for third party subpoenas, if any: **April 4, 2016**.
19. Date for identification of witnesses and brief description: **May 23, 2016**.
20. Date for identification and exchange of hearing exhibits: **May 23, 2016**.
21. Date for submission of stipulated facts, if cost effective to prepare: **May 27, 2016**.
22. Date for service of pre-hearing memoranda, if any: **June 10, 2016**.
23. Date for exchange of Expert Reports, if any: **April 18, 2016**
24. Date for exchange of Rebuttal Expert Reports, if any: **May 9, 2016**
25. Pre-Hearing status conference call: **May 31, 2016 @ 2:00 pm EST**.
26. Hearing dates: **June 13, 14 and 15, 2016 @ Dorsey & Whitney LLP**.