

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES:LDM:CSK
F. #2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

July 27, 2021

**By ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Martin Shkreli
         <u>Criminal Docket No. 15-637 (S-1) (KAM)</u>

Dear Judge Matsumoto:

  The United States respectfully submits this letter to advise the Court that the forfeiture money judgment ("Forfeiture Judgment") entered against defendant Martin Shkreli at his sentencing, in the amount of $7,360,450.00, has been satisfied with the proceeds of today's sale of the defendant's interest in the Wu-Tang Clan album, "Once Upon a Time in Shaolin" (the "Album"). This letter also addresses the two remaining assets owned by defendant Shkreli that are in the government's custody.

  As the Court is aware, the Album was one of five substitute assets (the "Substitute Assets") listed in both the Preliminary and Final Orders of Forfeiture (the "Forfeiture Orders") entered by the Court on or about March 5, 2018 and September 10, 2018, respectively. (Dkt. Nos. 540, 680). [1] The only other Substitute Assets in the government's custody, and from which it did not collect the Forfeiture Judgment, are: (1) Shkreli's interest

---

[1] The government never seized or recovered any amount from the Substitute Asset listed as "the album 'Tha Carter V' by Lil Wayne." *See* Preliminary Order of Forfeiture at ¶ 4(d).

in Phoenixus AG;[2] and (2) an engraving on paper by Picasso[3] (the "Picasso Engraving"). *See* Preliminary Order of Forfeiture at ¶ 4(b) and (e).

      In a proceeding pending in the U.S. District Court for the Southern District of New York (the "SDNY Proceeding"), petitioner Thomas Koestler seeks to collect a judgment entered against defendant Shkreli and, to that end, moved for the turnover and appointment of a receiver to liquidate defendant Shkreli's interest in Phoenixus. *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (Nathan, J.). As set forth in the letter filed in the SDNY Proceeding and in this case on April 9, 2021, the government had no objection to the proposed receivership, provided the then-outstanding balance on the Forfeiture Judgment was satisfied first from any liquidation of defendant Shkreli's interest in Phoenixus. At a hearing held on July 1, 2021, the Court in the SDNY Proceeding granted petitioner Koestler's motion for a turnover order and appointment of a receiver to liquidate defendant Shkreli's interest in Phoenixus. (SDNY Dkt. No. 80)[4].

      Given that the Forfeiture Judgment is now satisfied and the government has no further interest in the remaining Substitute Assets, the government will today file in the SDNY Proceeding the enclosed letter to advise the court of the status of the government's collection and the two Substitute Assets that remain in the government's custody. In light of the SDNY court's decision to grant the receivership of defendant Shkreli's interest in Phoenixus, the Phoenixus Shares may be made available to be turned over to the receiver, once appointed, and liquidated in a manner consistent with the SDNY court's orders. The parties in the SDNY Proceeding will also have an opportunity to consider whether the Picasso Engraving should be included in the liquidation of assets in that proceeding. Once the receiver is appointed and a decision is made whether to include the Picasso Engraving, the government will submit to the Court a proposed order for the release of the two remaining Substitute Assets to the receiver.

---

[2] Phoenixus AG, a closely held company located in Switzerland, was previously named Turing Pharmaceuticals AG and then Vyera Pharmaceuticals AG. In response to the Forfeiture Orders, and following his exhaustion of all appeals, defendant Shkreli turned over to the government a certificate for preference shares A in Turing Pharmaceuticals (the "Phoenixus Shares").

[3] While the Picasso Engraving was referred to as a "Picasso painting" in the Forfeiture Orders, it was subsequently determined to be an engraving.

[4] On July 15, 2021, Shkreli filed a motion for reconsideration of the court's decision to grant the receivership. (SDNY Dkt. No. 88). On July 19, 2021 the court denied Shkreli's motion for reconsideration. (SDNY Dkt. No. 93).

We thank the Court for its consideration of this letter.

