**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOMAS P. KOESTLER,

                            Petitioner,

        v.

MARTIN SHKRELI,

                            Respondent.

Case No.: 16-CV-7175-AJN

### JOINT MEMORANDUM OF LAW OF RESPONDENT MARTIN SHKRELI AND NON-PARTY KANG HAGGERTY & FETBROYT LLC IN OPPOSITION TO PETITIONER THOMAS KOESTLER'S MOTION TO COMPEL JUDGMENT ENFORCEMENT DISCOVERY

Edward T. Kang
Kandis L. Kovalsky
KANG HAGGERTY & FETBROYT LLC
123 South Broad Street, Suite 1670
Philadelphia, PA 19109
Tele: (215) 525-5850
ekang@KHFlaw.com
kkovalsky@KHFlaw.com

*Counsel to Respondent Martin Shkreli and Non-Party Kang Haggerty & Fetbroyt LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     FACTUAL BACKGROUND ...................................................................... 1

        A.      The Koestler Judgment and Collection Efforts ............................ 1

        B.      Mr. Shkreli's Lack of Access to His Counsel ............................. 3

        C.      The FTC Action ......................................................................... 6

                i.      The Claims and Status of the Action ............................. 6

                ii.     Mr. Shkreli's Redacted Answer to the Amended Complaint .......................... 7

III.    ARGUMENT ............................................................................................. 8

        A.      The Motion to Compel Should be Denied Because Petitioner Failed to
                Comply with Federal Rule of Civil Procedure 37(a)(1), S.D.N.Y. Local
                Civil Rule 37.2, and the Individual Practices in Civil Cases of Judge Alison
                J. Nathan ................................................................................... 8

                i.      Federal Rule of Civil Procedure 37(a)(1) ...................... 8

                ii.     S.D.N.Y. Local Civil Rule 37.2 .................................... 11

                iii.    The Honorable Alison J. Nathan's Individual Practices in Civil Cases. ......... 12

        B.      Mr. Shkreli Requires More Time to Respond to the Shkreli Information
                Subpoena Because of His Lack of Access to Counsel. ................ 13

        C.      The Kang Information Subpoena is Invalid. ................................ 15

        D.      Petitioner's Request for Attorneys' Fees and Costs Should Be Denied
                Because Rule 37 Does Not Apply to Kang Haggerty and Because Petitioner
                Failed to Meet and Confer in Good Faith and Failed to Follow S.D.N.Y.
                Local Civil Rule 37.2 and the Court's Individual Practices ................ 18

IV.     CONCLUSION ......................................................................................... 21

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apex Oil Co. v. Belcher Co.*,
   855 F.2d 1009 (2d Cir. 1998) ................................................................................. 20

*Avent v. Solfaro*,
   210 F.R.D. 91 (S.D.N.Y. 2002) ......................................................................... 12, 18

*Big Apple Pyrotechnics v. Sparktacular Inc.*,
   No. 05 Civ. 9994, 2006 WL 587331 (S.D.N.Y. Mar. 8, 2006) ................................. 9

*CapRate Events, LLC v. Knoblock*,
   No. 17-CV-5907-NGG-SJB, 2018 WL 4378167 (E.D.N.Y. Apr. 18, 2018) ........................ 12

*Davis v. Speechworks Int'l, Inc.*,
   No. 03-CV-533S(F), 2005 WL 1206894 (W.D.N.Y, May 20, 2005) ...................................... 19

*Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*,
   No. 11-CV-1529 (KMW) (KNF), 2014 WL 3747160 (S.D.N.Y. July 3, 2014) ...................... 9

*Golub v. Trans Union LLC*,
   No. 07 Civ. 6308 (JGK) (DFE), 2008 WL 2117204 (S.D.N.Y. May 19, 2008) ...................... 20

*In re Aenergy, S.A.*,
   No. 19-mc-00542-VEC, 2020 WL 615108 (S.D.N.Y. Feb. 7, 2020) ...................................... 14

*In re AMR Corp.*,
   No. 11-15463 (SHL), 2013 Bankr. LEXIS 5785, at *728 (Bankr. S.D.N.Y. Oct. 21, 2013) ..... 7

*Jalayer v. Stigliano*,
   No. 10CV2285 (LDH) (AKT), 2016 WL 5477600 (E.D.N.Y. Sept. 29, 2016) ...................... 20

*Kregler v. City of New York*,
   770 F.Supp.2d 602 (S.D.N.Y. 2011) ...................................................................... 11

*Lehman v. Kornblau*,
   206 F.R.D. 345 (E.D.N.Y. 2001) ............................................................................ 17

*Lozano v. Peace*,
   No. CV 05-0174(SJF)(ETB), 2005 WL 1629644 (E.D.N.Y. 2005) ...................................... 20

*Madigan v. Bronstein*,
   No. 18-mc-61, 2018 WL 1768283 (S.D.N.Y. Apr. 12, 2018) ............................................ 16, 19

*Meadowbrook-Richman, Inc. v. Associated Fin. Corp.*,
   253 F.Supp.2d 666 (S.D.N.Y. 2003) ...................................................................... 11

*Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*,
  No. 96 Civ. 7590, 1998 WL 67672 (S.D.N.Y. Feb. 18, 1998) ...................................... 9, 10, 11

*R.F.M.A.S., Inc. v. So*,
  271 F.R.D. 13 (S.D.N.Y. 2010) ................................................................................ 20

*Reyes v. Wenrlich*,
  No. 14-CV-6338G, 2017 WL 1176085 (W.D.N.Y. Mar. 30, 2017).................................. 18, 20

*Sabol v. Brooks*,
  469 F.Supp.2d 324 (D. Md. 2006) ............................................................................ 17

*Schneider v. National Railroad Passenger Corp.*,
  72 F.3d 17 (2d Cir. 1995).................................................................................... 15, 17

