# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS P. KOESTLER,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>MARTIN SHKRELI,<br><br>　　　　　　　　Respondent. | Case No.: 16-CV-7175-AJN |

## DECLARATION OF KANDIS L. KOVALSKY

I, Kandis L. Kovalsky, under penalty of perjury hereby declare:

1. I am an adult individual, attorney, and member of the law offices of Kang Haggerty & Fetbroyt LLC ("Kang Haggerty") in Philadelphia, Pennsylvania.

2. I am a member in good standing of the bars of the State of New York, Commonwealth of Pennsylvania, and the State of New Jersey.

3. I submit this Declaration based on my personal knowledge and in support of the Joint Memorandum of Law of Respondent Martin Shkreli and Non-Party Kang Haggerty & Fetbroyt LLC in Opposition to Petitioner Thomas Koestler's Motion to Compel Judgment Enforcement Discovery.

4. I, along with other attorneys at Kang Haggerty, have represented and continue to represent Mr. Shkreli in a variety of legal matters, including both litigation and non-litigation matters.

5. Neither I nor anyone at Kang Haggerty have ever been engaged by Mr. Shkreli as a business advisor or a business consultant. Kang Haggerty and I have only been engaged by Mr. Shkreli to provide legal advice and representation.

6. On June 11, 2020, I signed for and received by certified mail an Information Subpoena with Restraining Notice directed to Kang Haggerty & Fetbroyt LLC that was dated June 3, 2020 (the "Kang Information Subpoena") at my office in Philadelphia.

7. Around this same time, Mr. Shkreli received an Information Subpoena with Restraining Notice dated June 3, 2020 directed to him (the "Shkreli Information Subpoena") at the prison where he is currently living, FCI Allenwood Low in Allenwood, Pennsylvania.

8. After receiving the Kang Information Subpoena, I exchanged emails with Richard Scarola from Scarola Zubatov Schaffzin PLLC ("Scarola Zubatov"), counsel to Petitioner Thomas Koestler, in which I explained that we did not have easy access to Mr. Shkreli. To this end, I explained: "There are no visitations permitted at federal correctional facilities because of the pandemic and because of that, the prisons are inundated with requests for legal calls, which are only granted upon a showing of an imminent court date, with priority given to criminal cases."

9. In the emails I exchanged with Mr. Scarola, regarding the Kang Information Subpoena, I also raised concerns about the application of the attorney-client privilege to the information sought and the legal sufficiency of the Kang Information Subpoena.

10. On August 6, 2020, Mr. Scarola provided me with copies of Information Subpoenas with Restraining Notices that were sent to Mr. Shkreli and thirty non-parties. All of the Information Subpoenas and Restraining Notices that were directed to the non-parties were also dated June 3, 2020. This is the last communication I had with anyone from Scarola Zubatov.

11. I have never spoken on the phone or in person to anyone from Scarola Zubatov.

12. My partner, Edward T. Kang, has spoken to Mr. Scarola on the telephone, but those discussions have been limited to settlement. Mr. Kang and Mr. Scarola never discussed the disputes over the Shkreli Information Subpoena or the Kang Information Subpoena.

13. Nobody from Scarola Zubatov ever requested a telephonic or in-person meet and confer regarding the Shkreli Information Subpoena or the Kang Information Subpoena.

14. Mr. Shkreli has been incarcerated since September 13, 2017.

15. Mr. Shkreli is currently living at FCI Allenwood Low in Allenwood, Pennsylvania.

16. FCI Allenwood Low is approximately 166 miles from Kang Haggerty's offices in Philadelphia.

17. FCI Allenwood Low is approximately 177 miles from the Daniel Patrick Moynihan United States Courthouse in Manhattan.

18. Mr. Shkreli is scheduled to be released from federal custody on September 14, 2023.

19. Nobody from Kang Haggerty has seen Mr. Shkreli since November 22, 2019.

20. From January 17, 2020 to February 14, 2020, FCI Allenwood Low was closed to visitors, including attorneys, because of a norovirus outbreak.

21. On March 13, 2020, FCI Allenwood Low suspended all visitations, including legal visitations, in response to the global COVID-19 pandemic and the President of the United States' declaration of a national emergency.

22. Mr. Shkreli has not had any social or legal visits since before March 13, 2020.

23. In the matter of *Federal Trade Commission (FTC) et al. v. Vyera Pharmaceuticals LLC et al.*, United States District Court for the Southern District of New York, No. 1:20-cv-00706-DLC (the "FTC Action"), in which Mr. Shkreli is a defendant, Mr. Shkreli is represented by Duane Morris LLP and Kang Haggerty.

24. Mr. Shkreli's attorneys from Duane Morris have never met him.

25. Mr. Shkreli's counsel from Brafman & Associates, P.C. and Seward & Kissel LLP, who represent him in the matter *S.E.C. v. Martin Shkreli et al.*, United States District Court for the Eastern District of New York (Brooklyn), No. 1:15-cv-07175-KAM-RML (the "SEC Action"), have not seen Mr. Shkreli in 2020.

26. It is difficult to schedule legal calls with Mr. Shkreli at FCI Allenwood Low, particularly during the ongoing COVID-19 pandemic, as the Bureau of Prisons (BOP) has limited resources and staff to accommodate these types of requests. I have had requests for legal calls denied by the BOP where they are not made in connection with an imminent court deadline.

27. When I have been able to arrange legal calls with Mr. Shkreli, they are primarily dedicated to discussing the FTC Action, which is very active and complex litigation in which the FTC and the plaintiff states are seeking to permanently enjoin Mr. Shkreli from "owning in part or whole or working for a company engaged in the pharmaceutical industry." FTC Action, ECF No. 86 at 77, ¶ 15.

28. In the FTC Action, at least 110 subpoenas have been issued by the parties, including foreign discovery subpoenas.

29. I am unaware that Mr. Shkreli's ownership stake and voting stake in Phoenixus AG has been published on the Internet. After a reasonable investigation, I remain unaware of the same.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Executed this 30th day of October 2020

Kandis L. Kovalsky