UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS P. KOESTLER,

                          Petitioner,

            -against-

MARTIN SHKRELI,

                       Respondent.

Civil No. 16-cv-7175 (AJN)

REPLY MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL JUDGMENT ENFORCEMENT DISCOVERY FROM
THE JUDGMENT DEBTOR MARTIN SHKRELI AND FROM
KANG HAGGERTY AND FETBROYT LLC

SCAROLA ZUBATOV SCHAFFZIN PLLC
*Attorneys for Petitioner Thomas P. Koestler*
1700 Broadway, 41st Floor
New York, NY  10019
Tel.:  (212) 757-0007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

*Preliminary Statement* ...................................................................................................................1

I.     MR. SHKRELI CAN AND SHOULD
       BE DIRECTED TO ANSWER...........................................................................................2

II.    THE KANG FIRM SHOULD
       BE DIRECTED TO ANSWER ...................................................................................5

III.   THERE HAS BEEN NO FAILURE TO
       SATISFY A "MEET AND CONFER" DUTY ..............................................................7

TABLE OF AUTHORITIES

**Cases**

*Black v. Buffalo Meat Serv., Inc.*,
   15CV49S, 2016 WL 4363506 (W.D.N.Y. Aug. 16, 2016)...........................................................8

*Dwarven Forge, LLC v. Whitaker*, 3:17-CV-2053 (VAB),
   2020 WL 3489407 (D. Conn. June 26, 2020)..............................................................................9

*Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Natl. Petroleum Corp.*,
   14CV8445, 2017 WL 3491975 (S.D.N.Y. Aug. 15, 2017) ..........................................................8

*Fleisher v. Phoenix Life Ins. Co.*, 11 CIV. 8405 CM JCF,
   2012 WL 6732905 (S.D.N.Y. Dec. 27, 2012) .............................................................................9

*McCulloch v. Hartford Life and Acc. Ins. Co.*,
   223 F.R.D. 26, 2004 WL 1700942 (D. Conn. 2004) ...................................................................9

*Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*,
   07CIV7983DABHBP, 2017 WL 4129644 & n.2 (S.D.N.Y. Sept. 18, 2017)...............................8

*S.E.C. v. Yorkville Advisors, LLC,*, 12 CIV. 7728 GBD HBP,
   2015 WL 855796 (S.D.N.Y. Feb. 27, 2015)................................................................................9

*Time Inc. v. Simpson*,
   02CIV4917MBMJCF, 2002 WL 31844914 (S.D.N.Y. Dec. 18, 2002) ......................................9

*UMB Bank, N.A. v. Sanofi*,
   15CIV8725GBDJCF, 2017 WL 3738457 (S.D.N.Y.  Aug. 10, 2017) ........................................8

*Universitas Educ., LLC v. Nova Group, Inc.*, 11 CIV. 1590 LTS HBP,
   2013 WL 57892 (S.D.N.Y. Jan. 4, 2013)....................................................................................6

*Yoon v. Celebrity Cruises, Inc.,*
   1999 WL 135222 (S .D.N.Y.1999)..............................................................................................9

**Statutes**

28 U.S.C. §1746.................................................................................................................................3

**Rules**

CPLR 5205 ........................................................................................................................................3

CPLR 5224 ................................................................................................................................. 2,5-6

FRCP 5.................................................................................................................................................6

FRCP 45................................................................................................................................... 5-6, 8

FRCP 69................................................................................................................................... 1, 5-7

FRCP 37................................................................................................................................... 7-8

## *Preliminary Statement*[1]

Satisfaction of this Court's judgments is not optional.  Judgment debtors are not free to evade them.  FRCP 69 affords judgment creditors broad discovery in aid of collection efforts.  But the opposition is written as if the issue presented did not involve an unsatisfied $2.6+ million judgment; rather, as a whole, it reads as if the judgment debtor were at the outset of contested, unresolved litigation with which he believes he should not be burdened.  That is not the case.  Mr. Shkreli plainly is engaged in extensive business activity, indicative of material assets.  Both Mr. Shkreli and the Kang Firm must comply fully with the information subpoenas at issue.

