UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS P. KOESTLER,

                              Petitioner,

-against-                           Civil No. 16-cv-7175 (AJN)

MARTIN SHKRELI,

                              Respondent.

REPLY DECLARATION OF RICHARD J.J. SCAROLA
IN FURTHER SUPPORT OF MOTION TO COMPEL
JUDGMENT ENFORCEMENT DISCOVERY FROM
THE JUDGMENT DEBTOR MARTIN SHKRELI AND FROM
KANG HAGGERTY AND FETBROYT LLC

RICHARD J.J. SCAROLA declares under the penalty for perjury in accordance with 28 U.S.C. §1746:

1.     I am a member of the Bar of the State of New York and a member of Scarola Zubatov Schaffzin PLLC, attorneys for the petitioner in this case and the applicant for relief herein. I make this Reply Declaration in further support of petitioner's application to compel judgment enforcement discovery from the judgment debtor, respondent Martin Shkreli, and from non-party Kang Haggerty and Fetbroyt LLC.

2.     Attached hereto as Exhibit A is a copy of a letter dated November 4, 2020, from the FTC to the Court in the FTC case (as defined in petitioner's opening papers submitted on this application).

3.     I also make this Declaration to further address the assertion that there was an insufficient meet-and-confer process as a predicate to this application. The accompanying Memorandum of Law discusses why no such process is required in the circumstances, but in

fact, a more than sufficient meet-and-confer process took place in order to satisfy the provisions of the Federal and Local Civil Rules to which the Opposition refers. Those communications were largely by email, over a period of approximately seven weeks, and they involved discussion between me and one of the attorneys at the Kang Firm about issues raised as ostensible reasons not to respond (or why Mr. Shkreli might not respond) to the information subpoenas at issue. The final email was mine on August 6, 2020, in which (among other subjects addressed) I asked if the Kang Firm was going to press certain arguments we had discussed in previous correspondence and also asked for confirmation that they were in fact representing Mr. Shkreli in connection with the information subpoena to him in the event that I would need to raise the subject of his representation with the Court. I received no substantive reply — ever.[1] The issues were clear between counsel. It was clear also that they had no further arguments to raise and no rebuttals to the answers I had provided. I did, in that general time period of this email dialogue, and also before and after, have telephone conversations with Edward Kang of the Kang Firm. These were in large part communications from Mr. Kang in the nature of his financial proposals, but it was abundantly clear in the substance of these communications that there was an impasse with regard to our demand for information pursuant to the information subpoenas and that voluntary compliance with the information subpoenas was not being offered even in part and that no disclosure would be coming voluntarily. Thus, for that reason as well, any meet-and-confer predicate was not only met, but additionally, further efforts at discussion — by email, by

---

[1] In my initial Declaration on this application, at ¶ 15, I pointed out that these communications had not been attached to my Declaration out of deference to the possibility that the Kang Firm would consider them confidential communications, possibly in the nature of settlement communications, which should not be disclosed to the Court. While the Kang Firm alludes to these communications in the Opposition, it does not attach them, and also does not address the point I had raised as to whether it deems them confidential. In these circumstances, we do not attach them here, but would of course make them available at the direction of the Court.

2

telephone or in person — would have been futile (certainly in my view, and in the view of any informed objective observer). To avoid any doubt, I reached out to the Kang Firm one more time upon our reading the Opposition, spoke for approximately one-half hour with attorney Kandis Kovalsky, and found that an impasse — indeed, a wide chasm in our views — as to the duty of compliance with our information subpoenas remained.

Dated: November 6, 2020
       New York, NY

                                                Richard J.J. Scarola