UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS P. KOESTLER, | |
| Petitioner, | Civ. No. 16-cv-7175-AJN |
| *-against-* | |
| MARTIN SHKRELI, | |
| Respondent. | |

MEMORANDUM IN OPPOSITION
TO MOTION FOR TURNOVER
AND APPOINTMENT OF A
RECEIVER

MURPHY GROUP CNY, PLLC
*Attorneys for Respondent Martin Shkreli*
600 Pennsylvania Avenue
Southeast, Suite 200
Washington, DC 20003
Tel.:  (347) 524-1415

## <u>TABLE OF CONTENTS</u>

MEMORANDUM IN OPPOSITION TO MOTION FOR TURNOVER AND APPOINTMENT OF A RECEIVER…………………………………..………………………………………..5

FACTUAL AND PROCEDURAL BACKGROUND……………………………………………5

ARGUMENT……………………………………..……………………………………………9

I.   THE COURT MUST DISMISS PETITIONER'S TURNOVER ACTION AS IT IS PROCEDURALLY, SUBSTANTIVELY AND JURISDICTIONALLY BARRED PURSUANT TO 21 U.S.C. §853……………………………………………………9

    a.   *Pursuant to 21 U.S.C. §853, this Court Lacks Jurisdiction or Authority to Grant Respondent the Relief he Seeks, as a Matter of Law……………………...……9*

    b.   *Pursuant to 21 U.S.C. §853 this Action is Procedurally Improper and Time Barred, as a Matter of Law……………………………………………………11*

    c.   *Pursuant to 21 U.S.C. §853 Petitioner Lacks Standing to Assert Against The Assets Subject to the Forfeiture Order…………………………………………...13*

II.  PETITIONER HAS FAILED TO DEMONSTRATE THE NEED FOR A RECEIVER AS HE HAS FAILED TO PURSUE ALTERNATIVES TO SATISFY HIS JUDGMENT……………………………………………………………………..14

    a.   *Appointment of receiver is not warranted under these circumstances………… 14*

III. PETITIONER CANNOT DEMONSTRATE THAT APPOINTMENT OF A RECEIVER WOULD RESULT IN A SATISFACTORY JUDGMENT RENDERING THIS DISCUSSION PREMATURE ………………………………………………..16

IV.  PETITIONER IS NOT RECOGNIZED AS A LIENHOLDER UNDER 28 C.F.R. § 9.6(f)………………………………………………………………………...17

CONCLUSION…………………………………..……………………………………18

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*DSI Assocs. LLC v. United States,*
    496 F.3d 175 (2d Cir. 2007) ……………………………………………………10

*United States v. De Ortiz,*
    910 F.2d 376 (7th Cir. 1990) …………………………………………………12

*United States v. Harris,*
    246 F.3d 566 (6th Cir. 2001) …………………………………………............12

*United States v. Lavin,*
    942 F.2d 177 (3rd Cir. 1991) …………………………………………..……12

*United States v. Lazarenko,*
    476 F.3d 642 (9th Cir. 2007) …………………………………………....…12

*United States v. McHan,*
    345 F.3d 262 (4th Cir. 2003) …………………………………………………12

*United States v. Puig,*
    419 F.3d 700 (8th Cir. 2005) …………………………………………………12

*United States v. Ribadeneira,*
    105 F.3d 833 (2nd Cir. 1997) ………………………………………………14

*United States v. Schwimmer,*
    968 F.2d 1570, 1580-81 (2d Cir. 1992) ………………………………………14

*United States v. Soreide,*
    461 F.3d 1351  (11th Cir. 2006) ………………………………….……………..12

*United States v. Tucker,*
    2020 U.S. Dist. LEXIS 220578, *13, 2020 WL 6891517 (S.D.N.Y. Nov. 24, 2020)…...13

*United States v. Wade,*
    255 F.3d 833 (D.C. Cir. 2001) …………………………………………..……..12

*Galen Tech. Solutions, Inc. v VectorMAX Corp.,*
    107 A.D.3d 435 (1st Dep't 2013) …………………………………..……..15

*Hotel 71 Mezz Lender LLC v Falor,*
    14 N.Y.3d 303 (N.Y. 2010); …………………………………………..…..15

