

Richard J.J. Scarola
rjjs@szslaw.com
(212) 757-0007 ext. 3201

April 16, 2021

Hon. Alison J. Nathan
United States District Judge
United States District Court
  — Southern District of New York
United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Koestler v. Shkreli*, No. 16-cv-7175 (AJN)

Dear Judge Nathan:

      We are counsel to the petitioner Dr. Thomas P. Koestler.  We have moved, among other things, (i) to compel the judgment debtor's compliance with judgment enforcement discovery (*see* ECF ##31-45 (that motion is *sub judice*)), and by separate motion (ii) for turnover of certain assets and appointment of a receiver to sell them (*see* ECF ##46-49 (that motion is in the process of being briefed with our reply papers currently due on April 23, 2021)).

      We write in response to the request by the attorneys for the judgment debtor filed yesterday (ECF #59) for permission to respond to the submission by the United States Attorney's Office for the Eastern District of New York dated April 9, 2021 (ECF #58).  By way of brief background, our motion for turnover seeks an asset (a so-called "substitute asset") that is or may be subject to a forfeiture order in a criminal case against this judgment debtor — *United States v. Shkreli*, 15-CR-637 (E.D.N.Y.) (Matsumoto, J.) (the "Criminal Case").

      Mr. Shkreli's counsel seeks to make a further submission for the stated reason that "this matter directly affects the matter of [the Criminal Case]."  In fact, any connection to the Criminal Case was self-evident in our application and already addressed by the judgment debtor's counsel in its opposition filed on March 26, 2021 (ECF #56).  We are concerned that the request for further briefing and oral argument will lead to more delay and obstruction of our client's effort to enforce this Court's judgment because the United States Attorney's Office April 9 letter provides no new basis on which the turnover application could reasonably be opposed.  Specifically, that letter, in substance, agrees that our application should be granted so that the government and our client can finally be paid: "the government does not oppose the Application, provided that, in the event it is granted and this Court orders a receivership, the forfeiture judgment entered against Shkreli is first fully satisfied from any liquidation of [the judgment debtor] Shkreli's interest in Phoenixus AG." (ECF #58, p. 1)

1700 BROADWAY  41ST FLOOR  NEW YORK, NY 10019
TEL 212-757-0007  FAX 212-757-0469  WWW.SZSLAW.COM

Hon. Alison J. Nathan<br>
April 16, 2021<br>
Page 2

## SCAROLA ZUBATOV SCHAFFZIN PLLC

The letter goes on to state that "in the event that this Court grants Petitioner's request for a receiver and orders that Outstanding Balance of the Forfeiture Money Judgment to be paid first [to the government], the government would apply to the Court in the Criminal Case to release Shkreli's interest in Phoenixus AG, or any portion thereof as required." (ECF #58, p. 2)

Thus, there is nothing new except the government's expressly stated position that it does not oppose the relief sought so long as the government's financial entitlement in the Criminal Case is satisfied first in the process — in effect, a process that will be efficient and effective to ensure payment of this Court's judgment in this case as well as the forfeiture obligation in the Criminal Case.

In these unusual circumstances, and also in light of the judgment debtor's failure to comply with any of our judgment enforcement discovery and failure to pay a penny of this Court's judgment to date (ECF ## 31-45), we are concerned that this request will lead to obstruction rather than new argument of any new issue, and therefore oppose the request.

To the extent a further submission is allowed, we ask for one week in which to respond (currently, our reply papers are due on April 23 — the same date the judgment debtor asks to be permitted to make a new filing).

Respectfully submitted,<br><br>
Richard J.J. Scarola

By ECF<br>
Copy to<br>
    Laura D. Mantell, Esq.<br>
    Claire S. Kedeshian, Esq.