

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy\*
T: (347) 524-1415
E: brianne@industrielaw.com
\*Admitted in New York and Washington, DC

April 23, 2021

**By ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re: *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (AJN)

Dear Judge Nathan:

     This letter is respectfully submitted in response to the government's letter dated April 9, 2021. As has been briefed, in the matter of *United States v. Shkreli*, 15-CR-637 (E.D.N.Y.) (Matsumoto, J.) ("Forfeiture Matter"), Mr. Shkreli's assets have been seized by the government pursuant to a Final Order of Forfeiture entered on September 10, 2018. 15-CR-637 ECF No. 679[1]. As such, Mr. Shkreli no longer controls the assets petitioner seeks.

     In the Forfeiture Matter, Judge Matsumoto did not contemplate that the Final Order of Forfeiture would be satisfied prior to Mr. Shkreli's release from prison. In fact, as part of Mr. Shkreli's conditions of supervised release, Judge Matsumoto ordered that certain special conditions of supervised release be observed. Namely, Judge Matsumoto included the condition that Mr. Shkreli "comply with the fine and forfeiture orders in this case." USA ECF No. 566. Mr. Shkreli is subject to this special condition, among others, for three years post release.

     Mr. Shkreli has every intention of fully complying with the special conditions of release, including the Final Order of Forfeiture. To date, Mr. Shkreli has made a good faith effort to satisfy the Final Order of Forfeiture. As the government noted in their letter, they have already collected $5,121,967.70 towards the Forfeiture Money Judgment with a remaining balance of just $2,238,482.30. It is thus unnecessary and premature to appoint a receiver at this time.

     Mr. Shkreli, as he has already demonstrated by paying over $5 million dollars to the government, is in a much better position to continue fulfilling his financial obligations than a receiver will be. In fact, due to Phoenixus AG's Swiss incorporation and company structure, the appointment of a receiver is likely to slow Mr. Shkreli's progress toward fulfilling the Forfeiture Money Judgment, not hasten it.

---

[1] Hereinafter referred to as "USA."

PRIVILEGED AND CONFIDENTIAL ATTORNEY WORK PRODUCT

      In addition, an untimely sale of Mr. Shkreli's shares in Phoenixus AG may result in a loss of value which would not serve any party to this matter. The rights of other Phoenixus AG shareholders must also be considered before any sale occurs. This is why Mr. Shkreli is actively working with the government to satisfy the forfeiture judgment.

      Given these circumstances, there is simply no reason to rush this process. As the law makes clear, the Final Order of Forfeiture acknowledges, and the government concedes – Mr. Koestler has missed his opportunity to lay claim to Mr. Shkreli's assets prior to the government's satisfaction. 16-CV-7175 ECF No. 57. Mr. Shkreli should be given the time and consideration contemplated by Judge Matsumoto to satisfy the Forfeiture Money Judgment. Petitioner must simply wait his turn.

      Due to the sensitive nature of this matter, if your honor requires further information, we respectfully request an in-camera review of additional details.

      Respectfully submitted,

/s/
Brianne Murphy
Murphy Group CNY, PLLC
600 Pennsylvania Avenue SE, Suite 200
Washington, DC 20003
Phone: (347) 524-1415
*Attorneys for Respondent Martin Shkreli*