# KANG HAGGERTY

**Kandis L. Kovalsky**
215.525.1993
kkovalsky@kanghaggerty.com

April 28, 2021

*Via ECF*
Honorable Alison J. Nathan
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Thomas Koestler v. Martin Shkreli*, No. 16-cv-7175-AJN

Dear Judge Nathan:

Pursuant to Rule 2.C of Your Honor's Individual Practices in Civil Cases and Local Civil Rule 37.2, Non-Party Kang Haggerty & Fetbroyt LLC ("Kang Haggerty") submits this motion to quash Petitioner's subpoena to Kandis Kovalsky or, in the alternative, to enter a protective order. Petitioner and Kang Haggerty met and conferred on the phone but are at an impasse.[1]

*Factual Background*. On December 22, 2020, Ms. Kovalsky accepted service of a subpoena from Petitioner directed to "Kandis Kovalsky, Kang Haggerty & Fetbroyt LLC" ("Subpoena"). *See* **Exhibit 1**.[2] Ms. Kovalsky, a member of Kang Haggerty, represented Respondent across more than 20 matters from April 2018 to March 2021. *See* **Exhibit 2** at ¶ 3. Petitioner has not deposed anyone in this action, including Respondent. *Id.,* ¶ 8. The Subpoena seeks for Ms. Kovalsky to be deposed ("Deposition of Counsel Request") and for the production of documents, including a request for "all communications including any attorneys of your law firm and Martin Shkreli that have been determined not to be subject to the attorney-client privilege in the action: FTC et al v. Vyera Pharmaceuticals, LLC, et al. 1:20-cv-00706 (DLC)[3] …" ("FTC Request"). *Id.*

*Legal Standard*. Where a discovery request is outside the scope of Rule 26(b)(1), "[o]n motion or its own, the court *must* limit the … extent of discovery … if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FRCP 26(b)(2)(C)(iii) (emphasis added). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." FRCP 26(c)(1)(A)-(H). Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena *must* take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1) (emphasis added). Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies … or

---

[1] Petitioner agreed that Kang Haggerty would have until April 30, 2021 to seek relief from the Court.
[2] In violation of FRCP 45(a)(4), Petitioner did not provide notice to Respondent before serving the Subpoena.
[3] This matter is referred to herein as the "FTC Action."

**KANG HAGGERTY & FETBROYT LLC**
123 South Broad Street, Suite 1670, Philadelphia, PA  19109
T: 215.525.5850     F: 215.525.5860     kanghaggerty.com

subjects a person to undue burden." FRCP 45(d)(3)(A)(iii)-(iv) (emphasis added); *see also Hillary v. Vill. of Potsdam*, 2020 WL 7122010, at *4 (N.D.N.Y. Nov. 2, 2020).

<u>*The Deposition of Counsel Request*</u>. The Deposition of Counsel Request must be quashed. Depositions of counsel are "disfavored" and not to be routinely granted. *U.S. v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991); *see also Hickman v. Taylor,* 329 U.S. 495, 513 (1947); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). In determining whether the deposition of an attorney is appropriate, the court should consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Friedman*, 350 F.3d at 72. All four of these factors weigh against a deposition of Ms. Kovalsky.

The first factor weighs in favor of Kang Haggerty. Petitioner is seeking discovery of Respondent's assets in aid of execution. Thus, "much, if not all, of the information [Petitioner] claim[s] to be seeking can be acquired from [Respondent] himself." *Sea Tow Intern., Inc. v. Pontin*, 246 F.R.D. 421, 426 (E.D.N.Y. 2007). Yet, Petitioner has not sought to depose Respondent. Petitioner has not deposed anyone in this matter since it was filed in 2016. Petitioner has simply decided, nearly five years in, to attempt to depose Respondent's former counsel despite being unable to establish a specific need, as he must, to depose Ms. Kovalsky. This is fatal for Petitioner. *See Patsy's Italian Rest., Inc. v. Banas,* 2007 WL 174131, at *3 (E.D.N.Y. Jan. 19, 2007) (quashing subpoena served on plaintiff's counsel based on defendant's failure "to establish a specific need for the deposition"). The second and third factors also weigh in favor of Kang Haggerty. Ms. Kovalsky is Respondent's former attorney who represented him across more than 20 matters (including 8 litigations) from April 2018 through March 2021. Ex. 2, ¶ 3. During this time, Kang Haggerty was in a joint defense agreement with Brafman & Associates, P.C. ("Brafman Firm"), Respondent's criminal defense counsel. *Id*., ¶ 4. Kang Haggerty worked with the Brafman Firm on matters relating to the Final Order of Forfeiture dated September 11, 2018 ("Order of Forfeiture"), which was entered against Respondent in a criminal case.[4] *Id.* To the extent Kang Haggerty or Ms. Kovalsky have any knowledge of Respondent's assets, it arises from their representation of Respondent in connection with the Order of Forfeiture or collection actions against Respondent, including this one. Ex. 2, ¶ 9. That Ms. Kovalsky may have learned about Respondent's assets in connection with her representation of him on a criminal matter – the Order of Forfeiture – mitigates heavily against her deposition, as any deposition of her raises significant constitutional concerns and would improperly invade Respondent's Sixth Amendment right to counsel. *See Hillary,* 2020 WL 7122010, at *3 (granting motion to quash subpoena to plaintiff's counsel).

