# KANG HAGGERTY

**Kandis L. Kovalsky**
215.525.1993
kkovalsky@kanghaggerty.com

May 6, 2021

*Via ECF*
Honorable Alison J. Nathan
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Thomas Koestler v. Martin Shkreli,* **No. 16-cv-7175-AJN**

Dear Judge Nathan:

I write in response to Petitioner's letter dated April 30, 2021 (ECF No. 68) and in further support of Non-Party Kang Haggerty's letter application at ECF No. 64 (the "Letter Motion").

Petitioner concedes that the Subpoena[1] is problematic. *See* ECF No. 68 at 3 ("we fully recognize how nettlesome this area is or at least could be. At present, we are hopeful not to have to venture into that area, hoping that the motions currently pending may bring this judgment enforcement effort to resolution and render all of the rest moot"). This acknowledgment by Petitioner further supports that the Subpoena should be quashed, or, alternatively, a protective order should be entered. This is especially true where Petitioner does not even attempt to address the legal arguments raised in Kang Haggerty's opening letter. In fact, Petitioner's letter is devoid of any legal authority. At a minimum, Petitioner should be required to exhaust other discovery avenues before resorting to deposing Mr. Shkreli's former litigation counsel and dragging Kang Haggerty into this collection action between Petitioner and Respondent.

Petitioner does not deny that he has made no attempts to depose anyone besides Mr. Shkreli's former litigation counsel in the past five years. This includes no efforts to depose Mr. Shkreli himself (either pre- or post-incarceration). Petitioner does not explain why he has not deposed, or attempted to depose, Mr. Shkreli in the five years this instant action has been pending.[2] This fact mitigates heavily against Petitioner being able to establish any "need" to depose Mr. Shkreli's litigation counsel, who has no relevant independent knowledge from Mr. Shkreli, the party in this matter, and who cannot testify to facts Mr. Shkreli disclosed to her in confidence. *See Patsy's Italian Rest., Inc. v. Banas,* 2007 WL 174131, at *3 (E.D.N.Y. Jan. 19, 2007); *Specht v. Google, Inc.*, 268 F.R.D. 596, 601 (N.D. Ill. 2010); N.Y.R.P.C. 1.6 at cmt. 2.

---

[1] All capitalized terms shall mean as they are defined in the letter filed at ECF No. 64.
[2] Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Petitioner must now seek leave to depose Respondent since Respondent is confined in prison. Petitioner has not done so.

**KANG HAGGERTY & FETBROYT LLC**
123 South Broad Street, Suite 1670, Philadelphia, PA 19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

Hon. Alison J. Nathan
May 6, 2021
Page 2 of 3

Petitioner's complaint that he has been "stonewalled" by Mr. Shkreli's attorneys in discovery does not demonstrate a need to depose Ms. Kovalsky. While Kang Haggerty cannot speak as to Petitioner's discovery efforts as to other attorneys (and Petitioner does not explain these efforts), the only discovery before the Subpoena that Petitioner served on Kang Haggerty was interrogatories in aid of execution, which are not permitted to be propounded on a non-party. *See* ECF No. 42 at 20-23; FRCP 33 (Interrogatories to *Parties*). As such, Kang Haggerty has not "stonewalled" Petitioner, but rather, has properly objected to responding to discovery requests that run afoul of the Federal Rules of Civil Procedure.

Petitioner seems to suggest, albeit not directly, that the "the risk of encountering privilege and work-product issues" factor is somehow mitigated by Petitioner's hunch that Kang Haggerty and Ms. Kovalsky were "general business advisors" to Respondent. This position is flawed for multiple reasons.

