UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2021

| | |
|---|---|
| THOMAS P. KOESTLER, | |
| Petitioner, | Civ. No. 16-cv-7175-AJN |
| -against- | **NOTICE OF MOTION FOR RECONSIDERATION OF GRANT OF PETITIONER'S MOTION FOR TURNOVER AND APPOINTMENT OF A RECEIVER** |
| MARTIN SHKRELI, | |
| Respondent. | |

PLEASE TAKE NOTICE that upon the attached Affirmation of Brianne E. Murphy in Support of Respondent's Motion for Reconsideration of Grant of Petitioner's Motion for Turnover and Appointment of a Receiver, dated July 15, 2021, the exhibits attached thereto, and Respondent's supporting Memorandum of Law, the undersigned will move this Court at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York on a date and time of the courts choosing, or as soon thereafter as counsel may be heard, for an Order to Grant Respondent's Motion for Reconsideration pursuant to Local Civil Rule 6.3 or to dismiss Petitioner's action in its entirety.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 6.1(b) any answering papers or cross-motions are required to be served upon the undersigned by July 29, 2021, and any reply papers are due by August 5, 2021.

Dated:  Washington, DC
         July 15, 2021

Respectfully submitted,

ne Murphy
hy Group CNY, PLLC
ennsylvania Avenue SE, Suite 200
ington, DC 20003
e: (347) 524-1415
*reys for Respondent Martin Shkreli*

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
7/19/2021

---

Mr. Shkreli's motion for reconsideration is DENIED.

The standard for granting a motion for reconsideration is strict, and reconsideration should generally be denied absent exceptional circumstances. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not a vehicle for parties to present arguments they could have raised earlier but did not." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345 (AJN), 2021 WL 1180058, at *1 (S.D.N.Y. Mar. 29, 2021) (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat. Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)).

Mr. Koestler's motion for a turnover order and appointment of a receiver had been pending for over three months when the Court decided it. Mr. Shkreli had ample opportunity to brief it, including his initial opposition and a supplemental opposition filed with the Court's leave. Had he requested to further supplement his submissions with the new arguments he now raises about Swiss law, the Court would have allowed him to do so. But he did not. The Court finds that Mr. Shkreli has waived these arguments. Further delay would unfairly prejudice Mr. Koestler. In any case, these newly raised arguments would not alter the Court's decision.

Mr. Shkreli's remaining arguments center on whether the Court properly exercised its equitable discretion in appointing a receiver, and the Court finds that they fall well short of the high bar for reconsideration. In support of these arguments, Mr. Shkreli cites a non-exhaustive list of factors that courts may consider as if it were a checklist of inflexible prerequisites. *See Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (quoting 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2983). However, these same sources (correctly) explain that "receivership may be an appropriate remedy for a judgment creditor who seeks to set aside allegedly fraudulent conveyances by the judgment debtor, or who has had execution issued and returned unsatisfied." 12 Wright & Miller, *supra*, § 2983. For the reasons stated on the record during the July 1, 2021 conference on the motion, the Court finds that appointment of a receiver is appropriate here. If anything, the record supporting appointment of a receiver is even stronger now in light of the public-record reports cited by Mr. Koestler suggesting that Mr. Shkreli continues to exercise significant control over Phoenixus while incarcerated.

The Court thus DENIES the motion. SO ORDERED.