**SCAROLA ZUBATOV SCHAFFZIN PLLC**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/2021

Richard J.J. Scarola
rjjs@szslaw.com
(212) 757-0007 ext. 3201

July 15, 2021

Hon. Alison J. Nathan
United States District Judge
United States District Court — Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *Koestler v. Shkreli*, No. 16-cv-7175 (AJN)

Dear Judge Nathan:

We represent the Judgment Creditor/Petitioner. We write with respect to the schedule for the Kang Haggerty & Fetbroyt LLC ("Kang Haggerty") firm to comply with the Court's Order dated July 1, 2021 (ECF # 80; Transcript at ECF # 86 (the "Transcript")) (the "Order"), in accordance with the Court's direction at ¶ 1 of the Order.[1]

Ms. Kovalsky has proposed a response date for Kang Haggerty of July 30, 2021. That date is acceptable to Petitioner.

We also write to raise the fact that Mr. Kovalsky has indicated an intention to interpose objections other than based upon the attorney-client privilege. We believe that would not be permissible. We served the information subpoena in question in June 2020 and moved to compel full and complete responses in October 2020. The Court granted our motion in the Order, except to the extent of providing that responsive information would be "privileged" (and as to such assertions of privilege, required that there be "specific objections that are teed up in a way that [the Court] can adjudicate" them (Transcript at p.15).

---

[1] The Court also directed in the same paragraph that we confer with counsel for the Judgment Debtor about specified issues. We will write separately as to those issues.

1700 BROADWAY 41ST FLOOR NEW YORK, NY 10019
TEL 212-757-0007 FAX 212-757-0469 WWW.SZSLAW.COM

SCAROLA ZUBATOV SCHAFFZIN PLLC

Hon. Alison J. Nathan
July 15, 2021
Page 2

Ms. Kovalsky has noted among other things, but in particular, an intention to assert objections to the effect that certain information, while not subject to the attorney-client privilege, is "confidential information" within the meaning of Rule 1.6 of New York's Rules of Professional Conduct. This rule covers various categories of information not subject to the attorney-client privilege such as information "detrimental to the client if disclosed" and even "information that the client has requested be kept confidential."

Objection to disclosure on grounds such as those is not only too late (as discussed further below), but would entirely eviscerate this Court's ruling in the Order. This is judgment enforcement discovery. Relevant information by its nature is "detrimental to the client if disclosed" and would surely be "information that the [judgment-avoiding] client has requested be kept confidential." It is self-evident that disclosure is detrimental because it allows a judgment creditor to collect on the judgment. It is that simple, and Rule 1.6 objections would be baseless, and worse, at this point.

Similarly, objections based upon assertions of confidentiality agreements with others would not be well-founded. If they were, any judgment debtor would shield information about assets by entering into such agreements. While this judgment debtor has gotten away with a great deal for many years, the law does not permit that.

But in all events, this Court having now directed compliance with the information subpoenas and entered the Order, these objections are now too late. Rule 1.6(b)(6) specifically provides that Rule 1.6 "confidential information" may be disclosed to "comply with other law or court order." Here, this Court has entered the Order compelling disclosure. Numerous

Scarola Zubatov Schaffzin pllc

authorities point out that Rule 1.6 does not shield discovery in the face of a court order (or even a subpoena with the force of an order).

> "The Court will enforce the narrowed subpoena as modified. … Within twenty-one days of this Order, Akin Gump shall provide to Ms. Alghanim a privilege log for materials responsive to the narrowed subpoena as modified by this Order, and any documents not logged shall be produced. *Akin Gump's production will not run afoul of Rule 1.6 of the New York Rules of Professional Conduct because it is required by an Order of this Court. See* Rule 1.6(b)(6), N.Y. R. of Prof 1 Conduct."

*In re Alghanim*, 17-MC-406 (PKC), 2018 WL 2356660, at *5 (S.D.N.Y. May 9, 2018) (emphasis added). *See also Galgano v. County of Putnam*, 16CIV3572KMKPED, 2021 WL 2036709, at *1 (S.D.N.Y. May 21, 2021) (making clear the obvious, *viz.*, that a court-ordered subpoena is a court order); *U.S. v. Kossak*, 275 F. Supp. 2d 525, 533 (D. Del. 2003), *aff'd,* 178 Fed. Appx. 183 (3d Cir. 2006) (unpublished) ("The court will note simply that the drafters of Rule 1.6 acknowledged the self-evident principle that an attorney who produces information pursuant to a court order does not violate Bar disciplinary rules. *See* Rule 1.6, comment (noting that '[t]he lawyer must comply with the final orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client'")).

Because everything in this matter has dragged on far too long, and because we believe time is of the essence as to the judgment debtor and the ability to reach his assets, we raise these issues with the Court now in the hope that the Court will take them up now, without our waiting for objections on July 30 and then commencing a new round of motion practice to compel.

Respectfully submitted,

Richard J.L. Scarola

By ECF

The Kang Firm shall respond to the subpoena by July 30, 2021.
Any objections to information requests in the subpoena shall
be supported with a privilege log and an explanation of the
basis for the objection.  Any such objections shall be consistent
with the Second Circuit's opinions in *Lefcourt v. United States*,
125 F.3d 79 (2d Cir. 1997), and similar cases holding that
information concerning a client's finances, including the source
of any payments to the attorney, is generally not protected
from disclosure notwithstanding its incriminating character or
the client's stated desire that the attorney maintain the
information in confidence.  SO ORDERED.

7/19/2021

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.