

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

July 21, 2021

**By ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

     Re: *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (AJN)

Dear Judge Nathan:

     I write today to provide a brief update pursuant to Your Honor's order on July 20, 2021 to inform the Court of the following:

     I have been unable to schedule a legal call with my client since our July 1, 2021 hearing. However, I learned on July 15, 2021 that Mr. Shkreli's Counselor is on vacation until July 27th, 2021 and has responded that he will schedule a legal call upon his return. I will keep the court apprised of any such developments.

     As to the appointment of Mr. Sundar Kodiyalam, Respondent Shkreli objects to his appointment and did so during oral argument on July 1, 2021 on the basis of the preexisting relationship with Petitioner Koestler. As articulated by Mr. Scarola in his declaration (ECF 48): "the Creditor and Mr. Kodiyalam have known each other for some time in a professional capacity, have regard for each other and have had some business dealings in common. If the Court is inclined to entertain appointment of Mr. Kodiyalam as the receiver, both the Creditor and Mr. Kodiyalam would provide such other, further disclosure and response to inquiry as the Court would require as a condition of the appointment." Respondent Shkreli objects on the basis of this, as of yet undisclosed prior relationship. Moreover, Mr. Kodiyalam's qualifications to be appointed a receiver in this matter have not been established other than his relationship with Dr. Koestler, and vague experience in pharmaceuticals. He has not established any expertise in receivership, knowledge of the law or process, or any expertise in mergers, acquisitions, liquidations of pharmaceutical companies. His CV is virtually silent as to his activities since 2018, listed simply as Biotech Consultant a "Board Member" to Lodo Theraputics and "Senior Advisor" to Accelerated Life. Taken at face value, his prior experience of running a pharmaceutical hedge fund may qualify him to run a pharmaceutical hedge fund but in no way provides him with the requisite skills required of a receiver, and lacks the most important quality – neutrality. Ultimately, Mr. Kodiyalam may be a subject matter expert in pharmaceuticals but this alone does

not qualify him for the role of an unbiased receiver. Instead, independence from the parties, and a proven track record of integrity, are key.

To that end, and pursuant to Your Honor's Order, I have attached a copy of the resume and qualifications of Daniel R. Alonso, Esq. As noted in the cover email, I am filing this via email rather than ECF, as the attached contains granular level details of Mr. Alonso's work and experience which he has requested that we do not file on the public docket. Should Your Honor so request it and with your permission, I will file a redacted version on the docket as needed.

As previously noted, Mr. Alonso is an attorney with more than 30 years' experience, including extensive experience in independent roles designed to ensure compliance and integrity of institutions. He is currently a partner at Buckley LLP, where he leads the monitorship practice and provides compliance advice to clients in the U.S. and abroad. He has the requisite skills, experience and knowledge of law and process to be well positioned to liquidate the asset in question. He has already successfully serv as a federal-court-appointed receiver, in addition to decades of wide-ranging experience with oversight and compliance, as a prosecutor, as a private attorney, and as a trusted independent third-party. As the former Chief of the Criminal Division in the U.S. Attorney's Office for the Eastern District of New York, he oversaw the selection of monitors and supervised monitorships, as well as the work of 110 federal prosecutors in a wide variety of investigations and prosecutions, including health care fraud and pharmaceuticals. As the Chief Assistant District Attorney in New York County for four years, he oversaw complex investigations and directed the work of more than 500 prosecutors and 800 staff.

Mr. Alonso is well-versed in independent assignments that have required him to perform a neutral role. Most significantly, he was previously appointed a receiver by the Honorable Mark Kravitz of the United States District Court for the District of Connecticut in the case of *CFTC v. Rolando, et al.*, No. 3:08-CV-0064 (MRK) (D. Conn.). That assignment required him to take over the assets of a defunct investment concern known as IATrading.com, whose principal perpetrated a $43 million Ponzi scheme. Centered in South America, the case required him to investigate the facts and report to the court on his findings, along with his efforts to locate and secure assets that could be returned to several hundred investors. The U.S. District Judge overseeing the case entrusted Mr. Alonso with gathering assets around the world, investigating the facts of each investor's claim and devising an equitable plan for returning as much investor money as possible. Thanks to those efforts, victims received nearly 60 cents on the dollar.

