

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES:LDM:CSK                                    *271 Cadman Plaza East*
                                               *Brooklyn, New York 11201*

July 27, 2021

**By ECF**

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (Nathan, J.)

Dear Judge Nathan:

  The undersigned Assistant U.S. Attorneys represent the government in connection with the forfeiture aspects of the criminal case against respondent Martin Shkreli ("Shkreli") in the Eastern District of New York, *United States v. Shkreli*, 15-CR-637 (E.D.N.Y.) (Matsumoto, J.) (the "Criminal Case"). We respectfully write to report on both the status of the forfeiture money judgment ("Forfeiture Judgment") entered against Shkreli in the Criminal Case, and the substitute assets (the "Substitute Assets") listed in the Preliminary and Final Orders of Forfeiture (the "Forfeiture Orders") entered against Shkreli.

  Earlier today, the government completed its collection of the outstanding balance owed on the Forfeiture Judgment with the sale of a Substitute Asset, the Wu-Tang Clan album "Once Upon a Time in Shaolin." The following Substitute Assets remain in the government's custody: (1) a certificate for Shkreli's preference shares A in Turing Pharmaceuticals (the "Phoenixus Shares")[1] and (2) an engraving on paper by Picasso (the "Picasso Engraving").[2]

---

  [1] Phoenixus AG, a closely held company located in Switzerland, was previously named Turing Pharmaceuticals AG and then Vyera Pharmaceuticals AG.  In response to the Forfeiture Orders, and following his exhaustion of all appeals, Shkreli turned over the Phoenixus Shares.

  [2] While the Picasso Engraving was referred to as a "Picasso painting" in the Forfeiture Orders, it was subsequently determined to be an engraving.  In addition, the government never seized or recovered any amount from the Substitute Asset listed as "the album 'Tha Carter V' by Lil Wayne."

With respect to the Phoenixus Shares, given that the Forfeiture Judgment is now satisfied, there is no further need for the government to seek priority in the proceeds from any liquidation of Shkreli's interest in Phoenixus, as previously indicated in the letter the government filed on April 9, 2021.  As this Court has already granted the turnover and appointment of a receiver to liquidate Shkreli's interest in Phoenixus, the government is prepared to submit a proposed order to the court in the Criminal Case to turn over the Phoenixus Shares in government custody to a receiver once one is appointed and authorized to accept the shares, or as this Court may otherwise direct.  With respect to the Picasso Engraving, the government is prepared to make that available for inclusion in the liquidation of assets sought in this proceeding.  If the Picasso Engraving is not included in the liquidation of assets in this proceeding, the government will review its options, including the filing of an interpleader action or the return of the engraving to Shkreli.[3]

Also today, the government filed the enclosed letter in the Criminal Case to advise the court that the Forfeiture Judgment is now fully satisfied.  The enclosed letter further advised the court that the government intends to make both the Phoenixus Shares and the Picasso Engraving available for turnover pursuant to this Court's orders in this proceeding, once a receiver is appointed and a decision is made whether to include the Picasso Engraving in the liquidation of assets.

We thank the Court for its consideration of this letter.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney
Eastern District of New York

By:      /s/_____
         Laura D. Mantell
         Claire S. Kedeshian
         Assistant U.S. Attorneys
         (718) 254-6253/6051
         Laura.Mantell@usdoj.gov
         Claire.Kedeshian@usdoj.gov

Encl.
cc:    All Counsel of Record (by ECF)

---

[3] The United States Marshals Service continues to incur expenses for retaining custody of the Picasso Engraving.