

# Murphy Group CNY, PLLC

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

September 27, 2021

**By ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (AJN)

Dear Judge Nathan:

      I am writing in response to Receiver Derek Abbott's ("Mr. Abbott" or "the Receiver") letter motion and order liquidating a certificate representing 875,000 shares in a company named AudioEye, Inc. (NASDAQ: AEYE) (the "AudioEye Shares"). Judgement Debtor has no objection to the liquidation of these assets nor to the Order Proposed by the Receiver.

      Of concern, however, is Mr. Abbott's position that as the Receiver, he is presumably entitled to vote for Mr. Shkreli's shares. He cites no legal basis, statute, or case law for this position. The purpose of a receivership is judgement enforcement *up to the satisfaction of the value of the judgment*; not to exercise the controlling voting stake, which could change the direction of the company and its board. Given that the. as of yet undetermined, the value of the shares could far exceed the amount of the judgement, the potential harm to Respondent and other shareholders in a neutral receiver effectively exercising a sizeable voting position in a Swiss Company far exceeds his authority or the intentions the of judicial enforcement. Moreover, it calls into question the intentions of the request, particularly in light of the fact that Judgement Debtor, via his counsel, has already agreed to the Receiver to facilitate the liquidation of the

shares in question or alternative assets *up to the value of the judgment*[1]. Insofar as the Judgement Debtor is cooperating to facilitate the payment of this judgment, there is no plausible reason for such broad sweeping assumptions.

Phoenixus AG is a Swiss corporation, registered on November 20, 2014 in Baar, Switzerland. *Wormwood Capital LLC et al v. Kevin P. Mulleady et al*, 656841/2020, NYSCEF Doc. No. 16.  The Receiver's position is contrary to Swiss Law and prejudices not only Judgment Debtor's rights as a shareholder; but those of other shareholders in a Swiss company. Notably, the Eastern District of New York, as a custodian of these shares which were substitute assets in the forfeiture order, agreed that Judgment Debtor had the right to vote his shares.

The Forfeiture Order and Petitioner's Judgment are personal to Respondent, not in his capacity as a shareholder of Phoenixus, nor is either judgment against the company. Under Swiss law, and US law, allowing a receiver the broad voting control prior to even a valuation of the shares and the potential impact to the makeup of its governing board could potentially cause harm to a Swiss Company or its shareholders; and would likely not be upheld in Swiss Court or recognized by the company. Id.  Ultimately, allowing the Receiver the power to vote for Mr. Shkreli's shares will result in delays, rather than expediting the goal of facilitating the fastest payment to the Judgment Creditor.

Membership of the Phoenixus AG Board is governed by Swiss law and, according to expert opinion, "a Swiss court would not enforce an order from a US court affecting the

---

[1] Per my last conversation with Mr. Abbott, I indicated that we would cooperate with liquidation of Judgment Debtor's assets up to the value of the judgment; the question arose as to whether he had the authority to liquidate all of Mr. Shkreli's shares and return the excess to Mr. Shkreli.  This is well beyond the scope of the judgment enforcement role and is concerning that the presumption to vote the shares and potentially liquidate all of them appears to have a neutral receiver putting his thumb on the scale of a rather public shareholder dispute rather than simply maximizing the value of assets to satisfy Petitioner's judgement.

composition of the board of a Swiss company." Id. Since the sale of Respondent's Phoenixus shares could directly affect the corporation itself, Swiss Shareholder rights must be considered.

As an expert in Swiss law concluded, "in my opinion, a Swiss court would not enforce an order from an American court requiring a Swiss company to alter its practices, form an audit committee, appoint a monitor, restate its Financials, or otherwise take (or stop from taking) other corporate action. Swiss law has its own processes and remedies which control these issues." It logically follows that if a Swiss Court or company is neither required to nor would recognize a U.S. Court Order as to the business practices of U.S. shareholders, it would not recognize the Receiver's votes – likely setting up a wholly unnecessary dispute and delays.

Respectfully submitted,

/s/
Brianne Murphy
Murphy Group CNY, PLLC
600 Pennsylvania Avenue SE, Suite 200
Washington, DC 20003
Phone: (347) 524-1415
*Attorneys for Respondent Martin Shkreli*