# KANG HAGGERTY

**Kandis L. Kovalsky**
215.525.1993
kkovalsky@kanghaggerty.com

October 22, 2021

*Kang Haggerty need not produce bank records from its IOLTA trust account regarding June 9 and 10, 2020 transfers to p[X].X[...]. Denise Cote 10/22/21*

*Via ECF*
Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:    *Thomas Koestler v. Martin Shkreli,* No. 16-cv-7175-DLC

Dear Judge Cote:

On behalf of Non-Party Kang Haggerty, I write in response to Petitioner's October 21 letter (ECF No. 151) and in further support of Kang Haggerty's October 20 letter (ECF No. 146), and respectfully request the Court to consider the arguments raised herein before ruling on the dispute between Petitioner and Kang Haggerty.

It is now clear that Petitioner seeks for Kang Haggerty to produce confidential bank records from its IOLTA trust account not because they contain additional necessary information for Petitioner in this judgment collection action, but because he does not believe Kang Haggerty's sworn answers to the questions in the information subpoena. *See* ECF No. 151 at 2 (Petitioner arguing that he needs "bank-documented records of dates transactions occurred" even though Kang Haggerty provided the dates of the transactions in its sworn answers). Petitioner's argument that "something is being hidden" because Kang Haggerty does not want to voluntarily turn over its confidential banking records is patently absurd, and yet another one of Petitioner's ill-conceived conspiracy theories. Petitioner's skepticism, which has led to many conspiracy theories about Kang Haggerty and its lawyers that have been effectively rebuked during this action, is not a sufficient basis to burden a non-party law firm with duplicative discovery requests.

The only information Petitioner claims he needs that has not already been provided is account numbers. This argument is unpersuasive. Petitioner provides no explanation of how this sensitive information will help him collect on the judgment. As Kang Haggerty already stated under oath and told Petitioner on other occasions, it is not in possession of any monies belonging to Mr. Shkreli. *See* ECF No. 146-1 (No. 3) and 146-3 at 3 ("we are not holding any monies belonging to or for the benefit of Mr. Shkreli (see Response to Interrogatory No. 3")). To be clear, even if Kang Haggerty were ordered to produce bank documents, it would be redacting its account numbers absent a specific order from the Court to the contrary.[1] Kang Haggerty has provided descriptions

---

[1] Petitioner's suggestion that a confidentiality order is sufficient to alleviate Kang Haggerty's concerns about this sensitive information being produced is unavailing. In any event, Kang Haggerty, a non-party, should not be burdened with negotiating a confidentiality order to produce documents reflecting information Petitioner already knows.

**KANG HAGGERTY & FETBROYT LLC**
123 South Broad Street, Suite 1670, Philadelphia, PA 19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

Hon. Denise L Cote
October 22, 2021
Page 2 of 3

of the accounts at issue, including the identities of the holders and the banks. *See* ECF No. 146-1 at Exs. 1 and 2-A. That is sufficient information for Petitioner to pursue any collection efforts against non-parties and their banks.

While Petitioner tries hard to use Mr. Shkreli's status as a "felon" to influence the Court into believing that Mr. Shkreli's attorneys are somehow in "criminal contempt of court," Petitioner fails to inform the Court of basic facts that wholly negate such a concept to the extent it even exists.[2] For example, Petitioner has failed to explain to the Court that Kang Haggerty was not served with a restraining notice until after the June 9 and 10, 2020 transfers.[3] Petitioner presumably has, or should have, the proof of service. But rather than deal with the hard facts, Petitioner makes vague assertions of transactions being "contemporaneous" with judgment enforcement restraints. *See* ECF No. 151 at 2, fn. 2. As many documents show, which Kang Haggerty understands Petitioner to have sought from Mr. Shkreli, the transfer made to Kang Haggerty on June 9, 2020 from an escrow account at a bank was well anticipated before Petitioner could argue anyone was served with judgment enforcement restraints.[4] The timing of the transfer relates to a Settlement Agreement and Escrow Agreement. While Petitioner complains that Kang Haggerty made no previous transfers before June 9, 2020, these documents support that no disbursements could be made. The transfer from the escrow account to Kang Haggerty required a joint instruction to the bank from the settling parties. Mr. Shkreli signed this instruction on June 1, 2020. The instruction was sent to the bank on June 8, 2020. *See* **Exhibit A**. While Petitioner may be frustrated by the inconvenient timing for him of the June 2020 transfers, the reality is that the timing of the transfers was tied directly to the Settlement and Escrow Agreements, not Petitioner's judgment enforcement efforts.

Lastly, Petitioner's suggestion that the Court "may still enforce" a subpoena that was previously quashed by the Court makes no sense, unless the Court were to reverse itself (months later). The subpoena was quashed for a reason and there is no pending subpoena for documents to Kang Haggerty. The Federal Rules of Civil Procedure do not support a non-party having to produce confidential documents (which of course necessarily requires the non-party to negotiate a confidentiality order) pursuant to an informal email request, like is the case here.

---

[2] Petitioner provides no support for his incredible theory that Mr. Shkreli's attorneys could be held in "criminal contempt of court."

[3] While not an issue today, whether a New York state restraining notice can be enforced against Kang Haggerty is unlikely given the lack of either general or specific personal jurisdiction. *See Doubet, LLC v. Trustees of Columbia Univ. in City of New York*, Index Bo. 401544/07, 2011 NY Slip Op 51219(U) (Supp. Ct. N.Y. Cty. Jul. 6, 2011), adhered to on reargument, 2011 NY Slip Op 52131(U) (Sup. Ct. N.Y. Cty. Nov. 29, 2011), *and aff'd*, 99 A.D.3d 433 (1st Dep't 2012); *Glob. Tech., Inc. v. Royal Bank of Canada*, Index No. 150151/2011, 2012 NY Slip Op 50023(U) (Sup. Ct, N.Y. Cty., Jan. 11, 2012); *Berkshire Bank v. Tedeschi*, No. 1:11-CV-0767 (LEK/CFH), 2016 WL 1029526, at *2 (N.D.N.Y. Mar. 15, 2016). In any event, it does not matter because the June 9 and 10 transfers were made before Kang Haggerty was served.

[4] Kang Haggerty understands that Petitioner claims that because the Bureau of Prisons was served with an information subpoena and restraining notice directed to Mr. Shkreli on June 10, 2020 that Mr. Shkreli should be deemed to have received those documents that same day. Petitioner has not demonstrated that Mr. Shkreli actually received the information subpoena and restraining notice on June 10, 2020.

Hon. Denise L Cote
October 22, 2021
Page 3 of 3

Respectfully submitted,

*/s/ Kandis L. Kovalsky*
Kandis L. Kovalsky

*Counsel for Non-Party Kang Haggerty & Fetbroyt LLC*

cc      All counsel of record (via ECF)