# SCAROLA ZUBATOV SCHAFFZIN PLLC

October 21, 2021

Hon. Denise L. Cote
United States District Judge
United States District Court — Southern District of New York
United States Courthouse
500 Pearl Street — Room 1910
New York, NY 10007

    Re:    *Koestler v. Shkreli*, No. 16-cv-7175 (DLC)

Dear Judge Cote:

    We represent the Petitioner/Judgment Creditor Dr. Thomas P. Koestler.

    We write to request that the Court direct turnover to Petitioner of $50,000 that has been sent by check to our firm to hold in escrow (or that the funds be disbursed otherwise as the Court deems appropriate). The funds were received by our firm by check drawn to the order of our firm's escrow account from Brafman & Associates, P.C. (the "Brafman Firm"), for the benefit of the Petitioner (they are now deposited in our firm's IOLA escrow account).

    By way of background, Petitioner, through our firm, served NY State CPLR 5222 restraining notices upon the Respondent and Judgment Debtor, Martin Shkreli, and also upon the Brafman Firm, in June 2020. We learned a few weeks ago through limited (and incomplete and overdue disclosures) from Mr. Shkreli that Mr. Shkreli, through his counsel Brianne Murphy (who, it has also been disclosed, holds Mr. Shkreli's power of attorney), sent $50,000 from funds held by Ms. Murphy in escrow for Mr. Shkreli to the Brafman Firm in December 2020. That transfer was made in apparent violation of the restraining notices to Mr. Shkreli and also to the Brafman Firm. We raised the issue with the Brafman Firm and it has since sent the funds by check, with its explanatory cover letter (a copy is the attached Exhibit A (with mandatory redaction of the account information on the enclosed check we received)), in response.

    The Order appointing a Receiver (ECF # 120) calls generally for the Receiver to take custody of assets located to satisfy the judgment and, as to assets other than Mr. Shkreli's Phoenixus stock which should be liquidated as soon as possible, to hold such assets subject to further order of the Court. Given that the $50,000 in question is a cash asset rather than assets of the sort a receiver would need to liquidate, and was secured without any efforts by the Receiver or his counsel, we believe there is no purpose to the Receiver taking custody of the money and making a similar application in lieu of the Petitioner and Judgment Creditor making this application.

    The Receiver has noted to us, as we understand it, that one reading of the receivership order, at its ¶ 4 (ECF #120), would provide for even these cash assets to be turned over to the Receiver in the first instance (or at least counted among those assets collected by him even if remitted directly to the Petitioner). We do not speak for him in this regard and leave it to him if

1700 BROADWAY  41ST FLOOR  NEW YORK, NY 10019
TEL 212-757-0007  FAX 212-757-0469  WWW.SZSLAW.COM

## SCAROLA ZUBATOV SCHAFFZIN PLLC

he believes any comment is warranted. In this regard, we point out the following. Paragraph 4 states in relevant part that Shkreli assets "shall be turned over to the Receiver to be held subject to further order of this Court and shall not be returned to the Judgment Debtor until such further Order of this Court (but shall not be sold by the Receiver without further order of this Court)." We believe that the intent of this paragraph is to reach assets that the Receiver must "sell," especially if his sale of the Phoenixus stock does not generate funds sufficient to satisfy the judgment, but not cash assets that the Receiver has no role in collecting (and of course no need to liquidate). The references in the language quoted to the assets being "held" without return to Mr. Shkreli until a further order but not "sold" without further order of the Court confirms this.

New York judgment enforcement receivership law is to the same effect. A receiver will be appointed under the NY CPLR procedures (used here in accordance with FRCP 69) to take custody of and sell assets that are difficult to liquidate. *See, e.g.*, 11 Weinstein, Korn & Miller, New York Civil Practice, ¶ 5228.05, at 52-499 (2004) (noting that pursuant to NY CPLR 5228, the Court should "appoint a receiver when disposition of the debtor's property by private negotiation is preferable to an execution sale"); David D. Siegel, New York Practice, § 512 (2004) (stating that a receivership is appropriate when the "property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction" such as the interest of a judgment debtor in a professional corporation). In contrast, when cash is involved, NY CPLR 5222 restraining notices have the effect of restraining disbursement of that cash, the persons or parties holding it and receiving a restraining notice ordinarily comply with an information request about the restrained cash (among other things), and the judgment creditor then asks the Court to direct that the funds be turned over — as is requested here.

We also point out that the Receiver will have ample other funds available to pay expenses and commission entitlements when application for them is made. He holds the AudioEye stock and is in the process of liquidating it (with estimated value of approximately $350-400,000). That is further reason not to delay direct disbursement now to the judgment creditor/Petitioner of the $50,000 remitted by the Brafman Firm.

In all events, our firm currently holds this $50,000 in escrow and will promptly disburse those funds as the Court directs.

Finally, we note that Petitioner may be entitled to other relief relating to the apparent violation of the restraining notices described above and reserves the right to request further relief in that regard and does not waive any such relief by making this application addressed at this time only to the issue of turnover of the funds at issue.

*Denied.*

*[signature]*
10/22/21

Respectfully submitted,

*[signature]*
Richard J.J. Scarola

By ECF
Attachment