UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS P. KOESTLER,

          Petitioner and Judgment Creditor,

          *-against-*

MARTIN SHKRELI,

          Respondent and Judgment Debtor.

Civil No. 16-cv-7175 (DLC)

# [PROPOSED] ORDER FOR CONFIDENTIAL TREATMENT

WHEREAS this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the post-judgment judgment enforcement phase of this action (the "Enforcement Action"),

IT IS HEREBY ORDERED:

1. "Discovery Material," as such term is used herein, shall refer to:

(a) all transcribed testimony in the Enforcement Action; and

(b) all documents and other discovery materials produced by a person or party:

    (i) in response to any discovery request or (ii) pursuant to any Order or direction of the Court.

2. This Order does not impose any obligations on anyone or affect the rights of anyone with regard to disclosing or using Discovery Material he, she or it has possessed, obtained, produced or disclosed prior to the date of this Order.

3. Any person or party in the Enforcement Action producing or receiving Discovery Material may designate as "Confidential" any Discovery Material that it deems in good faith is entitled to protection as proprietary or confidential business information that, if disclosed on the public docket of the Court, would have a reasonable likelihood of causing unwarranted business or financial harm to the designating person or party (as so designated, "Confidential Discovery Material"). Documents produced in the Enforcement Action may be designated "Confidential" by marking the pages of such documents with such designation and circulating copies to other persons and parties with access to the documents in that form with reasonable notice of the designation. Only the parts of such page or other thing warranting confidential treatment shall be designated as Confidential and confidentiality protections shall be limited to such designated portions accordingly. The parties shall not use or disclose the Confidential Discovery Material

other than in connection with or in relation to the Enforcement Action, any related action or proceeding or in enforcement of any judgment related to or arising out of the Enforcement Action. For the avoidance of doubt, nothing in this Order shall be construed to limit or restrict in any way the use of any Confidential Material by the Receiver, the Petitioner and Judgment Creditor or any of their counsel in taking any steps for purposes of enforcing the Judgment in the Enforcement Action against Martin Shkreli or in any related action or proceeding or in enforcement of any judgment related to or arising out of the Enforcement Action and, in the case of the Receiver, the Receiver's use of the Confidential Material in the execution of his duties under the Receivership Order subject to appropriate and reasonable confidentiality measures.

4. Any portion of transcribed (or otherwise recorded) testimony may be designated as "Confidential" within thirty (30) days following receipt by the designating person or party of such transcript, and any testimony so designated shall be treated as Confidential Discovery Material under the terms of this Order. The provisions of ¶ 3 hereof shall apply to such transcripts, including as to the provision for designations being made only as to specific portions that should be deemed Confidential and the provisions describing permissible uses.

5. A person's or party's inadvertent production of any Discovery Material lacking a "Confidential" designation will not be deemed a waiver of that person's or party's claim to the confidential nature of such Discovery Material, or estop said person or party from designating said Discovery Material as "Confidential" at a later date; *provided, however*, that such late designation shall not have retroactive effect so as to apply to the conduct of any person or party or the Receiver prior to the time of such designation.

6. A person's or party's inadvertent production or disclosure of any material entitled to protection under any applicable doctrine of privilege or immunity from disclosure shall not be deemed a waiver of any such privilege or immunity. Upon the request of the producing person or party, the inadvertently produced or disclosed material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned immediately to the producing person's or party's attorneys.

7. A party or the Receiver may, after designation by any person or party of any Discovery Material as Confidential, notify the designating person or party, in writing, or in the case of testimony, either upon the record of such testimony or in writing later, of objection to the designation of any material as Confidential Discovery Material at any time. If the objection to the designation of a party cannot be resolved by agreement of counsel within ten (10) days of written objection thereto, the designating party shall have the option of bringing an application for a ruling or protective order within ten (10) days of the expiration of the ten (10) day meet and confer time period, or withdrawing the designation. During the ten (10) day period after an objection is raised, or, if earlier, until the designation is withdrawn, the Discovery Material shall be treated as Confidential Discovery Material. If the designating party does not initiate a request for judicial relief within such ten (10) days of the expiration of the ten (10) day meet and confer period, the Confidential designation will be deemed withdrawn at the expiration of that ten (10) day period. If such request for judicial relief is made, the Discovery Material shall be treated as Confidential Discovery Material and subject to this Order until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court. In the event a person that

is not a party designates Confidential Discovery Material and a party or the Receiver notifies such person of an objection in accordance with the procedures above, and the objection cannot be resolved by agreement of counsel within ten (10) days of written objection thereto, the objecting party or the Receiver shall have the option of bringing an application for a ruling on the objection, but after an objection is raised to such person, the Discovery Material shall be treated as Confidential Discovery Material and subject to this Order until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court. Any objection to the designation of Confidential Discovery Material by a person that is not a party shall be raised by a party or the Receiver within sixty (60) days of notice of the designation, and shall be in writing to the designating person, or in the case of testimony, either upon the record of such testimony or in writing later but within sixty (60) days, and if not made within such sixty (60) days, such right to object to the designation will be waived unless that time period is extended by agreement of the designating party or order of the Court.

      8. Before making disclosure of any Confidential Discovery Material, except to a party, the Receiver, any persons assisting a party or the Receiver in connection with the Enforcement Action, counsel for a party or the Receiver, such counsel's employees, contractors and agents who are assisting in connection with the Enforcement Action and the Court, a party or the Receiver must obtain an agreement in writing, in the form attached hereto as Exhibit A, from such person reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. Each party and the Receiver shall maintain a list of all persons who have executed such agreements but shall not be obligated to disclose that list to any person or party except upon and Order by the Court to do so.

      9. Each party and the Receiver, should any of them wish to file with the Court any Confidential Discovery Material, will use best efforts to apprise any other person or party who or which had designated such Confidential Discovery Material as Confidential of that intention to file so that such person or party may seek permission and make arrangements for filing as redacted or under seal of any Confidential Discovery Material in accordance with the rules and procedures in this Court for redaction or sealing of publicly filed documents. Seven (7) days prior notice shall presumptively be deemed sufficient such notice to a party that has designated information as Confidential Discovery Material so as to allow such party to seek such permission. If a party or the Receiver believes it needs to make such filing before a party having designated material as Confidential Discovery Material would have sufficient opportunity to seek permission from the Court for redaction or sealing, then the party or the Receiver shall file

3

the material in question in accordance with the rules and procedures in this Court for redaction or sealing of publicly filed documents.

Dated: October 28, 2021

SCAROLA ZUBATOV SCHAFFZIN PLLC

By _____
*Attorneys for Petitioner
/Judgment Creditor*
1700 Broadway
41st Floor
New York, NY 10019
Tel.: (212) 757-0007

MURPHY GROUP CNY, PLLC

By _____
*Attorneys for Respondent
/Judgment Debtor*
600 Pennsylvania Ave., S.E.
Suite 200
Washington, D.C. 20003
Tel.: (347) 524-1415

DEREK C. ABBOTT

By _____
Derek C. Abbott, *Receiver*
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel.: (302) 351-9357

Dated: October 28, 2021

So Ordered: _____
U.S.D.J.

4