

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

March 7, 2022

*Via ECF*
Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *Thomas Koestler v. Martin Shkreli,* No. 16-cv-7175-DLC

Dear Judge Cote:

I write on behalf of Martin Shkreli, the Judgment Debtor to seek clarification on the above matter of the Court's intention based on the transcripts of the October 12, 2021 hearing as it relates to Judgment Creditor's ability to seek information dating back to 2016 or as Judgment Debtor's understands it, to seek information regarding assets available for liquidation in 2021. Consistent with Your Honor's rules, the Parties met and conferred in December 2021; wherein Petitioner indicated his willingness to limit the scope of his inquiries. Nonetheless, Judgment Debtor has learned of continued inquiries regarding assets that (1) pre-date the restraining notice and/or service thereof; and (2) we believe amount to harassment of third parties. The totality of Petitioner's inquiries, both in scope and volume, indicate that our interpretation of Your Honor's position are so far apart, that we require judicial intervention.

Reading the transcript of the hearing held on October 12, 2021, beginning on page 36, line 18 through page 43, line 12, Your Honor indicated that the only relevant information to the judgment enforcement action are concrete assets available for recovery and liquidation in 2021.

On November 5, 2021, Your Honor ruled that, as to Marks Paneth, this interpretation was accurate. *See* ECF #176. Marks Paneth's production complied with Your Honor's orders; however, over the next six weeks, Petitioner's Counsel sent dozens of emails to Marks Paneth's attorney questioning the veracity, completeness, and accuracy of the production. These lengthy and premature emails were sent despite the fact that Petitioner's Counsel participated in a call during which Marks Paneth explained that it had produced all of the information they had in their possession. These baseless allegations and suspicions cost Marks Paneth thousands of dollars in legal fees.

In addition, since that time, Petitioner's Counsel has issued at least six[1] new information subpoenas, all with questions dating back to 2016. The first subpoena was sent to Peter Scoolidge,

---

[1] These are the only information subpoenas that Judgement Debtor is aware of; there may be more. Additionally, it is my understanding that Petitioner's Counsel has attempted to personally serve me with a subpoena despite my having provided all of the information I had as Judgment Debtor's Power of Attorney, including payments to my firm and backup documentation.

the attorney responsible for brokering the purchase of the Wu Tang Clan album from the Eastern District of New York in July 2021. Mr. Scoolidge has no actual knowledge of any assets belonging to Judgement Debtor or recoverable by Judgement Creditor. The terms of the sale of the Wu Tang Clan album are covered by attorney client privilege and the confidentiality agreements of the parties to the sale. Petitioner has no claim to the album as it was a substitute asset sold by the government to a private purchaser.[2] As such, we request that you quash this subpoena.

The second subpoena was served on Judgement Debtor's sister and power of attorney, Leonora Izerne. It is unduly burdensome to expect Ms. Izerne to dig through seven years of documents, assuming she has access to them, only to produce the same information that has previously been provided by Judgement Debtor's agents and attorneys. This subpoena will not produce information relevant to the judgment enforcement in the instant case.

The third subpoena was served on an attorney and agent of Judgment Debtor. The communications sought are be covered by attorney-client privilege. The fourth subpoena was served on an ex-girlfriend of Judgement Debtor. The fifth subpoena was served on a company regarding a confidential settlement agreement, which they produced. Even after the production, Petitioner's Counsel has called company's counsel to request additional information to substantiate the purpose of payments it made to the Judgement Debtors agents – including the Kang Haggerty law firm on or after January 1, 2019.

Specifically, Petitioner's Counsel is seeking the production of Kang Haggerty's invoices for legal services rendered to Judgement Debtor in connection with litigation and a confidential JAMS arbitration that were paid pursuant to an advancement agreement under Delaware law, as is typical for Delaware companies. This is all *after* Petitioner's Counsel received the amounts of these payments from at least two different sources and despite receiving copies of the settlement agreements from those matters which indicated that the settlement occurred a year before Petitioner's Counsel served Judgement Debtor with a restraining notice. Given that there was no restraining notice in place and the payments are for legal services rendered, Petitioner's Counsel has no plausible claim to seek recovery of any of these payments made in 2019. This over-broad and extra-judicial effort to collect information continues despite Your Honor's clear direction that Kang Haggerty has sufficiently complied with the information subpoenas served on it.

The sixth subpoena was served on the escrow agent in the related settlement matter, even though Petitioner's Counsel already had a copy of the escrow agreement. To the extent they have responded, this point may be moot but given Petitioner Counsel's pattern and practice of harassment, Judgment Debtor wishes to include them in the relief requested herein.

---

[2] 21 U.S.C. § 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets, within 30 days of the final publication of the forfeiture order, in this case May 17, 2018. The statute further requires that a party claiming an interest in a forfeited must show a nexus between the asset and the debt. The purpose of the statute is to limit third party claims against the U.S. government and enable them to liquidate said assets with free and clear title. This asset was recovered and disposed of as part of the forfeiture process and Petitioner has no claim to the property and therefore no right to information related to its disposition.

Judgment Debtor's understanding of your directive on October 12, 2021 was to provide any information regarding concrete assets available in 2021, or later. To that end, I offered to stipulate to the information subpoenas and assist in facilitating their response, to the extent they are not covered by privilege. Petitioner's unfounded conspiracy theory that outdated information will uncover assets that pre-date Judgment Debtor's incarceration have rendered this process unduly arduous, expensive, and counterproductive.

In my last letter motion, I stated that "without the Court's guidance, Judgement Debtor believes that Petitioner's Counsel is likely to continue to unduly burden his current and prior agents, including Marks Paneth, seeking information that will not possibly result in a 2021 asset." Unfortunately, even with this Court's guidance and clear directive to mitigate costs, Petitioner has continued to unduly burden Judgement Debtor's current and prior agents. Frankly, it is now tantamount to harassment. Marks Paneth has incurred thousands of dollars in costs, Kang Haggerty was forced to seek judicial intervention to limit the inquiries. *See* ECF 157. Petitioner's Counsel has even gone so far as to use the information from the produced information subpoenas to sue several of these agents in their personal and professional capacity in Brooklyn Supreme Court[3]; which, based on cursory research, are wholly without basis in caselaw.

Given all the above, Judgement Debtor kindly requests that Your Honor order Petitioner to: (1) Quash the information subpoena to Peter Scoolidge; (2) Refrain from further burdening any third-party that has previously provided responses to information subpoenas; and (3) Limit any future information subpoenas to assets available from June of 2020 until present or recoverable in the future. Lastly, as Petitioner's Counsel appears undeterred by Your Honor's prior rulings, I would respectfully request that should this continue, Your Honor assess penalties and sanctions to reimburse third parties and Judgment Debtor for the avoidable and substantial legal fees and other costs incurred as a result of these repeat inquiries.

Respectfully submitted,
/s/ Brianne E. Murphy

cc    All counsel of record (via ECF)

---

[3] See *Koestler v. Shkreli et al.*, Index No. 531434/2021. Notably, Petitioner's Counsel is using this mechanism because he failed to serve restraining notices on these Parties prior to the transfer of funds.