# HALPERIN BATTAGLIA BENZIJA, LLP

Scott A. Ziluck, Esq.
sziluck@halperinlaw.net

March 9, 2022

<u>**VIA ECF**</u>

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, NY 10007

      ***Re:***    ***Koestler v. Shkreli***
                **1:16-cv-07175-DLC**

Dear Judge Cote:

      I write as counsel to Receiver Derek C. Abbott, to respond to two letters from Mr. Shkreli's counsel, D.I. 189 (sealing request) and D.I. 192 (valuation and bonding request). Mr. Abbott supports D.I. 189. Mr. Abbott objects, in part, to D.I. 192, as set forth below.

      It is Mr. Abbott's intent to maximize the value of the Phoenixus AG shares (the "Stock") in a sale process for which he will seek approval when appropriate. Mr. Abbott believes that he is aligned in interest with Mr. Shkreli to achieve the highest possible value. He further expects, unless circumstances reasonably dictate otherwise, that the required request of the Court for approval of a transaction for a sale of the Stock would include a process for higher or better bids, to ensure that the best value reasonably available in the market is obtained, consistent with the unusual circumstances of the contemplated forced sale of an interest in a closely-held, private Swiss company. By this process, he would hope to capture the "fair market value" described by Mr. Shkreli. It is presumably at the hearing to approve any transaction for the Stock where this would be an issue, if at all. Mr. Abbott intends to work closely with both of the parties to this case, and Phoenixus, to develop that process and sale, which work has already begun. He hopes and expects that they will be in agreement that whatever is proposed to the Court will be value-maximizing. If not, parties will be heard at the relevant hearing about any disagreement.

      Mr. Abbott wishes to make two key points regarding D.I. 192. **First**, while he has no fundamental objection to a valuation, it would be expensive and he does not have adequate funds

Hon. Denise L. Cote
March 9, 2022
Page 2

in the receivership estate today to pay for one.  Unfortunately, Mr. Shkreli has not proposed a way to pay for the valuation.  Also, given the market-based sale process contemplated, it is not clear that a valuation would make any difference.  **Second**, Mr. Abbott believes it extraordinarily unlikely that any party would be interested in buying only a portion of the Stock; instead he believes that any interest will be in controlling all the Stock.  To that end, Mr. Abbott does not believe that having any portion of the Stock tied up as collateral for an appeal process in a different case (about which he takes no position) that could span years, would allow him to obtain and close a sale of the Stock, or even to conduct an effective sale process, during that time.  Similarly, having the Stock tied up in that way could effectively chill interest in the Stock as yet another uncertainty facing Phoenixus.  Accordingly, Mr. Abbott objects to having any of the Stock posted as collateral for a bond in the FTC matter as described in Mr. Shkreli's letter.

Respectfully,

/s/ Scott A. Ziluck

Scott A. Ziluck

c:   All Counsel
     (via ECF)

---

*Handwritten note:*

3/9/22

The 3/4/22 request by defendant Shkreli for a court-ordered appraisal of his Phoenixus shares is denied. The request to post shares as a bond to support a motion to stay enforcement of a judgment is also denied. For the reasons explained in the Receiver's 3/9/22 letter, there are no "excess" shares available to post and no means to fund any appraisal. The best valuation of the shares will occur through the process the Receiver is pursuing. Shkreli will have an opportunity to be heard at the time there is an application to approve a sale.

/s/ Denise Cote