UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

**THOMAS P. KOESTLER,**

                Petitioner,

    -against-

**MARTIN SHKRELI,**

                Respondent.

-----------------------------------x

1:16-cv-07175-DLC

**<u>ORDER</u>**

DENISE L. COTE, District Judge

    The Court having issued the Order for Turnover and Appointment of Receiver dated August 16, 2021 (ECF #120, the "Receivership Order")[1] in connection with a Judgment (ECF #22) pursuant to which Derek C. Abbott was appointed as Receiver, among other things, to collect certain assets owned by Judgment Debtor Martin Shkreli (the "Judgment Debtor") and to sell that stock so as to satisfy the Judgment to the Judgment Creditor; and until the Judgment Debtor has satisfied his obligations to the Judgment Creditor, collect any and all assets or property of the Judgment Debtor which is subject to a certain Forfeiture Order, including those assets actually held by the Government and/or the U.S. Attorney in accordance with the Forfeiture Order as well as others, with said assets to be held and not sold without further order of this Court;

    The Receiver having made application to the Court for a further order concerning his voting rights with respect to certain shares of Phoenixus owned by the Judgment Debtor;

---

[1] Capitalized terms are as defined in the Order for Turnover and Appointment of Receiver (ECF #120).

**IT IS ORDERED**, that the Receiver's application is granted as follows:

1. The Receiver is authorized to act in the place of the Judgment Debtor (including the right to vote) with respect to all shares of Phoenixus stock the he owns (2,251,923 shares) or with respect to which he otherwise enjoys the right to vote by agreement (an additional 579,338 shares, for a total of 2,831,261 shares) (collectively, the "Shkreli Phoenixus Shares") for the tenure of his term as Receiver (the "Receiver Voting Rights"), subject to further order of this Court.   Said actions by the Receiver shall not be deemed in any way a violation of this Court's order in *Federal Trade Commission, et al. v. Vyera Pharmaceuticals, LLC, et al., 20 CV. 00706 (DLC)*, dated February 4, 2022 (the "Shkreli Injunction").

2. In the exercise of the Receiver Voting Rights, the Receiver shall vote, if at all, consistent with his independent view of the facts and circumstances, but may consider the input of all interested parties.

3. Phoenixus, and its governing board of directors, is hereby authorized to accept the direction, vote or other appropriate input from the Receiver as if he were the owner of the Shkreli Phoenixus Shares.  Said action by Phoenixus and its board of directors shall not be deemed in any way a violation of the Shkreli Injunction.

4. The relief granted in this Order is without prejudice to any rights or remedies of any party, person or entity except to the extent expressly addressed in this Order.

**SO ORDERED.**

Dated: June 13, 2022
       New York, New York

_____
DENISE L. COTE
United States District Judge