# HALPERIN BATTAGLIA BENZIJA, LLP

Scott A. Ziluck, Esq.
sziluck@halperinlaw.net

September 13, 2022

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      *Re:*   *Koestler v. Shkreli*
            **1:16-cv-07175-DLC**

Dear Judge Cote:

      I write as counsel to Receiver Derek C. Abbott to seek an order authorizing the filing of a letter motion under seal in accordance with Rule 8 of Your Honor's Individual Practices in Civil Cases. As this Court is aware, the Receiver was appointed by *Order for Turnover and Appointment of Receiver* dated August 16, 2021 (ECF #120) (the "Receivership Order")[1] to take certain steps in connection with a judgment in the pre-interest amount of $2,614,930 (ECF #22) (the "Judgment") as to the assets of the judgment debtor Martin Shkreli (the "Judgment Debtor"). The Judgment has not yet been satisfied in whole or part. As the Court is also aware, the principal asset of meaningful value that may be sold to satisfy the Judgment is the Judgment Debtor's interest in the Phoenixus stock. The Receiver is actively marketing the asset and has engaged with potential purchasers. In connection with those discussions, issues concerning the Judgment Debtor's ownership of the Phoenixus stock, and unique issues related to Phoenixus itself, have arisen that the Receiver would like to be able to raise via letter motion with the Court on a non-public basis given their sensitivity (the "Substantive Letter Motion"). In accordance with section 6 of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, and Your Honor's Individual Practices in Civil Cases, the Substantive Letter Motion has been filed under seal concurrently with this letter motion.

      There is a three step analysis which must be conducted in order to determine whether a filing may be submitted under seal or with redactions. First, a court must determine if said filing "is a "judicial document;" second, it determines the weight of the presumption of access afforded to the documents; and third, the court identifies and weighs factors 'that legitimately counsel' against public access." *Simon Prop. Grp., L.P. v. U.S. Bank N.A.*, 2022 U.S. Dist. LEXIS 123984,

---

[1]    Capitalize terms not defined herein are as defined in the Receivership Order.

Case 1:16-cv-07175-DLC Document 214 Filed 09/23/22 Page 2 of 2

*4 (S.D.N.Y.) (Castel, J.). *citing Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "Sealing or redaction is warranted if privacy interests of the party resisting disclosure outweigh the presumption of access." *Id.*; *see FTC v. Vyera Pharms., LLC*, 2020 U.S. Dist. LEXIS 170592, *5) (S.D.N.Y.) (Cote, J.) *citing Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."); *see also Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (sealing orders must be narrowly tailored).

Here, the Substantive Letter Motion is indisputably a judicial document. In the case of motions filed with the Court, there is generally a strong presumption in favor of public access. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). However, in this case, the interests the Receiver seeks to protect by sealing the Substantive Letter Motion outweigh the public's right to disclosure. Sealing is necessary to preserve the confidentiality of serious issues that could, if disclosed, have a negative impact on the Receiver's ability to market the Phoenixus shares, as well as affect Phoenixus' operations. The protections sought by the Receiver are narrow and solely limited to the issues raised in the Substantive Letter Motion and are not of the nature that they would be the subject of legitimate public concern or interest.

Accordingly, the Receiver respectfully requests that the Court issue an order permitting the filing of the Substantive Letter Motion under seal.

Thank you for your consideration.

Respectfully,

*/s/ Scott A. Ziluck*
Scott A. Ziluck

cc: Derek C. Abbott, Receiver
All Counsel
(via ECF)

Granted.

*Denise Cote*
9/22/22