                              Respectfully submitted,

                              JACQUELYN M. KASULIS
                              Acting United States Attorney

By:   /s/_____
       Laura D. Mantell
       Claire S. Kedeshian
       Assistant U.S. Attorneys
       (718) 254-6253/6051
       Laura.Mantell@usdoj.gov
       Claire.Kedeshian@usdoj.gov

Encl.

cc:  All Counsel of Record (by ECF)

3



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:LDM:CSK

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 27, 2021

**By ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (Nathan, J.)

Dear Judge Nathan:

      The undersigned Assistant U.S. Attorneys represent the government in connection with the forfeiture aspects of the criminal case against respondent Martin Shkreli ("Shkreli") in the Eastern District of New York, *United States v. Shkreli*, 15-CR-637 (E.D.N.Y.) (Matsumoto, J.) (the "Criminal Case"). We respectfully write to report on both the status of the forfeiture money judgment ("Forfeiture Judgment") entered against Shkreli in the Criminal Case, and the substitute assets (the "Substitute Assets") listed in the Preliminary and Final Orders of Forfeiture (the "Forfeiture Orders") entered against Shkreli.

      Earlier today, the government completed its collection of the outstanding balance owed on the Forfeiture Judgment with the sale of a Substitute Asset, the Wu-Tang Clan album "Once Upon a Time in Shaolin." The following Substitute Assets remain in the government's custody: (1) a certificate for Shkreli's preference shares A in Turing Pharmaceuticals (the "Phoenixus Shares")[1] and (2) an engraving on paper by Picasso (the "Picasso Engraving").[2]

---

[1] Phoenixus AG, a closely held company located in Switzerland, was previously named Turing Pharmaceuticals AG and then Vyera Pharmaceuticals AG. In response to the Forfeiture Orders, and following his exhaustion of all appeals, Shkreli turned over the Phoenixus Shares.

[2] While the Picasso Engraving was referred to as a "Picasso painting" in the Forfeiture Orders, it was subsequently determined to be an engraving. In addition, the government never seized or recovered any amount from the Substitute Asset listed as "the album 'Tha Carter V' by Lil Wayne."

With respect to the Phoenixus Shares, given that the Forfeiture Judgment is now satisfied, there is no further need for the government to seek priority in the proceeds from any liquidation of Shkreli's interest in Phoenixus, as previously indicated in the letter the government filed on April 9, 2021. As this Court has already granted the turnover and appointment of a receiver to liquidate Shkreli's interest in Phoenixus, the government is prepared to submit a proposed order to the court in the Criminal Case to turn over the Phoenixus Shares in government custody to a receiver once one is appointed and authorized to accept the shares, or as this Court may otherwise direct. With respect to the Picasso Engraving, the government is prepared to make that available for inclusion in the liquidation of assets sought in this proceeding. If the Picasso Engraving is not included in the liquidation of assets in this proceeding, the government will review its options, including the filing of an interpleader action or the return of the engraving to Shkreli.[3]

Also today, the government filed the enclosed letter in the Criminal Case to advise the court that the Forfeiture Judgment is now fully satisfied. The enclosed letter further advised the court that the government intends to make both the Phoenixus Shares and the Picasso Engraving available for turnover pursuant to this Court's orders in this proceeding, once a receiver is appointed and a decision is made whether to include the Picasso Engraving in the liquidation of assets.

We thank the Court for its consideration of this letter.

              Respectfully submitted,

              JACQUELYN M. KASULIS
              Acting United States Attorney
              Eastern District of New York

By:  /s/_____
    Laura D. Mantell
    Claire S. Kedeshian
    Assistant U.S. Attorneys
    (718) 254-6253/6051
    Laura.Mantell@usdoj.gov
    Claire.Kedeshian@usdoj.gov

Encl.
cc:  All Counsel of Record (by ECF)

---

[3] The United States Marshals Service continues to incur expenses for retaining custody of the Picasso Engraving.