*Soundkillers LLC v. Young Money Entm't, LLC*,
  No. 14CV7980 (KBF) (DF), 2016 WL 4990257 (S.D.N.Y. Aug. 2, 2016) ...................... 16, 20

*Tri-Star Pictures, Inc. v. Unger*,
  171 F.R.D. 94 (S.D.N.Y. 1997) .............................................................................. 10

*U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*,
  270 F.R.D. 136 (E.D.N.Y. 2010) ....................................................................... 9, 10, 19

*United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave.*,
  55 F.3d 78 (2d Cir. 1995)...................................................................................... 14

*United States v. Sachakov*,
  812 F.Supp.2d 198 (E.D.N.Y. 2011) ........................................................................ 14

*Velasquez v. Kiner's Corner LLC d/b/a Two Boots Hell's Kitchen & George Papadopoulos*,
  No. 18CIV10969(CM)(KNF), 2020 WL 6151110 (S.D.N.Y. Oct. 19, 2020)......................... 19

**Statutes**

15 U.S.C. § 1 ....................................................................................................... 6

28 U.S.C. § 1927................................................................................................... 20

28 U.S.C.A. § 702 ................................................................................................ 15

**Rules**

Fed. R. Civ. P. 1 .................................................................................................. 13

Fed. R. Civ. P. 33................................................................................................. 17

Fed. R. Civ. P. 37....................................................................... 8, 12, 13, 18, 19, 20, 21

Fed. R. Civ. P. 45 ............................................................................................ 15, 16, 17, 19, 20

Fed. R. Civ. P. 69(a)(2) ................................................................................................... 15

Individual Practices in Civil Cases of Alison J. Nathan, United States District Judge,
    Section II.C ...................................................................................................... 12, 13

Individual Practices in Civil Cases of Alison J. Nathan, United States District Judge,
    Section III.A .......................................................................................................... 13

Maryland Rule 2-633 ..................................................................................................... 17

New York Civil Practice Law (CPLR) § 5224 ...................................................... 16, 17

S.D.N.Y. Local Civ. Rule 37.2 ............................................................. 1, 8, 11, 12, 13, 18

**Other Authorities**

9B Carmody-Wait 2d, *Enforcement of Judgments* § 64:309 ....................................... 16

David D. Siegel & Patrick M. Connors, N.Y. Prac. § 509 (6th ed. 2011) .................... 16

Wright & Miller § 3012 .................................................................................................. 15

Respondent Martin Shkreli and Non-Party Kang Haggerty & Fetbroyt LLC ("Kang Haggerty"), through their undersigned counsel, submit this Memorandum of Law in Opposition to Petitioner's Motion to Compel Judgment Enforcement Discovery (the "Motion to Compel").

## I.   PRELIMINARY STATEMENT

This Motion to Compel is premature and should be denied because Petitioner failed to comply with Federal Rule 37(a)(1), Local Civil Rule 37.2, and the Court's Individual Practices in Civil Cases. It is well-established that before filing a motion to compel discovery, the movant must meet and confer and certify to the court that these efforts were undertaken in good faith and were unsuccessful. Petitioner did not meet and confer with either Mr. Shkreli or Kang Haggerty regarding the discovery disputes raised in the Motion to Compel. To the contrary, Petitioner never even requested to meet with Kang Haggerty (or Mr. Shkreli) to discuss the information subpoenas directed to each, even though Kang Haggerty raised multiple concerns with Petitioner, including Mr. Shkreli's lack of access to his counsel, the applicability of the attorney-client privilege to the information sought from Kang Haggerty, as well as the legal insufficiency of the information subpoena served on Kang Haggerty. Notwithstanding these concerns, Petitioner filed the Motion to Compel, which is based, in large part, on Petitioner's speculation and perhaps misunderstanding of irrelevant developments in a separate action brought by the Federal Trade Commission and other plaintiff states against Mr. Shkreli and other defendants. Petitioner's ignorance of multiple rules warrants a denial of the Motion to Compel.

## II.   FACTUAL BACKGROUND

### A.   The Koestler Judgment and Collection Efforts

On September 14, 2016, Petitioner initiated this instant action through the filing of a Petition to Confirm Arbitration Award and Enter Judgment. ECF No. 1. On February 6, 2017, an

Order and Judgment in the principal amount of $2,614,930 was entered in favor of Petitioner and against Respondent (the "Koestler Judgment"). ECF No. 22. For three years thereafter, there was no substantive activity in this matter, and the case was administratively closed.

On February 20, 2020, Petitioner sought to re-open the case. ECF No. 28. On March 2, 2020, the Court denied Petitioner's request without prejudice. ECF No. 29.

On June 3, 2020, Petitioner issued information subpoenas directed to Kang Haggerty (the "Kang Information Subpoena"), to Mr. Shkreli at FCI Allenwood Low[1] (the "Shkreli Information Subpoena"), and to at least 30 other non-parties. *See* Declaration of Kandis L. Kovalsky ("Kovalsky Declaration"), attached as **Exhibit 1**, ¶¶ 6-7, 10. Kang Haggerty received the Kang Information Subpoena on June 11, 2020. *Id.*, ¶ 4. The Shkreli and Kang Information Subpoenas seek broad categories of information. *See* Petitioner MOL, Exs. K, L. Specifically, the Shkreli and Kang Information Subpoenas seek information dating back to November 1, 2015, which predates the Koestler Judgment by 1.5 years. *See id.* By way of further example, the Shkreli and Kang Information Subpoenas seek not only information about Mr. Shkreli but also the identities of any owners (shareholders or otherwise) and their ownership interests in these companies:  Retrophin, Inc.[2]; Vyera Pharmaceuticals, LLC; Phoenixus AG; Prospero Pharmaceuticals, LLC; and Seelos Therapeutics, Inc.  *See id.*, Ex. K, ¶ 11; Ex. L, ¶ 12.