The Opposition (at p. 13) concedes that Mr. Shkreli received the judgment enforcement papers in June 2020.  The Opposition concedes tacitly (with no comment on the obvious) that Mr. Shkreli has not paid a penny of the $2.6+ owed since February 2017.  The Opposition itself identifies (at pp. 3-8) extensive, highly costly litigation and business activity by Mr. Shkreli, but with no information provided to this Creditor.  The Opposition concedes that Mr. Shkreli owns at least one significant asset — a part of a valuable company, Phoenixus, embroiled in hotly contested, costly litigation with the FTC — yet, with remarkable hubris, asserts: "information about Mr. Shkreli's ownership stake (along with *any* shareholder's ownership stake) is confidential." (Opposition at p. 7 (emphasis in original))  This is the stuff of a fantasyland.  The Creditor is entitled to information (and swift enforcement upon it).  Mr. Shkreli may not conceal his assets, while himself hiding behind his incarceration and ongoing charges by the FTC.

For the reasons discussed more fully below: (i) Mr. Shkreli can and should be ordered to (a) fully answer the information subpoena himself, and (b) authorize others to provide any

---

[1] The Reply Declaration of Richard J.J. Scarola dated November 6, 2020, is submitted with this Memorandum and is referred to here as "Reply Decl."  The capitalized terms used here are the defined terms and have the same meaning given them in Creditor's opening brief.  (ECF # 39)  The Judgment Creditor's opposition brief is referred to here as "Opp. Br." or "Opposition."

information he cannot supply readily himself (with a short timeframe); and (ii) the Kang Firm should be compelled to make disclosure (knowing, as it surely does, unprivileged information that would aid the Creditor's collection effort (by way of example, at the very least, sources of Mr. Shkreli's payments for its extensive work and all other Shkreli assets known to it)). As also discussed below, the Kang Firm was properly served with the information subpoena in issue, the Kang Firm has no blanket privilege to assert and there has been no failure to meet a requirement to attempt to resolve these issues by communication — by phone and otherwise.

I.

## MR. SHKRELI CAN AND SHOULD BE DIRECTED TO ANSWER

Ordinarily, a recipient of a CPLR 5224 judgment enforcement information subpoena writes answers as to inquiries on the forms provided and returns them to the judgment creditor's counsel by mail (as the papers instruct). It is a simple process. Mr. Shkreli most certainly *can* answer, and can do so without counsel. He has the written information subpoena questions, as his counsel concedes. He has sufficient intellect to write a response disclosing the details of his assets and can do so without counsel. If counsel had an objection, it could raise it now; though it has not raised one as to the requests for disclosure from Mr. Shkreli and there should be none given that this involves only judgment enforcement discovery.[2] Indeed, counsel's involvement in responding to judgment enforcement discovery raises a suspicion that the debtor plans not to

---

[2] The only arguable substantive "objection" made by the Kang Firm is that identification of other shareholders Retrophin, Inc., a company Mr. Shkreli apparently founded which is publicly traded, is requested. If it were raised as a proper objection (it has not been), the answer would be for Mr. Shkreli to provide such information as is actually known to him, notwithstanding that the entity is public — a matter of ongoing relevance given recently concluded litigation Mr. Shkreli has had with the company and its senior officers, and given Mr. Shkreli's long history with Retrophin, Inc., and his apparent misuse of its assets and shares as part of the events leading to his criminal conviction. Such information might well lead the Creditor to asset discovery.

be forthcoming and looks to hide assets, rather than pay the judgment. Mr. Shkreli answering requires only a pen taken to the papers sent to him and any additional blank pages he needs to answer truthfully and fully — all available at a prison. He does not even need to use the prison's notary services; he may declare his answers as true under 28 U.S.C. §1746. This is a simple task for a judgment debtor — following the rules. Mr. Shkreli can and should follow them now.