**Statutes**

18 U.S.C. § 1963(l)(6) …………………………………………………………..……………14

21 U.S.C. § 853(n) ………………………………………………………………6, 7, 11, 12, 14

21 U.S.C. § 853(n)(1) ……………………………………………………………………… 6

21 U.S.C. § 853(n)(2) .…………………………………………..………………………6, 11, 13

21 U.S.C. § 853(n)(6)(A)…… …………………………………………………………… 14

21 U.S.C. § 853(n)(6)(B) …………………………………………………………………...14

28 C.F.R. § 9.6(f) …………………………………………………………………… 17

28 C.F.R. § 9.6(a) ………………………………………………………………………...17

NY CPLR
5225(a) ………………………………………………………………………….... 8, 9

NY CPLR 5228 (a) ………………………………………………………………… 8, 9

**Rules**

Fed. R. Civ. P. 69 ………………………………………………………………….... 8, 9

Fed. Crim. Pro. 32.2 (c) …………………………………………………………… 9

Fed. Rule Civ. P. 24 …………………………………………………………………... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS P. KOESTLER,

                                          Petitioner,                    Civ. No. 16-cv-7175-AJN

                          -against-

MARTIN SHKRELI,

                                          Respondent.

## MEMORANDUM IN OPPOSITION
## TO MOTION FOR TURNOVER
## AND APPOINTMENT OF A
## RECEIVER

Respondent Mr. Martin Shkreli ("Mr. Shkreli"), by his attorneys, Murphy Group CNY,

PLLC, submits this Memorandum in opposition to Thomas P. Koestler's ("Petitioner") motion

for an order directing Mr. Shkreli to turn over the stock he owns in Phoenixus AG to a receiver

appointed by this Court to be sold for the purpose of satisfying the judgment debt in this case.

The Phoenixus AG stock, along with the other assets sought by Petitioner, are substitute assets

under a Final Order of Forfeiture. The Preliminary Order of Forfeiture became effective on

March 5, 2018 and the Final Order of Forfeiture was approved on September 10, 2018.  As

such, the time to lay claim to Mr. Shkreli's personal property subject to a forfeiture order has

long passed.

**Factual and Procedural Background**

This is a collection action on a Final Award entered by the American Arbitration

Association (AAA) on August 3, 2016 in favor of Petitioner and against Martin Shkreli (the

"Award") (ECF No. 1-1), which was initiated on September 14, 2016 by Petitioner through the

filing of a Petition to Confirm Arbitration Award and Enter Judgment. ECF No. 1. On February

6, 2017, the Court confirmed the Award and entered an Order and Judgment in the amount of

$2,614,930 in favor of Petitioner and against Mr. Shkreli (the "Judgment"). ECF No. 22.

On August 4, 2017, in an unrelated matter, a jury found Mr. Shkreli guilty of two counts

of securities fraud and one count of conspiracy to commit securities fraud. 15-CR-637-KAM

ECF No. 678[1]. Pursuant to that matter, Mr. Shkreli was ordered to forfeit to the United States

$7,360,450.00. USA ECF Nos. 540, 679. A Preliminary Order of Forfeiture was issued on March

5, 2018 which listed as substitute assets:

    a.  $5 million in cash in an E*Trade brokerage account;
    b.  Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals);
    c.  the album "Once Upon A Time in Shaolin" by the Wu Tang Clan;
    d.  the album "The Carter V" by Lil Wayne; and
    e.  a Picasso painting.

USA ECF No. 540.

In accordance with 21 U.S.C. § 853(n)(1), the United States published notice of the

Preliminary Order of Forfeiture on www.forfeiture.gov for thirty consecutive days, beginning

March 20, 2018 and ending April 18, 2018. USA ECF Nos. 678, 590. Pursuant to 21 U.S.C. §

853(n)(2), the time to assert third party interests in substitute assets ends thirty days after the

final publication of notice and Petitioner did not take any action during this thirty-day window.

USA ECF Nos. 590, 679. May 17, 2018 was the last day for Petitioner to claim an interest in Mr.

Shkreli's substitute assets.

The Commissioner of Taxation & Finance of the State of New York ("Commissioner")

and the Internal Revenue Service ("IRS") were the only parties to file a petition as to the

substitute assets. USA ECF No. 679. As stated in the Stipulation of Settlement to Resolve Third-

Party Proceedings Under 21 U.S.C. § 853(n), "no persons or entities, other than the

---

[1] Hereinafter referred to as "USA."