Further, that Ms. Kovalsky only knows about Respondent's assets through discussions with Respondent and his attorneys in connection with her representation of him in various legal proceedings renders any information in Ms. Kovalsky's possession subject to the attorney-client privilege (and work product doctrine), which Respondent does not waive. *See Sea Tow*, 246 F.R.D. at 427. Petitioner previously incorrectly argued that information about Respondent's assets in Kang Haggerty's possession is not privileged because "information as to Mr. Shkreli's assets is

---

[4] *See U.S. v. Martin Shkreli*, Case No. 1:15-cr-00637-KAM, ECF 680.

not a request for information constituting the request for or giving of legal advice." ECF 30 at 15. This statement is patently incorrect.[5] Any discussion of Respondent's assets occurred because Respondent sought Ms. Kovalsky's legal advice (Ex. 2, ¶¶ 9-10), and Petitioner cannot seek for Ms. Kovalsky to testify to information she obtained from Respondent in connection with his requests for legal advice. *See Specht v. Google, Inc.,* 268 F.R.D. 596, 601 (N.D. Ill. 2010); *Harlow v. Spring Nextel Corp.*, 2012 WL 646003, at *20 n.28 (D. Kan. Feb. 28, 2012). This is not a scenario in which Ms. Kovalsky has independent knowledge about pertinent underlying facts but rather one in which Petitioner seeks to depose her for the exact reason he should not – to obtain information Respondent may have communicated to her about his assets on a confidential basis as his lawyer. Ms. Kovalsky is further precluded from revealing information about Respondent's assets under New York Rule of Professional Conduct 1.6, which is broader than the work product or attorney-client privileges and prohibits Ms. Kovalsky from revealing any "information gained during and related to the representation, whatever its source." N.Y.R.P.C. 1.6 at cmt. 2. In sum, all four factors weigh against the Deposition of Counsel Request.

*The FTC Request*. The FTC Request must be quashed because it seeks documents that are (i) outside the scope permitted by Rule 26(b)(1), (ii) designated Highly Confidential under a protective order, and (iii) not in Kang Haggerty's possession. *See* FRCP 26(b)(2)(C)(iii), 45(d)(3)(A)(iii). The FTC Request seeks discovery from a wholly separate unrelated antitrust action. FTC Action, ECF 1. In the FTC Action, unbeknownst to Mr. Shkreli and without his consent, the FTC collected from the Bureau of Prisons tens of thousands of pages of Mr. Shkreli's emails and recorded calls from prison, including those between him and his attorneys. For months, Mr. Shkreli and the FTC litigated the FTC's collection and dissemination of Mr. Shkreli's attorney-client communications.[6] At the conclusion of this protracted dispute, Mr. Shkreli and the FTC agreed to apply previously agreed-on search terms for discovery to the attorney-client communications and that only the emails that hit on the terms would remain in the case. *See* **Exhibit 3**. This resulted in 49 pages of the attorney-client emails remaining in the FTC Action, with the thousands of other pages of attorney-client emails being destroyed by all parties. As is evidenced by the search terms used to cull the 49 pages of emails, these attorney-client communications are irrelevant to this collection action. *See* **Exhibit 4**. These irrelevant attorney-client communications are designated as Highly Confidential under the Protective Order in the FTC Action, and thus may not be disclosed to Petitioner or used for any purpose outside the FTC Action. *See* **Exhibit 5** at 10-11.[7] On March 18, Kang Haggerty withdrew as counsel for Mr. Shkreli in the FTC Action. *See* FTC Action, ECF 402. Thereafter, Kang Haggerty no longer retained access to the electronic database hosting documents produced in the FTC Action. Since the FTC Request seeks documents that are irrelevant, Highly Confidential, and not in Kang Haggerty's possession, the FTC Request must be quashed.[8]

---

[5] Petitioner's previously advanced theory that Respondent's communications with Kang Haggerty are not privileged because the lawyers at Kang Haggerty are "business advisors" is also incorrect. *See* Ex. 2, ¶ 10.
[6] FTC Action, ECF Nos. 222-25, 227-28, 230-31, 236-41, 246-48, 250-52, 255, 262-65, 267-80, 283-86, 299-308.
[7] Mr. Shkreli also contends that the BOP's dissemination of his emails violated the Privacy Act, 5 U.S.C. § 552a *et seq*. *See* FTC Action, ECF 227. Mr. Shkreli reserves all rights regarding this issue, on appeal or otherwise.
[8] Kang Haggerty also seeks to quash the other document requests in the Subpoena because they seek privileged communications and because the requests are overly broad, unduly burdensome, vague, confusing, harassing, and not proportional to the needs of the case.

Hon. Alison J. Nathan
April 28, 2021
Page 4 of 4

Respectfully submitted,

*/s/ Kandis L. Kovalsky*
Kandis L. Kovalsky

*Counsel for Non-Party Kang Haggerty & Fetbroyt LLC*

cc      All counsel of record (via ECF)