First, Kang Haggerty and Ms. Kovalsky were not "general business advisors." Petitioner ignores the Declaration of Kandis Kovalsky submitted in support of the Letter Motion, stating that neither she nor Kang Haggerty were ever retained by Mr. Shkreli as "business advisors," as well as Kang Haggerty's public entries of appearance on behalf of Mr. Shkreli across many litigations.[3] Instead, Petitioner focuses on an unsubstantiated claim that the FTC made in a separate antitrust matter. As was explained to Judge Cote in that matter by Christopher Casey of Duane Morris LLP, "Ms. Kovalsky is a lawyer. She's not a business advisor. She advises on the law. And that argument that they made I think was rebutted effectively and shouldn't be considered any longer to the Court." *See* Exhibit 1 at 13:13-16. Judge Cote never ruled on the merits of the FTC's claim. *See* Ex. 3 to Letter Motion. In relying solely on an unsubstantiated assertion by the FTC in a separate action, Petitioner overlooks the concept that legal advice about business-related litigation and non-litigation matters does not suddenly make those communications exempt from the attorney-client privilege. Indeed, if it did, that exception would certainly swallow the privilege in any business dispute, like the ones Kang Haggerty represented Mr. Shkreli in throughout the last few years.

Second, and perhaps more importantly, even if Kang Haggerty had provided business advice to Mr. Shkreli, Petitioner has offered no information about how he would, at a deposition of Ms. Kovalsky, proceed to lay a foundation to establish that his questions are eliciting "business advice" given to Mr. Shkreli, as opposed to legal advice, which Ms. Kovalsky has clearly provided to Mr. Shkreli. *See* n.3, *supra*. Likewise, Petitioner has offered no information about how he would establish that the attorney-client privilege "may have been waived" over certain topics. This is likely because laying a foundation to establish the application of either of these theories will be extremely difficult to do. Ms. Kovalsky maintains that her discussions with Mr. Shkreli are protected by the attorney-client privilege and her duty of confidentiality under the New York Rules of Professional Conduct, which is broader than the attorney-client privilege. As such, Petitioner's

---

[3] *See, e.g., Retrophin, Inc. v. Martin Shkreli,* United States District Court for the Southern District of New York, No. 1:15-cv-06451-NRB, ECF Nos. 18, 21, 22; *Martin Shkreli v. Stephen Aselage, et al.,* United States District Court for the Southern District of New York, No. 1:19-cv-05120, ECF Nos. 1, 9, 10, 17; *Retrophin, Inc. v. Martin Shkreli*, United States Court of Appeals for the Second Circuit, No. 18-2057; *Federal Trade Commission, et al. v. Vyera Pharmaceuticals, LLC, et al.*, United States District Court for the Southern District of New York, No. 1:20-cv-00706-DLC, ECF Nos. 37, 46.

Hon. Alison J. Nathan
May 6, 2021
Page 3 of 3

deposition of Ms. Kovalsky is likely to be met with mostly objections, as Ms. Kovalsky cannot waive Mr. Shkreli's attorney-client privilege. This will then likely require Kang Haggerty, who is not a party in this matter, to be back before the Court, yet again. Allowing the Subpoena to proceed under these circumstances would be a waste of time and resources and not within the spirit of Rule 1.

To the extent the Subpoena is not quashed in its entirety, given that Kang Haggerty has already expended significant time filing applications in response to Petitioner's improper discovery requests, Kang Haggerty requests that the Court allocate Kang Haggerty's costs to Petitioner. "Cost sharing is particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *5 (S.D.N.Y. June 11, 2019) (quotation omitted). "In considering whether cost-shifting is warranted, courts consider (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *Id*. (quotation omitted). All three of these factors weigh in favor of shifting costs. Like in *Loeb*, Kang Haggerty does not have an interest in the outcome of this collection action where Petitioner is seeking to recover in excess of $3 million from Mr. Shkreli; Kang Haggerty's use of its attorneys and employees in connection with the Subpoena "works an opportunity cost" on Kang Haggerty, particularly during a pandemic; and this collection action is of a "purely private nature." *Id.* As such, cost-shifting in connection with the Subpoena, if it is not quashed, would be equitable and appropriate.

Respectfully submitted,

*/s/ Kandis L. Kovalsky*
Kandis L. Kovalsky

*Counsel for Non-Party Kang Haggerty & Fetbroyt LLC*

cc       All counsel of record (via ECF)