More broadly than mere service as a receiver, as his bio and his resume show, he has been repeatedly trusted by courts and government agencies with sensitive independent and oversight roles. I respectfully suggest that the court should appoint him here because of his demonstrated integrity and ability to carry out sensitive assignments. The key here for everyone involved—the Court, the government, the Petitioner, and certainly Mr. Shkreli—will be to ensure that the receiver can be trusted to exercise his fiduciary obligation to obtain top dollar for the shares. Mr. Alonso's career has been one of trust placed in him by government agencies and courts, and it is in that vein that we tender him. The Court should note that Mr. Alonso has no relationship whatsoever with

Mr. Shkreli or with his counsel in this matter. Indeed, he has assured me that he is well familiar with the obligations of independent roles, having carried them out in the Rolando matter, his court appointment in Arizona (by the Honorable G. Murray Snow) as the Independent Disciplinary Authority for the Maricopa County Sheriff's Office, his service as Special Counsel for a bipartisan committee of the New York State Senate, and two monitorships which he led in the last five years.

Although I submit that independence and integrity are paramount here, Mr. Alonso also has experience both with private securities transactions and with the pharmaceutical industry. He has corporate transactional experience from his service as general counsel of Exiger from 2014 until early 2020. Exiger is a global compliance firm that is closely held and which made several acquisitions of other companies while he served in that role, as well as raising capital from private equity. And, with respect to the pharmaceutical industry, although Mr. Alonso does not claim to be a subject matter expert, he has advised large pharmaceutical companies in the past on matters relating to government enforcement, and he currently represents clients in two separate pharmaceutical company investigations. Additionally, he served as Chief of the Criminal Division in the Eastern District of New York, as well as its Health Care Fraud Coordinator. In the former role, he was responsible for all investigations, including those involving the pharmaceutical industry.

In addition to having the requisite knowledge, skills and experience to effectively serve as a neutral receiver, Mr. Alonso does not have any prior existing relationship with either party. (He has advised me that he has offered Mr. Scarola the opportunity to speak with him as well, though they have not as of yet.)  We stress that subject matter expertise should not be dispositive here, but integrity and independence are. Mr. Alonso brings those to the table.

As to the modifications to the proposed order, Respondent Shkreli believed Petitioners' proposed order to be overly broad and far reaching beyond the scope of a mere appointment of a receiver.  CPLR 5227 provides in pertinent part:

(a) Appointment of receiver. Upon motion of a judgment creditor, upon such notice as the court may require, the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment. As far as practicable, the court shall require that notice be given to the judgment debtor and to any other judgment creditors of the judgment debtor. The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed. A receiver shall have no power to employ counsel unless expressly so authorized by order of the court. A receiver shall be entitled to necessary expenses and to such commissions, not exceeding five percent of the sums received and disbursed by him, as the court which appointed him allows, but if a judgment creditor is appointed receiver, he shall not be entitled to compensation. If a receiver has been appointed, a court making an order directing payment, or delivery, of property shall direct that payment, or delivery, be made to the receiver rather than to a sheriff. Sections 6402, 6403, 6404 and 6405 are applicable to receivers appointed under this subdivision.

Mr. Scarola's Proposed Order may have been within the scope of CPLR 5227; however he is not entitled to the proposed relief as he sought it. He is not entitled to a five (5%) percent commission, he is statutorily capped at five (5%) percent. Additionally, he is not entitled to unfettered access to counsel and/or fees; and unconstraint spending of the estate which ultimately will cost Respondent Shkreli. Mr. Scarola's position and posturing about Respondent Shkreli's intentions and unwillingness to pay this judgment coupled with his collusion with former Board Members of Phoenixus, ignores the fact that Respondent Shkreli has been ***unable, rather than unwilling,*** to pay the judgment due to the existing Forfeiture Order.

I implore Your Honor to take all of this into consideration.

Respondent remains committed to paying this judgment and is not seeking to delay the matter, but rather avoid unnecessary costs for collecting the judgment and protection and oversight from the Court to ensure the receivership process is fair and equitable to an incarcerated individual without adequate access to legal counsel. Finally, while the exercise of appointing a receiver may not require collaboration, the level of acrimony and distrust between the Parties extends to the pre-existing relationship with and potential appointment of Mr. Kodiyalam. Even if not Mr. Alonoso's that end, we pectfully request that Your Honor appoint a neutral receiver with the requisite experience of recovering assets world-wide for investors: Mr. Alonso. As to fees, with Your Honor's permission, Respondent would agree with Mr. Alonso to a hybrid engagement letter providing for a reduced hourly rate plus a fee of not less than three (3%) percent for the Mr. Alonso's fees for his retainer. Additionally, I believe these facts are paramount to resolve this and settle a receiver.

Please advise if Your Honor would appreciate additional information on the status of this matter.

Respectfully submitted,

/s/
Brianne Murphy
Murphy Group CNY, PLLC
600 Pennsylvania Avenue SE, Suite 200
Washington, DC 20003
Phone: (347) 524-1415
*Attorneys for Respondent Martin Shkreli*