On August 8, 2020, at Kang Haggerty's request, Petitioner provided Kang Haggerty with a copy of what had been purportedly served on Mr. Shkreli, including the Shkreli Information

---

[1] Mr. Shkreli is incarcerated at FCI Allenwood Low in Allenwood, Pennsylvania.

[2] Retrophin, Inc. is a public company trading on NASDAQ under the ticker "RTRX." Mr. Shkreli founded Retrophin in 2011 and took the company public in 2012. Mr. Shkreli left Retrophin in October 2014.

Subpoena, as well as a copy of each of the information subpoenas served on the other non-parties. The package Petitioner had directed to Mr. Shkreli was apparently hundreds of pages.

Upon receiving the Shkreli Information Subpoena and the other documents, Mr. Shkreli did not understand what his legal rights were or the import of the Shkreli Information Subpoena. Mr. Shkreli is unable to return the Shkreli Information Subpoena to Petitioner without first consulting with a lawyer. As set forth below in Section II.B, Mr. Shkreli has not had an opportunity to confer with a lawyer from prison about the Shkreli Information Subpoena due to the restrictions imposed by the global COVID-19 pandemic.

On October 8, 2020, without having met and conferred with Mr. Shkreli or Kang Haggerty about the Shkreli Information Subpoena or the Kang Information Subpoena (Ex. 1, ¶¶ 11, 13), Petitioner filed the instant Motion to Compel. ECF No. 30.

B.   **Mr. Shkreli's Lack of Access to His Counsel**

Mr. Shkreli has been incarcerated since September 13, 2017. *Id.*, ¶ 14. Mr. Shkreli is currently living at FCI Allenwood Low in Allenwood, Pennsylvania. *Id.*, ¶ 15. FCI Allenwood Low is approximately 166 miles from Kang Haggerty's offices in Philadelphia and approximately 177 miles from the Daniel Patrick Moynihan United States Courthouse in Manhattan. *Id.*, ¶ 16. As of now, according to the Bureau of Prisons (BOP), Mr. Shkreli is scheduled to be released from federal custody on September 14, 2023. *Id.*, ¶ 18. *See also* https://www.bop.gov/inmateloc/ (last visited October 30, 2020).

Nobody from Kang Haggerty has seen Mr. Shkreli since November 22, 2019. *Id.*, ¶ 19. FCI Allenwood Low was closed to visitors, including attorneys, from January 17, 2020 to February 14, 2020 because of a norovirus outbreak. Ex. 1, ¶ 20. On March 13, 2020, FCI Allenwood Low suspended all visitations, including legal visitations, in response to the global COVID-19

pandemic and the President of the United States' declaration of a national emergency. *Id.*, ¶ 21. Mr. Shkreli has not had any social or legal visits since before March 13, 2020. *Id.*, ¶ 22. Mr. Shkreli's counsel from Duane Morris LLP in the FTC Action, as defined and described below, have never met him. *Id.*, ¶ 24. Mr. Shkreli's counsel from Brafman & Associates, P.C. and Seward & Kissel LLP in the SEC Action, as defined below, have not seen Mr. Shkreli in 2020. *Id.,* ¶ 25.

It is FCI Allenwood Low's general procedure to only provide a 15-minute legal call if there is an "urgent, and imminent court date." *See* Email between K. Kovalsky and BOP dated April 9, 2020 attached as **Exhibit 2**. While exceptions are made by the BOP from time to time, Mr. Shkreli cannot readily confidentially access his counsel at Kang Haggerty or otherwise. Ex. 1, ¶ 26; Ex. 2. Further, when Mr. Shkreli is granted legal calls by the BOP, even though Mr. Shkreli either is or recently was, a party to other civil actions, in some of which Kang Haggerty represents him,[3] it has been necessary for the legal calls to be dedicated primarily to the FTC Action, a complex, fast-tracked litigation matter (as Petitioner states), as described further below in Section II.C, as well as a pending action against Mr. Shkreli and other defendants brought by the Securities and Exchange Commission (SEC). *See S.E.C. v. Martin Shkreli et al.*, United States District Court for the Eastern District of New York (Brooklyn), No. 1:15-cv-07175-KAM-RML (the "SEC Action").

As the recent filings and court orders in the SEC Action indicate, Mr. Shkreli's lack of access to counsel has significantly affected the progress of that matter, which has been pending since 2015. For example, on August 7, 2020, Mr. Shkreli's counsel advised the court as follows:

> Since the parties' June 8, 2020 Joint Status Report, Mr. Shkreli's counsel were able to secure a single legal call with Mr. Shkreli, for approximately two hours, on July 23, 2020, with the amount of time

---

[3] *See e.g., Martin Shkreli v. Lee Yaffe*, United States District Court for the Eastern District of New York (Brooklyn), Case No. 1:19-cv-5084 (dismissed February 20, 2020) and *George Yaffe v. Murphy Group CNY PLLC and Kang Haggerty & Fetbroyt LLC*, Supreme Court of the State of New York, County of New York, Index No. 159632/2019 (dismissed February 14, 2020).

> divided between Mr. Shkreli's counsel in this case and Mr. Shkreli's counsel in *Federal Trade Commission v. Vyera Pharmaceuticals, LLC*, No. 1:20-cv-00706-DLC (S.D.N.Y). We remain uncertain as to when it will be safe or permitted for Mr. Shkreli to have legal visits. Counsel for Mr. Shkreli are very appreciative of the efforts of FCI Allenwood-Low to meet the demand for legal calls with inmates. Accordingly, despite best efforts by Counsel and FCI-Allenwood Low, there continue to be long intervals between opportunities to confer with Mr. Shkreli.

SEC Action, ECF No. 39, attached as **Exhibit 3**.

Based on the argument cited above, the court in the SEC Action granted the parties' request for an extension of 60 days. *See* SEC Action, Scheduling Order dated August 10, 2020. On October 13, 2020, the court acknowledged "the challenges posed by COVID-19" and granted the parties another extension in the amount of four weeks. SEC Action, Scheduling Order dated October 13, 2020.