The exercise is even more simple because a judgment debtor has no basis to object to disclosure of any assets (or any information that will lead to collection) or to pick or choose as to what will be disclosed, and hence does not need counsel or advice to be truthful and complete.[3] The fact that Mr. Shkreli is a convicted felon, a target of FTC enforcement action and otherwise embroiled in legal trouble is not reason for him to be treated preferentially or for this Creditor to take a back seat to his other troubles. He may keep things such as his clothes and books worth $500. He may not keep ownership in valuable companies hidden from disclosure and execution.

The figurative elephant in the Opposition's living room is that Mr. Shkreli plainly has such substantial assets (and can readily identify them with particularity). Making this point even more clear (and urgent), on November 4, 2020, the FTC filed a letter in the FTC Case discussing Mr. Shkreli's apparent ongoing — and improper (see Scarola Decl., Ex. J) — activities in Phoenixus' wholly-owned subsidiary Vyera. (Reply Decl. Ex. A; FTC Case ECF #300) More, while substantial portions of the filing are heavily redacted, it discusses (i) Mr. Shkreli's use of his shareholding position in Phoenixus and perhaps other entities to satisfy debts he has arising from his Criminal Case and (ii) his other "business matters" (with details redacted). The FTC

---

[3] For example, as NY CPLR 5205 sets forth, a judgment debtor may only keep a small list of items, such as "stoves," "religious texts," "family photos," "books" with value less than $500, "wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor and the family; all prescribed health aids." CPLR 5205(a)(1)(2) and (5). All else is fair game for a judgment creditor.

3

allegations make even clearer the need this Creditor has to have Mr. Shkreli's full disclosure now.[4] These allegations — all while his counsel's Opposition takes great pains to explain Mr. Shkreli's other litigation defense efforts, and the ways in which they consume his limited time to speak with counsel, all as reasons, in substance, he is too busy to deal with the this Creditor's Judgment (*see, e.g.*, Opposition at p. 6) — shine a spotlight on the absurdity of the Shkreli failure to pay or disclose, and the fact that he apparently is still actively in control of substantial business assets and wealth — though perhaps imperiled assets. There is no impediment to Mr. Shkreli making disclosure except for picking up pen and paper, and the Court should compel him to do that now to protect this Creditor.[5] As to Mr. Shkreli, with his many financial interests and complex troubles, time is of the essence.

Mr. Shkreli's inconveniences by incarceration for felony crime or because he has drawn the FTC's enforcement attention are inconveniences he has brought upon himself. Satisfying this judgment is tantamount to a student facing a difficult homework assignment and ignoring it because it is not pleasant; this Court should order that, even more than the student, he ignores it at his peril. His interests take a back seat to the reasonable discovery inquiries of a judgment creditor. It turns the meaning of a judgment on its head for Mr. Shkreli to seek more delay — avoiding both payment and inquiry — because of his other problems.

---

[4] Mr. Shkreli's Phoenixus position — details of which are now redacted *post hac* from his and from the Phoenixus answers in the FTC case (*see* Scarola Decl., ¶ 8) — may itself satisfy this Creditor's Judgement once those details become known. It may or may not be sufficient. There may be other assets not yet disclosed by Mr. Shkreli that would satisfy the Judgment.
[5] The Creditor's opening brief identified other recent substantial Shkreli business and Shkreli-initiated litigation. For example, he sued Retrophin, Inc., and former colleagues in 2019 for $30+ million. (Scarola Decl., ¶ 10) Last year he also sued a person apparently entangled in Mr. Shkreli's Retrophin activity, Lee Yaffe, for substantial money damages against in the Eastern District: *Shkreli v. Yaffe*, 1:19-cv-05084 (MKB)(E.D.N.Y.).

4

For the sake of completeness, to the extent of any particularly identified information that Mr. Shkreli might disclose as something he cannot supply readily, he should be compelled to authorize its release by others (with a short timeframe).[6]

II.

## THE KANG FIRM SHOULD BE DIRECTED TO ANSWER

The Kang Firm's argues that a NY CPLR 5224 information subpoena may not be served upon it outside New York State. The Creditor's opening brief (pp. 14-15) anticipated and rebutted this contention, based on its pre-motion dialogue with the Kang Firm — *viz.*, FRCP 69 permits use of New York State judgment enforcement procedures and also a federal rule or statute "to the extent it applies," and FRCP 45(c) governing subpoenas allows service within 100 miles of the place of compliance (it is not disputed that 100-mile rule is met here).