Commissioner and the IRS, have filed claims or otherwise asserted an interest in the Substitute

Assets under 21 U.S.C. § 853(n), and the time to do so has expired," USA ECF No. 678.

On March 10, 2018, Mr. Shkreli was sentenced to a seven-year term in prison; he is due

to be released from federal custody on September 14, 2023. *See* Declaration of Brianne E.

Murphy ("Murphy Decl."), ¶ 5. A Final Order of Forfeiture was issued on July 12, 2018 and

approved by court on September 11, 2018. USA ECF. No. 679. A Stipulation of Settlement to

Resolve Third-Party Proceedings Under 21 U.S.C. § 853(n) was also approved by the court on

September 11, 2018; it did not name Petitioner. USA ECF No. 678.

On October 8, 2020, Petitioner filed a Motion to Compel Judgment Enforcement

Discovery from Judgment Debtor Martin Shkreli and from Kang Haggerty and Fetbroyt LLC

(the "Motion to Compel"). ECF Nos. 30-34. On October 30, 2020, Edward T. Kang and Kandis

L. Kovalsky entered their appearances on behalf of Mr. Shkreli and non-party Kang Haggerty.

ECF Nos. 40, 41. On this same day, October 30, 2020, Mr. Shkreli and Kang Haggerty filed a

Joint Memorandum of Law in Opposition to the Motion to Compel. ECF No. 42. On November

6, 2020, Petitioner filed a Reply Memorandum in Support of the Motion to Compel. ECF No. 43.

This concluded the briefing on the Motion to Compel. The Motion to Compel remains pending

as of the date of the filing of the Order to Show Cause Application.

On March 4, 2021, Petitioner brought this Turnover Action demanding an order directing

Respondent to turn over the stock he owns in Phoenixus AG. Petitioner seeks to have

Respondents shares of Phoenixus AG turned over to a receiver appointed by this Court to be sold

for the purpose of satisfying the judgment debt in this case pursuant to Fed. R. Civ. P. 69 and NY

CPLR 5225(a) and 5228(a). Scarola Decl. ¶ 1. Petitioner's Motion primarily focuses on the

recovery and/or liquidation of two specific assets that are designated substitute assets pursuant to

the Preliminary Order of Forfeiture issued on March 5, 2018 by The Honorable Judge Kiyo

Matsumoto. USA ECF No. 540. Namely, the assets identified in the order as: (a) Vyera

Pharmaceuticals (formerly known as Turing Pharmaceuticals) and (b) the album "Once Upon A

Time in Shaolin" by the Wu Tang Clan. *See* Petitioners Memorandum in Support of Motion for

Turnover and Appointment of a Receiver ("Petitioner's Motion") ECF No. 48. Petitioner's sole

factual basis for his motion is drawn from largely unsubstantiated or disputed allegations and

unflattering media reports regarding Respondent. ECF. No. 48, Pg. 9. For example, despite

including a disputed (and unredacted) Complaint as Exhibit G to his Affidavit and citing to the

allegations contained therein as evidence of wrongdoing by Respondent, Petitioner nonetheless

overlooks sections in the same complaint which state that in or around 2019, after the issuance of

the order of forfeiture, Vyera Pharmaceuticals AG (formerly known as Turning Pharmaceuticals

AG) changed its name to Phoenixus AG (herein after collectively referred to as "Phoenixus").

ECF. No. 48, Exhibit G. Despite this, Petitioner notes in his motion that the Phoenixus stocks

were never included in the forfeiture orders, which given the timing of the name change would

have been impossible. ECF No. 48, Footnote 6, Pg. 8. As such, there are only one set of shares

involved. Secondarily, Petitioner's motion asserts that he will continue to aggressively pursue

information he believes he is entitled to as a judgment holding creditor despite the pending

motion in front of your Honor, without stating law or fact. Further to this point, Petitioner fails to

acknowledge that the Parties to the FTC action made a joint request to the Court to seal certain

information and the Court agreed. FTC ECF No. 38; 41. Clearly the Court weighed the necessity

of the information to a Party or the public against the potential harm to the impacted party should