As a result of the restrictions on Mr. Shkreli's access to his counsel, which have been greatly exacerbated by the global COVID-19 pandemic, it has been necessary to dedicate the confidential time Mr. Shkreli does secure with his counsel to discussing the FTC Action, which is moving at a rapid pace (as Petitioner correctly acknowledges), as well as the SEC Action. Ex. 1, ¶ 27. On July 31, 2020, Ms. Kovalsky explained the issue of Kang Haggerty's lack of access to Mr. Shkreli to Petitioner's counsel and provided the following information about FCI Allenwood Low: "There are no visitations permitted at federal correctional facilities because of the pandemic and because of that, the prisons are inundated with requests for legal calls, which are only granted upon a showing of an imminent court date, with priority given to criminal cases." *Id*., ¶ 8.

C.     **The FTC Action**

i.     The Claims and Status of the Action

On January 27, 2020, the Federal Trade Commission (FTC) and the State of New York filed a civil antitrust action in the United States District Court for the Southern District of New York against Vyera Pharmaceuticals, LLC ("Vyera"), Phoenixus AG, Martin Shkreli, and Kevin Mulleady for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1, and alleged violations of New York's Donnelly Act and Executive Law (the "FTC Action"). The FTC Action is docketed at No. 1:20-cv-00706-DLC and is before the Honorable Judge Denise L. Cote. On April 14, 2020, the States of California, Illinois, North Carolina, Ohio, and the Commonwealths of Pennsylvania and Virginia joined as plaintiffs in the FTC Action, and an Amended Complaint was filed in which additional claims were asserted against the defendants under the various plaintiff states' laws. FTC Action, ECF No. 86.

The FTC Action is extraordinary litigation. The FTC Action represents the first time the FTC has asserted a monopoly maintenance claim under Section 2 of the Sherman Act against an individual. The FTC and the plaintiff states seek various forms of relief against Mr. Shkreli, including "[t]hat [Mr.] Shkreli … [be] permanently enjoined from owning in part or whole or working for a company engaged in the pharmaceutical industry." FTC Action, ECF No. 86 at 77, ¶ 15. As Petitioner correctly states, the FTC Action is "extremely active and proceeding on a fast track." ECF No. 30 at 8. To date, 110 subpoenas, which include foreign discovery subpoenas, have already been issued in the FTC Action. Ex. 1, ¶ 28. The parties have substantially completed the exchange of documents, and there will be up to 280 hours of on-the-record deposition time between mid-November and February 26, 2021, the deadline for fact discovery. FTC Action, ECF Nos. 74 (Pretrial Scheduling Order), 137, and 235.

ii.     Mr. Shkreli's Redacted Answer to the Amended Complaint

In his statement of the facts, Petitioner argues that there were "highly unusual circumstances" (Petitioner MOL at p. 4) regarding Mr. Shkreli's Answer to the Amended Complaint, specifically that Mr. Shkreli originally filed certain information regarding Mr. Shkreli's ownership in Phoenixus AG in unredacted form on the public docket, which was later redacted. Petitioner's suspicions are unfounded.

Phoenixus AG is a private company, and information about Mr. Shkreli's ownership stake (along with *any* shareholder's ownership stake) is confidential.[4] This information was appropriately redacted from the public in the initial complaint filed by the plaintiffs (FTC Action, ECF No. 4 at 11, ¶ 40) and also in later versions of the complaint. On February 18, 2020, the parties filed a Joint Motion to Seal Select Portions of the Complaint (FTC Action, ECF No. 38), pursuant to which a less-redacted version of the original complaint was filed. FTC Action, ECF No. 38. In this version of the complaint, the information about Mr. Shkreli's ownership stake in Phoenixus AG remained redacted. *Id*. at 12, ¶ 40. On February 19, 2020, the court granted the parties' Joint Motion to Seal. FTC Action, ECF No. 41. This information about Mr. Shkreli's ownership stake remained redacted from the public in the Amended Complaint – the operative complaint. FTC Action, ECF No. 86 at 14, ¶ 46 and ECF No. 91 at 14, ¶ 46. While the court has rejected the parties' sealing of information from the public in some other instances (FTC Action, ECF Nos. 261, 266), the court approved the sealing of information about Mr. Shkreli's ownership in Phoenixus AG from the public docket on multiple occasions. *See, e.g.*, FTC Action, ECF No. 90.

---

[4] *See In re AMR Corp.,* No. 11-15463 (SHL), 2013 Bankr. LEXIS 5785, at *728 (Bankr. S.D.N.Y. Oct. 21, 2013).

On September 15, 2020, Mr. Shkreli, Vyera, and Phoenixus AG filed their Answers to the Amended Complaint, which mistakenly did not seal certain information regarding Mr. Shkreli's ownership in Phoenixus AG from the public docket. After realizing this error, Mr. Shkreli, Vyera, and Phoenixus AG promptly sought to rectify it and, with the court's permission, to file new answers sealing this information from the public. FTC Action, ECF No. 287. The court promptly granted the relief sought by Mr. Shkreli, Vyera, and Phoenixus AG by ordering them to re-file public versions of their answers to the Amended Complaint and striking the previously filed versions at ECF Nos. 253 and 258.  FTC Action, ECF No. 288 (attached as Exhibit H to Petitioner MOL). Neither Mr. Shkreli nor Kang Haggerty is aware that the confidential information about Mr. Shkreli's ownership in Phoenixus AG has been published on the Internet (Ex. 1, ¶ 29), as Petitioner claims it has. *See* ECF No. 30 at 7.[5]

## III.   ARGUMENT

### A.   The Motion to Compel Should Be Denied Because Petitioner Failed to Comply with Federal Rule of Civil Procedure 37(a)(1), S.D.N.Y. Local Civil Rule 37.2, and the Individual Practices in Civil Cases of Judge Alison J. Nathan