Upon reviewing the Opposition, further research reveals exact on-point authority in the Southern District that the CPLR 5224 information was properly served upon the Kang Firm:

"There is no dispute that Rule 69 expressly authorizes Universitas, as a judgment creditor, to rely on federal discovery procedures, as well as on New York state discovery procedures, including information subpoenas. Fed.R.Civ.P. 69(a)(2) ('[T]he judgment creditor ... may obtain discovery ... as provided ... by the procedure of the state where the

---

[6] For the avoidance of doubt, the Creditor would not object to reasonable accommodation for Mr. Shkreli if in fact accommodations were needed. But no need has been shown. The substance of the Opposition is that Mr. Shkreli cannot sufficiently access his lawyers both because of the current pandemic and especially because of his other legal troubles. As discussed, however, he does not need them. More, they propose that he respond with their help, but not for 90 days (even though the information subpoena was served five month ago), and they make no assurance of complete disclosure, or any partial disclosure now. Further, having explained for pages their view that it is impossible for them to communicate with Mr. Shkreli, with the possible exception of mail, they do not explain how they, as counsel, will overcome the high hurdle they have described so as to prepare Mr. Shkreli's response. (Opposition at 14-15) The assertions of burden reflect remarkable hubris and belittle the force of a judgment of this Court. As discussed, Mr. Shkreli can and should answer. Nothing argued in opposition presents any reason that he cannot without special help or accommodation. In fact, it is submitted that it is all a smokescreen to avoid disclosure and judgment enforcement.

court is located'); N.Y. C.P.L.R. § 5224(a)(3)(i) (authorizing a judgment creditor to serve information subpoenas). However, with respect to the service of these state law discovery requests, the Federal Rules of Civil Procedure, not the C.P.L.R., controls. ... Rule 45 permits a subpoena to be served outside the district of the issuing court so long as the subpoena is served 'within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection.' Fed.R.Civ.P. 45(b)(2)(B). The method of service is governed by Rule 5 which permits service by mailing the subpoena to the person's last known address. Fed.R.Civ.P. 5(b)(2)(C).

"Here, service ... complied with the Federal Rules. Both [witnesses] were served at their places of residence in Connecticut. ... The information subpoenas served upon them require only written responses. They, therefore, do not require either [witness] to travel any distance to comply with the subpoenas, much less to travel outside of the 100 mile limit in Rule 45. Accordingly, service was valid under the Federal Rules ... ."

*Universitas Educ., LLC v. Nova Group, Inc.*, 11 CIV. 1590 LTS HBP, 2013 WL 57892, at *6–7

(S.D.N.Y. Jan. 4, 2013).

The Kang Firm identifies no case to the contrary and none addressing this issue at all. The Opposition argues instead that a CPLR 5224 subpoena should be deemed more like interrogatories than a subpoena. It cites no case holding that that is a distinction with a difference here, but also does not even advert to, much less answer, the logic of Creditor's argument (pp. 14-15 of the opening brief) that (i) he could unquestionably serve a full FRCP 45 subpoena *duces tecum* for a live deposition and document production at the Creditor's counsel's office on exactly the same issues in question, (ii) the Kang Firm would need to comply as it would be a subpoena it could not dispute is subject to the 100-mile rule of FRCP 45(c) and (iii) the CPLR 5224 information subpoena is a less burdensome discovery device for the recipient in every material respect. The Creditor thus argued and submits that the less burdensome CPLR 5224 inquiries — a subset of a Rule 45 subpoena *duces tecum* — should be held by this Court to be available for service in accordance with the Rule 45, as in *Universitas*.[7]

---

[7] In order to move ahead on all fronts, the Creditor will serve upon the Kang Firm a Rule 45 subpoena *duces tecum*. It is hoped that answers by the Kang Firm and payment by Mr. Shkreli — whether ordered by the Court or made voluntarily — will moot the need for that subpoena.