that information become public. Despite having actual knowledge that the Court in the FTC

matter has allowed the Parties to avail themselves of the high level of scrutiny and protection

afforded certain disclosures, Petitioner believes he is entitled to any documents related to Phoenixus. Scarola Decl. ¶ 4. Petitioner undercuts his arguments supporting this basis for his discovery requests by stating the following: "for current purposes, however, the precise percentage of the Shkreli ownership interest in Phoenixus is not critical to know because it is sufficient to know for this application that he has an ownership interest so that it can be turned over to satisfy the Judgment." Scarola Decl. ¶ 8. Despite admitting to the lack of materiality of this information to this motion, or for any time-sensitive reason, Respondent's insistence to access highly sensitive information including requesting it from the government and refusing to engage with Petitioner regarding the same is tantamount to harassment.

As further outlined below, as Petitioner has no claim to any asset subject to the forfeiture order until such time as the Government's Forfeiture Order is satisfied; therefore he has no right to such inquiries.

## ARGUMENT

### I.    THE COURT MUST DISMISS PETITIONER'S TURNOVER ACTION AS IT IS PROCEDURALLY, SUBSTANTIVELY AND JURISDICTIONALLY BARRED PURSUANT TO 21 U.S.C. §853.

#### a.  *Pursuant to 21 U.S.C. §853, this Court Lacks Jurisdiction or Authority to Grant Respondent the Relief he Seeks, as a Matter of Law.*

Petitioner cites Fed. R. Civ. P. 69 and NY CPLR 5225(a) and 5228(a) to bring this action to recover a judgment against assets that he knows are subject to a forfeiture agreement. Petitioner's Turnover Action is statutorily, procedurally, and jurisdictionally barred. 21 U.S.C. §853 together with Fed. Crim. Pro. 32.2 (c) dictate the treatment of assets subject to a forfeiture order and is the exclusive remedy for third parties with an interest in those assets. Moreover, in the properly executed Forfeiture Orders the issuing Court explicitly retained jurisdiction over

9

these orders pursuant to Fed. Crim. Pro. 32.2 (c).

With all due respect to your Honor, under no circumstances does this Court have the jurisdiction or authority to grant the relief Petitioner is requesting. The Forfeiture Orders expressly prohibit Respondent from transferring title of these assets. Practically speaking, an Order from this Court requiring Respondent to turnover these assets to Petitioner for any purpose, including liquidation, would Order Respondent to violate the Forfeiture Orders. Section § 853(n) is the exclusive remedy for a third-party to claim a right to an asset which is subject to a forfeiture order. See: <u>DSI Assocs. LLC v. United States</u>, 496 F.3d 175, 177 (2d Cir. 2007) (holding that § 853(n) is the "***only avenue for a post-indictment third-party claim to forfeited property*** because the statutory scheme bars commencement of an action at law or equity against the United States concerning the validity of a third party's alleged interest in the property *subsequent* to the filing of an indictment or information alleging that the property is subject to forfeiture under § 853."). ***Emphasis added.***

The facts and holding in <u>DSI Assocs. LLC</u>, prove instructive. After timely and unsuccessfully pursuing an ancillary action pursuant to section 853, DSI filed to Intervene pursuant to Fed. Rule Civ. P. 24 in the Defendant's criminal matter. Moving to intervene seeks to challenge the validity of the forfeiture order as it was applied to the funds. The Court held that Fed. Rule Civ. P. 24 does not provide an alternative means to intervene. In pertinent part, "the argument that the district court does not have the authority to order those funds forfeited because they belong to DSI is effectively the same argument as an assertion that DSI has a superior interest in those funds. Both are forbidden by section 853(k) unless they fall within the exception carved out by section 853(n). DSI's attempt to participate in the forfeiture proceeding is thus foreclosed by its acknowledged inability to meet the requirements of section 853(n). ***It***

***may not bypass this procedure by employing the Federal Rules of Civil Procedure, or, indeed, any other mechanism. Emphasis Added.*** Similarly, Petitioner cannot use the CPLR or a Civil Action to circumvent a valid forfeiture order.

      b.   *Pursuant to 21 U.S.C. § 853 this Action is Procedurally Improper and Time Barred, as a Matter of Law.*

Petitioner's effort to satisfy the judgment debt by seeking Mr. Shkreli's personal property subject to a forfeiture order is untimely. As the exclusive means of laying claim to assets subject to a forfeiture order, Petitioner should have raised this matter in an ancillary proceeding in accordance with 21 U.S.C. § 853(n). As an unsecured creditor, Petitioner's claim to Phoenixus AG stock, or any of Mr. Shkreli's forfeited assets, is untimely under 21 USC § 853(n). 21 U.S.C. § 853(n)(2) states that:

> "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, *within thirty days of the final publication of notice* or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury."