#### i.   Federal Rule of Civil Procedure 37(a)(1)

Rule 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification

---

[5] Petitioner also relies on mischaracterizations of a protracted dispute between the FTC and Mr. Shkreli that has been ongoing for more than five months regarding Mr. Shkreli's TRULINCS (Trust Fund Limited Inmate Communication System) emails with his attorneys. This dispute is irrelevant to the Motion to Compel because the Kang Information Subpoena is invalid, as discussed below. Further, contrary to the FTC's contention that certain of Mr. Shkreli's attorneys are "business advisors," Mr. Shkreli effectively rebuffed this argument (FTC Action, ECF No. 276), and the court never made any findings on this issue (contrary to Petitioner's belief), let alone a finding that the FTC was correct. As stated in the attached Kovalsky Declaration, Mr. Shkreli never engaged Kang Haggerty to act as business advisors or business consultants. Ex. 1, ¶ 5.

that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In this context, "confer" has a specific meaning, which is "to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining … (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention." *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140 (E.D.N.Y. 2010) (citing *Big Apple Pyrotechnics v. Sparktacular Inc.*, No. 05 Civ. 9994, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006)). "The movant must provide evidence of its good faith efforts; a mere conclusory statement where the movant asserts he has fulfilled this requirement is insufficient." *U.S. Bancorp,* 270 F.R.D. at 140 (citing *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998)). "Under ordinary circumstances failure to meet and confer *mandates denial* of a motion to compel." *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529 (KMW)(KNF), 2014 WL 3747160, at *5 (S.D.N.Y. July 3, 2014) (emphasis added) (quoting *Prescient Partners*, 1998 WL 67672, at *2-3) (citation omitted)).

Here, Petitioner never once conferred, either on the telephone or in-person, with either Mr. Shkreli or Kang Haggerty about the Shkreli Information Subpoena or the Kang Information Subpoena.[6] Ex. 1, ¶¶ 11-13. Petitioner never even requested a phone call with Kang Haggerty (on behalf of itself or Mr. Shkreli) to discuss either of the Shkreli or Kang Information Subpoenas. *Id*.,

---

[6] While Petitioner's counsel did speak with Edward Kang of Kang Haggerty on the telephone on a few occasions, these discussions were solely limited to settlement discussions – not the issues raised in the instant Motion to Compel and the underlying Shkreli and Kang Information Subpoenas. Ex. 1, ¶ 12.

¶ 13. Petitioner's last email to Kang Haggerty, exclusive of settlement discussions, was on August 6, 2020 when Petitioner sent Kang Haggerty a copy of the Shkreli Information Subpoena and all of the information subpoenas and related documents that were sent to thirty other non-parties. *Id.*, ¶ 10.

Thereafter, Petitioner never requested to meet and confer with Kang Haggerty on the telephone, even though Kang Haggerty raised issues regarding the legal sufficiency of the Kang Information Subpoena, the application of the attorney-client privilege to the discovery sought, as well as its lack of access to their client, Mr. Shkreli, as described above in Section II.B. *Id.*, ¶¶ 8-9. To this end, on July 31, 2020, Ms. Kovalsky explained to Petitioner's counsel that "[t]here are no visitations permitted at federal correctional facilities because of the pandemic and because of that, the prisons are inundated with requests for legal calls, which are only granted upon a showing of an imminent court date, with priority given to criminal cases." *Id.*, ¶ 8.

Given that Kang Haggerty raised significant issues in connection with the Shkreli and Kang Information Subpoenas, including (1) Mr. Shkreli's lack of access to his counsel and (2) the attorney-client privilege (*Id.*, ¶¶ 8-9), Petitioner, at a minimum*,* was required to have one telephonic meet and confer with Kang Haggerty to discuss these concerns before filing the Motion to Compel. *See U.S. Bancorp,* 270 F.R.D. at 140 (citation omitted).

Petitioner then filed a Motion to Compel, which relies, in large part, on developments in the FTC Action that occurred after August 6, 2020. *See* Section II.C(ii), *supra*. Petitioner's certification of good faith (Scarola Declaration, ¶ 40) contains merely the exact boilerplate language courts reject as insufficient. *Prescient Partners,* 1998 WL 67672, at *2 (citing *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997)).

Petitioner provides no evidence (because there is none) of any efforts to schedule a telephone call with Kang Haggerty to discuss the Shkreli or Kang Information Subpoenas. While Petitioner may try to argue that any efforts to meet and confer with Kang Haggerty would have been futile, this subjective belief of Petitioner too must fail here, where neither Kang Haggerty nor Mr. Shkreli has any history in this matter of noncompliance with court orders or otherwise. *Prescient Partners*, 1998 WL 67672, at *3 (collecting cases excusing failure to meet and confer where there was a history of a respondent's noncompliance with court orders).

Petitioner's failure to engage in the meet and confer process – a bedrock of discovery in any case – with Kang Haggerty or Mr. Shkreli warrants a denial of the Motion to Compel. *See Prescient Partners,* 1998 WL 67672, at *4 (denying motion to compel where movant failed to fulfill the meet-and-confer prerequisites).

      ii.    <u>S.D.N.Y. Local Civil Rule 37.2</u>

The Southern District of New York Local Civil Rule 37.2 controls the mode of raising discovery disputes with the Court:

> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

S.D.N.Y. Local Civil Rule 37.2.

Where a movant disregards S.D.N.Y. Local Civil Rule 37.2 by filing a motion before requesting an informal conference with the court by letter motion, such noncompliant motions are routinely denied (particularly, like here, where the motions also disregard other rules). *Kregler v. City of New York*, 770 F.Supp.2d 602, 611 (S.D.N.Y. 2011); *Meadowbrook-Richman, Inc. v.*

*Associated Fin. Corp.*, 253 F.Supp.2d 666, 680 (S.D.N.Y. 2003); *Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002).