The Opposition briefly mentions the attorney-client privilege as an issue (at pp. 1, 10), but does not base its argument as to the information subpoena directed to it upon assertion of privilege (Opposition at pp. 15-17). To be clear, the Creditor seeks only information not privileged. Leaving aside the issues litigated in the FTC Case to the effect that Kang Firm communications may not be privileged (*see* Creditor's opening brief at 12-14), more broadly, it is beyond question that an attorney's mere possession of information pertaining to a client does not render it privileged. Only communications for the purpose of securing legal advice are privileged. The Creditor here does not seek such secrets from the Kang Firm, but only facts not privileged — the details of assets that might satisfy the Judgment.

III.

THERE HAS BEEN NO FAILURE TO SATISFY A "MEET AND CONFER" DUTY

The Opposition argues at length that there was insufficient "meet-and-confer" and similar communication before this motion was made. In fact, none was required, but more than enough to meet the FRCP standards was had in fact. This is a transparent and baseless effort at delay. As to what is required, the Opposition relies on FRCP 37(a)(1) and this Court's Local Civil Rule 37.2 and Individual Practices (§2.C). FRCP 37 is the final Rule within Title V of the Federal Rules which includes FRCP 26 through 37 addressed to the panoply of discovery issues that arise in contested, pre-judgment litigation. By contrast, this application is made to enforce the rights of a judgment creditor under FRCP 69 to obtain disclosures in aid of enforcing a judgment of this Court. The Rule 37 meet-and-confer duty applicable to Rules 26-36 disputes (addressing initial disclosures through expert issues) which the Opposition attempts to pose as an obstacle to reaching the merits of this application is inapplicable. Indeed, it is also wholly inapposite. As is typical of a post-judgment enforcement scenario, until the day before Opposition was filed by his

new/current counsel, Mr. Shkreli had no active counsel in this case (that had been closed since in or around February 2017 when judgment was entered and the case closed at that time (see ECF ##23, 24, 28, 29)). A meet-and-confer requirement for discovery disputes in contested litigation is a nonfit for efforts to obtain judgment enforcement and other non Rule 26-37 controversies. *Cf. Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 07CIV7983DABHBP, 2017 WL 4129644, at *2 & n.2 (S.D.N.Y. Sept. 18, 2017) (the court did not rule on this issue because it held any meet-and-confer would've been futile in any event) (noting that Rule 45 disputes have no meet-and-confer requirement); *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Natl. Petroleum Corp.*, 14CV8445, 2017 WL 3491975, at *2 (S.D.N.Y. Aug. 15, 2017) (same); *UMB Bank, N.A. v. Sanofi*, 15CIV8725GBDJCF, 2017 WL 3738457, at *2 (S.D.N.Y. Aug. 10, 2017) (same).

    This Creditor submitted a proposed Order to Show Cause with supporting papers, consistent with these circumstances, and this Court directed service and briefing. (ECF ## 35, 37) There is no reason in FRCP 37 or the related rules cited in the Opposition to delay reaching the merits of this application.

    But more, to the extent a meet-and-confer requirement is imported here, it was more than satisfied. The Creditor's counsel had extensive dialogue with the Kang Firm about various issues it articulated, which the Creditor's counsel rebutted in that dialogue, and which the Creditor's opening brief even took pains to set forth and rebut anticipatorily (at pp. 8-15).[8] Those communications were largely by email, which many courts find sufficient. *See , e.g., Black v. Buffalo Meat Serv., Inc.*, 15CV49S, 2016 WL 4363506, at *5 (W.D.N.Y. Aug. 16,

---

[8] As part of Creditor's application for costs, the Scarola Decl., ¶ 40, stated: "we made a good faith effort to confer or at least attempt to confer with Mr. Shkreli's counsel/the Kang Firm in an effort to obtain the disclosure at issue without court action. We believe we replied to all informal protests, but they ceased responding and did not comply with the disclosure requests at all."