21 U.S.C. § 853(n)(2) (emphasis added).

As the statutory language makes clear, Petitioner had thirty days after the final publication of the forfeiture notice to claim an interest in Mr. Shkreli's assets. Since 21 U.S.C. § 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets, petitioner is nearly three years too late in his effort to take possession of Mr. Shkreli's Phoenixus AG stock. See: <u>DSI Assocs. LLC v. United States</u>, 496 F.3d 175, 177 (2d Cir. 2007) (holding that § 853(n) is the "***only avenue for a post-indictment third-party claim to forfeited property*** because the statutory scheme bars commencement of an action at law or equity against the United States concerning the validity of a third party's alleged interest in the property *subsequent* to the filing of an indictment or information alleging that the property is subject to

11

forfeiture under § 853."). **Emphasis added.**

Several other Circuits have reached the same conclusion. *See* United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."); United States v. Soreide, 461 F.3d 1351, 1354 (11th Cir. 2006) ("[U]nder 21 U.S.C. § 853(n)(6), third party petitioners can establish their interest in forfeited property in only two ways.") (internal quotation marks and citation omitted); United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005) ("A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture."); United States v. McHan, 345 F.3d 262, 269 (4th Cir. 2003) ("The petition authorized by § 853(n) is the exclusive avenue through which a third party may protect his interest in property that has been subject to a forfeiture order."); United States v. Wade, 255 F.3d 833, 837 (D.C. Cir. 2001) ("A third party's only avenue for protecting his interest is the procedure set forth in 21 U.S.C. § 853(n) . . . ."); United States v. Lavin, 942 F.2d 177, 187 (3rd Cir. 1991) ("Congress instead defined two rather limited categories of third parties who are entitled to petition the courts for a hearing to adjudicate the validity of their interests in the forfeited property."); United States v. De Ortiz, 910 F.2d 376, 383 (7th Cir. 1990) ("[O]nce the district judge had ordered the money forfeited . . . , the money remained subject to forfeiture unless and until that order was vacated and a § 853(n) hearing was held."); *see also* United States v. Harris, 246 F.3d 566, 574-75 (6th Cir. 2001) (quoting with approval the Third Circuit's approach in Lavin).

Even if Petitioner did not know his rights under section 853(n), this court has held that being unaware of one's rights "does not relieve [Petitioner] of the statutory obligation to submit

a timely petition under section 853(n)(2)." United States v. Tucker, 2020 U.S. Dist. LEXIS 220578, *13, 2020 WL 6891517 (S.D.N.Y. Nov. 24, 2020). Aside from the government's own publication of the notice of preliminary forfeiture[2] and its press release regarding the same, the record reflects widespread media coverage of Mr. Shkreli's forfeiture ruling; media coverage which identifies the very forfeited assets Petitioner seeks control of today. See attached hereto as Exhibit 1 and USA ECF No. 590.  May 17, 2018 was the last day for Petitioner to claim an interest in Mr. Shkreli's assets subject to a forfeiture order. As such, the remedy he seeks today, the sole remedy for asserting a claim in these assets expired nearly three years ago.  Given these facts, Petitioner showed no interest in collection efforts. Even if he was unaware of the need to take some action, it was likely by design. In any event, such an argument is no defense.

                c.   *Pursuant to 21 U.S.C. § 853 Petitioner Lacks Standing to Assert Against The Assets Subject to the Forfeiture Order*

       Even assuming arguendo that Petitioner had timely asserted a claim pursuant to 21 U.S.C. § 853, Petitioner is required to show a nexus between the forfeited asset that he is seeking to assert an interest in, a requirement he cannot meet.  Having a judgment against the individual whose assets are the subject of a forfeiture order, that is directly tied to the debt owed to him that is not a sufficient nexus. See: DSI Assocs. LLC v. United States, 496 F.3d 175, 177 (2d Cir. 2007) holding "[w]hile DSI's claim derives from the purchase of the shares [of Daticon], as a matter of law, having failed to retain a security interest in the shares, DSI is simply a general creditor of Kings [Holdings], and its claim to any specific property Kings

---

[2] Notices of administrative, civil, and criminal forfeiture are published on www.forfeiture.gov pursuant to 28 CFR Part 8.9, Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (part of the Federal Rules of Civil Procedure), and/or Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.  ECF No. 678.