Here, Petitioner disregarded not only the Federal Rules of Civil Procedure but also the S.D.N.Y. Local Civil Rules, both of which are designed to promote efficiency and fairness in the litigation process. Like in the aforementioned cases, the Court should deny the Motion to Compel based on Petitioner's failure to follow S.D.N.Y. Local Civil Rule 37.2 in addition to not following Federal Rule of Civil Procedure 37(a)(1).

iii.    The Honorable Alison J. Nathan's Individual Practices in Civil Cases

Section II.C of the Individual Practices in Civil Cases of Judge Alison J. Nathan (the "Individual Practices") modifies the requirements of S.D.N.Y. Local Civil Rule 37.2 as follows:

> Parties must follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file a letter-motion, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred by telephone or in person and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, within two business days of the initial letter.

Individual Practices, Section II.C.

The procedure set forth in Section II.C of the Court's Individual Practices is similar to the procedure many judges in the Southern District (and the Eastern District) of New York mandate in their policies and procedures. Where movants disregard the court's specific practices, policies, or procedures, courts will deny the relief sought. *See e.g., CapRate Events, LLC v. Knoblock*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *1-3 (E.D.N.Y. Apr. 18, 2018) (denying motion to compel "for failure to comply with the relevant Rules and the Court's Individual Practices.").

12

Here, in violation of the Court's Individual Practices, Petitioner never requested a conference with the Court. *See* Individual Practices, Section III.A (pre-motion conferences are required in disputes concerning discovery). Likewise, Petitioner never filed a letter-motion. In addition to denying Mr. Shkreli and Kang Haggerty the opportunity to resolve the disputes raised in the Motion to Compel at a conference or through short letters, Petitioner also denied Mr. Shkreli and Kang Haggerty the benefit of a meet-and-confer process. Because the meet-and-confer process never occurred, Petitioner did not make the representation the Court requires under its Individual Practices – the representation "that the meet-and-confer process occurred by telephone or in-person and was unsuccessful." Individual Practices, Section II.C.

Petitioner's ignorance of Federal Rule of Civil Procedure 37(a)(1), S.D.N.Y. Local Civil Rule 37.2 and the Court's Individual Practices (collectively, the "Rules") runs afoul not only of these Rules but also of Federal Rule of Civil Procedure 1, which requires the parties in any case to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. By forcing Mr. Shkreli and Kang Haggerty to respond to a filing totaling 309 pages with exhibits (ECF No. 35), particularly where Mr. Shkreli is incarcerated during a global pandemic, Petitioner denied the parties, Kang Haggerty, and the Court with a means to efficiently and expeditiously adjudicate this discovery dispute. For all these reasons, the Motion to Compel should be denied.

**B.     Mr. Shkreli Requires More Time to Respond to the Shkreli Information Subpoena Because of His Lack of Access to Counsel**

As a result of the ongoing global COVID-19 pandemic, upon receiving the Shkreli Information Subpoena in June 2020, Mr. Shkreli has been unable to confer with Kang Haggerty, or any attorney, to discuss his response. As described above in Section II.B, despite representing him in the FTC Action, a complex and active matter, neither Kang Haggerty nor Duane Morris has

seen Mr. Shkreli since the action was filed on January 27, 2020. Ex. 1, ¶¶ 19, 24. Shortly after FCI

Allenwood Low reopened for visitations after being closed due to a norovirus outbreak, all federal

correctional institutions were closed because of the COVID-19 pandemic on March 13, 2020. *Id.*,

¶ 22. Mr. Shkreli's inability to regularly access his counsel has been well documented in both the

FTC and SEC Actions. *See* Exs. 2, 3. In the FTC Action, Mr. Shkreli's counsel has raised the issue

on many occasions and, for example, described the challenges in a June 22, 2020 Letter to the

FTC:

> FCI Allenwood Low, like all federal prisons, has been closed to
> visitors for months, and will likely be closed for many months to
> come. Because of the pandemic and a previous norovirus outbreak
> at FCI Allenwood Low, resulting in a similar prolonged lockdown
> in January and February 2020, Mr. Shkreli's attorneys have not been
> able to visit him, even once, since the filing of this action on January
> 27, 2020.

**Exhibit 4**, attached, at p. 12. *See also* FTC Action, ECF No. 271 at 2 n.3.

Given the restrictions on Mr. Shkreli's access to his counsel, if the Court at this stage grants

Petitioner relief regarding the Shkreli Information Subpoena, Mr. Shkreli requests that the Court

grant him a period of ninety (90) days to respond to the Shkreli Information Subpoena. *See, e.g.,*

*In re Aenergy, S.A.,* No. 19-mc-00542-VEC, 2020 WL 615108, at *1 (S.D.N.Y. Feb. 7, 2020);

*United States v. Sachakov*, 812 F.Supp.2d 198, 206 (E.D.N.Y. 2011) (noting that federal courts

have "broad discretion" to "fashion [] appropriate remedies in both civil and criminal matters.");

*United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave.*, 55 F.3d 78,

80 (2d Cir. 1995) (same).  Since his attorneys will unlikely be able to visit with him anytime in

2020, or the near future (with COVID-19 cases on the rise again),[7] Mr. Shkreli and Kang Haggerty

---

[7] On October 29, 2020, the United States recorded more than 89,000 new cases of COVID-
19, marking a new single-day record high for the country. *See* (cont'd)

will have to communicate about the Shkreli Information Subpoena by legal mail, which is transmitted by the United States Postal Service (USPS), as well as on legal calls, if and when they are granted. And, even when Mr. Shkreli is able to obtain legal calls, the FTC Action, which is now entering into a phase where dozens of depositions (280 hours of on-the-record time) will occur between now and February 26, 2021, always has a number of items that *must* be discussed with Mr. Shkreli, as does the SEC Action, in which there have been numerous extensions already granted by the court.