2016), *enforcement granted,* 15CV49S, 2017 WL 1196469 (W.D.N.Y. Mar. 31, 2017), *on reconsideration,* 15CV49S, 2017 WL 2720080 (W.D.N.Y. June 23, 2017) (analyzing and collecting numerous cases on this issue); *see also Dwarven Forge, LLC v. Whitaker*, 3:17-CV-2053 (VAB), 2020 WL 3489407, at \*8 (D. Conn. June 26, 2020) (exchange of emails held sufficient); *McCulloch v. Hartford Life and Acc. Ins. Co.*, 223 F.R.D. 26, 32, 2004 WL 1700942 (D. Conn. 2004), *order clarified,* CIV. 3:01CV1115(AHN), 2004 WL 1688529 (D. Conn. Apr. 26, 2004) (exchange of letters sufficient); *Time Inc. v. Simpson*, 02CIV4917MBMJCF, 2002 WL 31844914, at \*2 (S.D.N.Y. Dec. 18, 2002) (meet-and-confer not required where not purposeful).

But in fact, as the Opposition concedes, there were contemporaneous telephone calls. (Opposition at p. 9, fn. 6)  While the Opposition characterizes those as limited to "settlement" of the judgment (*id.*) — presumably meaning offers to pay less than what is owed — they are not separable, especially insofar as the effort to discuss any merits issues as to the failure to disclose. (Reply Decl., ¶ 3)  To the contrary, those telephone communications, some of which followed the detailed airing of issues in writing, confirmed that there was an impasse. (Reply Decl., ¶ 3)  Thus, for that reason as well, any meet-and-confer predicate was not only met, but additionally, the futility of further dialogue had become manifest and the futility negated any further need to confer. *See S.E.C. v. Yorkville Advisors, LLC,*, 12 CIV. 7728 GBD HBP, 2015 WL 855796, at \*7 (S.D.N.Y. Feb. 27, 2015) (where meet-and-confer "proves futile and would only result in further delaying resolution of the dispute, it may not be required"); *Yoon v. Celebrity Cruises, Inc.,* 1999 WL 135222, \*6 (S .D.N.Y.1999) ("Courts have excused a failure to meet and confer where:  (1) under the circumstances, the parties do not have time to attempt to reach an agreement; or (2) an attempt to compromise would have been clearly futile"); *Fleisher v. Phoenix Life Ins. Co.*, 11 CIV. 8405 CM JCF, 2012 WL 6732905, at \*2 (S.D.N.Y. Dec. 27,

2012) (same).  Finally, to avoid any doubt, Creditor's counsel called the Kang Firm one more time upon reading the Opposition, spoke for approximately one-half hour, and counsel were still at a complete impasse with a wide chasm in the views of the duties involved.  (Reply Decl. ¶ 3)

It is clear that more discussion is indeed futile.  More, for the reasons above, the Creditor submits that this is not an issue raised for a genuine purpose to reach an efficient result, but as a smokescreen to create delay and obfuscation as to Mr. Shkreli's assets in an ongoing effort to attempt to avoid the Judgment.  Such delay — effectively seeking denial of this motion only so that it would be brought again later — would be unjust and should not be allowed.[9]

Dated:  November 6, 2020
        New York, NY

SCAROLA ZUBATOV SCHAFFZIN PLLC

By _____
    Richard J.J. Scarola
*Attorneys for Petitioner Thomas P. Koestler*
1700 Broadway — 41st Floor
New York, NY  10019
Tel.:  (212) 757-0007

---

[9] The Creditor moved for sanctions.  For the reasons argued, it is submitted that the sanctions request has merit, especially in light of the Kang Firm's failure to respond formally or raise objections other than by email correspondence and with no apparent intent to reach resolution. Nonetheless, the Kang Firm has raised arguments that cannot be considered frivolous and the motion is withdrawn as to it.  The motion is not withdrawn as to Mr. Shkreli.  The motion is not pursued for the sake of monetary sanction as such (it would stand at the back of the line of his debt to the Creditor in any event), but out of concern that even an order as requested here will not see compliance, and that we will be back to the Court (in which circumstances, a sanction may enhance the Creditor's ability to seek further relief if needed).  The Opposition does not cross-move for a sanction, but makes a passing request that one be considered.  (Opposition at pp. 20-21)  For the reasons discussed, there is no basis for any such sanction.