[Holdings] may possess is no greater than that of any other such creditor." The Court goes on the say that the Petitioner Lacks Standing Under 21 U.S.C. § 853(n). "DSI does not assert otherwise. As a general creditor of Kings Holdings and Gordon, DSI does not possess a "legal right, title, or interest in the property" that was forfeited as required for standing under section 853(n)(6)(A), nor can it show that it was a bona fide purchaser for value of any such right, title, or interest, as required for standing under section 853(n)(6)(B). See United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997). Without possessing such an interest "in" a "particular, specific asset" that is, or is part of, the forfeited property, DSI does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n). Id. at 835-37; see also United States v. Schwimmer, 968 F.2d 1570, 1580-81 (2d Cir. 1992) (holding that general creditors lack standing under 18 U.S.C. § 1963(l)(6)).

Similarly, Petitioner here does not, because he cannot, demonstrate a nexus to any of the assets subject to the forfeiture order and as such he has no standing to assert any lien or any claim via any procedure prior to satisfaction of the government's forfeiture order. Statute 21 U.S.C. § 853 was designed to protect the Government's title to forfeited assets against potential indefinite claims from secured creditors, title, lien holders (i.e. individuals that have legitimate interests in the assets) such as their rightful owner. Once the Government's Forfeiture Order is satisfied, Petitioner can seek all the information and collection efforts against the remaining assets but until such time Petitioner simply must wait his turn.

## II.    PETITIONER HAS FAILED TO DEMONSTRATE THE NEED FOR A RECEIVER AS HE HAS FAILED TO PURSUE ALTERNATIVES TO SATISFY HIS JUDGMENT

A.    *Appointment of receiver is not warranted under these circumstances.*

Given petitioner's undue delay and bar of his claims to any of the forfeited assets, he

lacks standing to request the appointment of a receiver. Nonetheless, assuming arguendo Petitioner had such standing, he has failed to make the requisite showing that appointing such a receiver is necessary or appropriate. In deciding whether the appointment of a receiver is justified, New York courts have considered (1) the alternative remedies available to the creditor; (2) the degree to which receivership will increase the likelihood of satisfaction; and (3) the risk of fraud or insolvency if a receiver is not appointed. *See* Hotel 71 Mezz Lender LLC v Falor, 14 N.Y.3d 303, 317 (N.Y. 2010); *see also* Galen Tech. Solutions, Inc. v VectorMAX Corp., 107 A.D.3d 435, 967 (1st Dep't 2013) (denying plaintiffs motion to appoint a receiver because, among other things, all the plaintiff did to collect its judgement was file restraining notices and information subpoenas).

Petitioner has not demonstrated that he has exhausted all, or even some, of his alternative remedies; and in fact, has demonstrated an unwillingness to even consider pursuing alternative solutions to the forfeited assets in question. By Petitioner refusing to even extend the professional courtesy of an extension on this motion or a telephone call requested by Respondent's Counsel for the express purpose of discussing potential settlement alternatives to these assets (so as not to expend further resources of the Parties or this Court) Petitioner insists upon a myopic and dogged pursuit of these assets.

In the four years since his arbitration award was confirmed by the court, all Petitioner has done to collect on his judgment is serve information subpoenas; a process he only commenced last year, and which is still ongoing. In addition, since Phoenixus AG is a substitute asset subject to a Final Order of Forfeiture, appointing a receiver will do nothing to increase the likelihood that Petitioners' judgment will be satisfied. Petitioner has not outlined any criteria for selling Mr. Shkreli's shares in Phoenixus AG. Finally, there is no risk of fraud

or insolvency if a receiver is not appointed because Petitioner has made no showing, beyond citations to media speculation, that Mr. Shkreli's has acted fraudulently with regard to his Phoenixus AG stock.