### C. <u>The Kang Information Subpoena is Invalid</u>

FRCP 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located."  Rule 69(a) "adopts state procedures for execution only to the extent that they do not conflict with any applicable 'statute of the United States.'" *Schneider v. National Railroad Passenger Corp.*, 72 F.3d 17, 19 (2d Cir. 1995). "This term ['statute of the United States'] includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes." *Id.* (citing 28 U.S.C.A. § 702). "Thus, under Rule 69(a) 'if there is an applicable federal statute, it is controlling, as is also any relevant Civil Rule, since those rules have the force of a statute.'" *Id.* (quoting Wright & Miller § 3012).

Here, Petitioner purports to serve the Kang Information Subpoena pursuant to Federal Rule of Civil Procedure 45 so as to afford himself the benefit of the 100-mile radius rule. Petitioner MOL at p. 14. But, Petitioner's application of Rule 45 to the Kang Information Subpoena is

---

(cont'd) https://www.washingtonpost.com/nation/2020/10/29/coronavirus-covid-live-updates-us/
(last visited October 30, 2020).

misplaced. The Kang Information Subpoena, like all New York information subpoenas (which are provided for in New York Civil Practice Law (CPLR) § 5224), is "a nonjudicial subpoena." *Soundkillers LLC v. Young Money Entm't, LLC*, No. 14CV7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). Further, although an information subpoena "bears the impressive caption of 'subpoena,' it is, in essence, just a set of questions asked and answered by mail. It is analogous to the interrogatories met in pretrial disclosure." 9B Carmody-Wait 2d, *Enforcement of Judgments* § 64:309. *See also* David D. Siegel & Patrick M. Connors, N.Y. Prac. § 509 (6th ed. 2011) ("All [the information subpoena] really is, though, is a set of interrogatories sent and answered by mail…").

It is also evident from its face that the Kang Information Subpoena is *not* a Rule 45 judicial subpoena. *See* Petitioner MOL, Ex. L. For example, Rule 45 requires any subpoena to "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." FRCP 45(a)(1)(A)(iii). In other words, Rule 45 only provides for a witness's (1) testimony and (2) production of documents and ESI. *Id*. Rule 45 does *not* provide for the production of written responses to written questions (i.e., interrogatories). Further, Rule 45 requires that a subpoena "set out the text of Rule 45(d) and (e)." FRCP 45(a)(1)(A)(iv). *See also Madigan v. Bronstein*, No. 18-mc-61, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018) (a subpoena that does not follow FRCP 45(a)(1)(A)(iv) is "procedurally deficient").

Here, the Kang Information Subpoena is deficient under Rule 45 both because it seeks the production of written responses to written questions (i.e., interrogatories) and because it does not

include the text of Rule 45(d) and (e). The Kang Information Subpoena is not actually a subpoena at all, despite its title, but a set of interrogatories in aid of execution, which are governed by Rule 33.[8] Interrogatories, unlike Rule 45 subpoenas, may only be served on a *party.* FRCP 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories,[9] including all discrete subparts…"). *See also Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Any interrogatories … served on non-parties are a nullity. Discovery of non-parties must be conducted by subpoena pursuant to Fed.R.Civ.P. 45").

Since Kang Haggerty is not a party to this matter, it cannot be served with interrogatories in aid of execution. *See* FRCP 33, 45. Petitioner's reliance on a single case from the United States District Court for the District of Maryland is misplaced. *See* Petitioner MOL at p. 15 (citing *Sabol v. Brooks*, 469 F.Supp.2d 324 (D. Md. 2006)). In *Sabol*, the court did not hold that Rule 45 applies to a nonjudicial state collection tool, like an information subpoena. Rather, the case involved a subpoena for testimony at a deposition from a non-party, and the question before the court was whether the non-party could be subpoenaed to appear for an examination pursuant to Maryland Rule 2-633. *Id*. at 327. Notably, the court did not address the issue of interrogatories to a non-party at all, even though Maryland Rule 2-633(a) provides for a judgment creditor to obtain discovery in aid of enforcement through depositions, *interrogatories*, and requests for documents. *Id.* at 328.

---

[8] To the extent Rule 33 conflicts with CPLR § 5224, Rule 33 governs. *See Schneider*, 72 F.3d at 19.

[9] Although not the subject of argument here, Petitioner propounded more than 25 written interrogatories, including subparts, on both Mr. Shkreli and Kang Haggerty, even though Rule 33 controls here over state law. *See Schneider*, 72 F.3d at 19.

For all these reasons, the Motion to Compel on the merits as to the Kang Information Subpoena fails.

### D. Petitioner's Request for Attorneys' Fees and Costs Should Be Denied Because Rule 37 Does Not Apply to Kang Haggerty and Because Petitioner Failed to Meet and Confer in Good Faith and Failed to Follow S.D.N.Y. Local Rule 37.2 and the Court's Individual Practices

Petitioner seeks to recover from Mr. Shkreli and Kang Haggerty his attorneys' fees and costs under Federal Rules 37(a)(5)(A) and 37(d)(3). This relief should be denied for many reasons.

At the outset, this request should be denied because it fails to comply with S.D.N.Y. Local Civil Rule 37.2, which requires that before any motion is brought pursuant to Rule 37 (or any of Rules 26-37), that counsel for the moving party first request an informal conference with the court. S.D.N.Y. Local Civ. Rule 37.2. Here, Petitioner did not do this. This failure of Petitioner alone should end this inquiry. *See Avent*, 210 F.R.D. at 95.

Petitioner cannot recover expenses under Rule 37(a)(5)(A) where he filed the Motion to Compel before satisfying his obligation to meet and confer in good faith, as well as other obligations under the S.D.N.Y. Local Civil Rules and the Court's Individual Practices, as explained above in Section III.A. *See* FRCP 37(a)(5)(A)(i) ("the court *must* not order th[e] [payment of expenses] if … the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action") (emphasis added); FRCP 37(a)(5)(A)(iii) ("the court *must* not order th[e] [payment of expenses] if … other circumstances make an award of expenses unjust") (emphasis added); *see also Reyes v. Wenrlich*, No. 14-CV-6338G, 2017 WL 1176085, at *7 (W.D.N.Y. Mar. 30, 2017) (denying a request for costs under Rule 37(a)(5)(A) where the movant did not make a good faith effort to resolve the discovery disputes before filing the motion).