A motion to appoint a receiver should only be granted when a special reason appears to justify one. Hotel 71 Mezz Lender LLC v Falor, 14 N.Y.3d 303, 317 (N.Y. 2010). Petitioner has not provided a single piece of reliable evidence nor even proffered a special reason to justify the appointment of a receiver, because one does not exist.

Finally, in addition to the reasons articulated above, the Petitioner lacks standing to liquidate assets that Respondent does not possess. Pursuant to the Forfeiture order, the Government can only liquate or transfer assets  ". . . up to the amount of the Forfeiture Money Judgment . . .".   USA ECF Nos. 540, 679.

### III.    PETITIONER CANNOT DEMONSTRATE THAT APPOINTMENT OF A RECEIVER WOULD RESULT IN A SATISFACTORY JUDGMENT RENDERING THIS DISCUSSION PREMATURE

As outlined above, New York courts have considered the degree to which receivership will increase the likelihood of satisfaction; among other factors. *See* Hotel 71 Mezz Lender LLC v Falor, 14 N.Y.3d 303, 317 (N.Y. 2010); *see also* Galen Tech. Solutions, Inc. v VectorMAX Corp., 107 A.D.3d 435, 967 (1st Dep't 2013).

The second factor New York Courts consider is the likelihood that the receivership will result in satisfaction of the judgment. Assuming arguendo, that Claimant's assessment is accurate that the shares have sufficient value to satisfy the various judgments, practically speaking, it is impossible to tell whether appointing a Receiver would or could result in the sale of these assets.

By Claimant's own admission, he can only ascertain that the shares have value, not how

much, nor the attachability, nor address matters such as: corporate governance issues, international law, or if proving successful, the sale results in a satisfactory judgment. Minimally appointing a receiver to liquidate would present a time consuming, expensive, and international investigation into a closely held Swiss Corporation with no guarantee of collection.

In the event that this Court is unpersuaded to dismiss this turnover action based on the above argument, Counsel respectfully requests that Your Honor grant the Parties sufficient time to thoroughly research and brief the practical likelihood of financial recovery for the various Creditors prior to appointing a Receiver. Counsel would further request that this Court consider the lengthy delays, limited access to communication, and limited access to legal counsel in determining a scheduling order for such additional investigation.

## IV.   PETITIONER IS NOT RECOGNIZED AS A LIENHOLDER UNDER 28 C.F.R. § 9.6(f).

"A general creditor holding an unsecured debt may not be granted remission or mitigation unless it otherwise qualifies as an owner, lienholder, or victim." 28 C.F.R. § 9.6(a). A money judgment does not automatically constitute a lien on personal property and Petitioner does not claim to have filed one. Therefore, Petitioner is not recognized as a lienholder under 28 CFR § 9.6(f) and may not apply for remission, mitigation, or restoration of the proceeds of sale, or for the appraised value of forfeited property. 28 C.F.R. § 9.6(f) states that:

"A judgment creditor will be recognized as a lienholder if: (i) The judgment was duly recorded before the seizure of the property for forfeiture; (ii) Under applicable state or local law, the judgment constitutes a valid lien on the property that attached to it before the seizure of the property for forfeiture; *and* (iii) The petitioner had no knowledge of the commission of any act or acts giving rise to the forfeiture at the time the judgment became a lien on the forfeited property." 28 C.F.R. § 9.6(f) (emphasis added).

Under New York law, Petitioner's judgment does not constitute a valid lien on Mr. Shkreli's Phoenixus AG shares or his other personal property. Therefore, any petition for remission or mitigation will fail.

## **CONCLUSION**

For the reasons stated herein, the Court should (1) DISMISS Petitioner's Motion For Turnover and Appointment of A Receiver and (2) STAY all discovery related to any of the Assets Subject to the Forfeiture Order until such time as the Government's Judgment is Satisfied.

Dated: Washington, DC
      March 29, 2021

Respectfully submitted,

/s_____
Brianne Murphy
Murphy Group CNY PLLC
600 Pennsylvania Avenue, SE, Suite 200
Washington, DC 20003
Phone: (347) 524-1415
*Attorneys for Respondent Martin Shkreli*

18