As explained above in Section III.A, Petitioner's failure to request a telephonic meet and confer with Mr. Shkreli or Kang Haggerty, as well as the dearth of evidence in his certification, fail to satisfy his obligation to confer in good faith. *See U.S. Bancorp,* 270 F.R.D. at 140. Even when there are much more robust efforts involved in resolving a discovery dispute and efforts that satisfy the good faith standard, courts still decline to impose sanctions under Rule 37(a)(1). *See e.g., Velasquez v. Kiner's Corner LLC d/b/a Two Boots Hell's Kitchen & George Papadopoulos*, No. 18CIV10969(CM)(KNF), 2020 WL 6151110, at *3 (S.D.N.Y. Oct. 19, 2020). It would be particularly unjust to award Petitioner's expenses here where Petitioner was supposed to, in addition to having a telephonic meet and confer, first request both a conference and file a short letter with the Court before filing the instant Motion to Compel. *See* FRCP 37(a)(5)(A)(iii). By failing to engage in the meet-and-confer and pre-motion processes, Petitioner forewent the opportunity to narrow the issues and reduce the costs of litigation. Petitioner should not now be awarded fees and costs that were incurred, if at all, because of his ignorance of the Rules.

Additionally, Petitioner cannot seek any relief under Rule 37(a)(5)(A) as to Kang Haggerty, even if he had met his obligation to meet and confer in good faith. Rule 37(a)(5)(A) only applies to a "party" or "deponent," and Kang Haggerty is neither. *See* FRCP 37(a)(3)(A)-(B), 37(a)(5)(A). Further, Rule 37(a)(5)(A) does not apply to motions to compel compliance with a subpoena under Rule 45, which is how Petitioner has styled his argument.[10] *See id. See also Madigan v. Bronstein*, No. 18MC61, 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018) (holding that reliance on Rule 37 as a basis for a motion to compel compliance with a non-party subpoena is misplaced and deficient); *Davis v. Speechworks Int'l, Inc.*, No. 03-CV-533S(F), 2005 WL

---

[10] Even though the Kang Information Subpoena is not a Rule 45 subpoena, Rule 45 is the only rule under which Petitioner can compel discovery of non-parties. As such, Rule 37 is inapplicable to Kang Haggerty.

1206894, at *5 (W.D.N.Y, May 20, 2005) (noting that "[Rule 37] does not apply to a motion to compel compliance with a subpoena pursuant to [Rule 45]"); *Jalayer v. Stigliano*, No. 10CV2285 (LDH) (AKT), 2016 WL 5477600, at *3 (E.D.N.Y. Sept,. 29, 2016) (Rule 37(a)(5) "does not apply to a motion to compel compliance with a subpoena pursuant to Fed. R. Civ. P. 45.") (internal citation and quotation omitted).

Similarly, Petitioner cannot recover expenses in the form of sanctions under Rule 37(d), which has the same certification requirement as Rule 37(a), for all the foregoing reasons. *See* FRCP 37(d)(1)(B); *see also R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 43 n.106 (S.D.N.Y. 2010).

Petitioner's request for costs under Rule 37 also fails because he has not demonstrated his costs or expenditures. *See Reyes*, 2017 WL 1176085, at *7; *Lozano v. Peace*, No. CV 05-0174 (SJF) (ETB), 2005 WL 1629644, at *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where plaintiff failed to demonstrate any cost expenditures).

Petitioner's passing reference to Federal Rule of Civil Procedure 45(e) is erroneous. As explained in Section III.C, the Kang Information Subpoena is not a Rule 45 judicial subpoena. *Soundkillers LLC v. Young Money Entm't, LLC*, No. 14CV7980 (KBF) (DF), 2016 WL 4990257, at *3. As such, Rule 45 is inapplicable to Kang Haggerty. Rule 45 is also inapplicable to Mr. Shkreli because he is the Respondent in this action.

If any fees or expenses are awarded relating to the instant motion, they should be Mr. Shkreli and Kang Haggerty's fees and expenses since Petitioner failed to satisfy his obligations under Rule 37(a)(1), S.D.N.Y. Local Civil Rules, and the Court's Individual Practices. "Failure to hold a good faith conference [under Rule 37(a)(1)] is ground[s] for the award of attorney's fees and other sanctions." *Golub v. Trans Union LLC*, No. 07 Civ. 6308 (JGK) (DFE), 2008 WL 2117204, at *1 (S.D.N.Y. May 19, 2008) (citing 28 U.S.C. § 1927; *Apex Oil Co. v. Belcher Co.*,

855 F.2d 1009, 1019-20 (2d Cir. 1998)). *See also* FRCP 37(a)(5)(B). This is particularly true with respect to Kang Haggerty because the Kang Information Subpoena is legally invalid.

## IV.   **CONCLUSION**

For all of the foregoing reasons, Mr. Shkreli and Kang Haggerty respectfully request that this Court deny the Motion to Compel. To the extent the Court enters an Order other than a denial of the Motion to Compel regarding the Shkreli Information Subpoena, Mr. Shkreli respectfully requests the Court allow him to have ninety (90) days to provide Petitioner with his response so that he can access and confer with his counsel.

Respectfully submitted,

*/s/ Kandis L. Kovalsky*
Edward T. Kang
Kandis L. Kovalsky
KANG HAGGERTY & FETBROYT LLC
123 South Broad Street, Suite 1670
Philadelphia, PA 19109
Tele: (215) 525-5850
ekang@KHFlaw.com
kkovalsky@KHFlaw.com

*Counsel for Respondent Martin Shkreli and Non-Party Kang Haggerty & Fetbroyt LLC*

Dated: October 30, 2020
    Philadelphia, PA