# HALPERIN BATTAGLIA BENZIJA, LLP

---

Scott A. Ziluck, Esq.
sziluck@halperinlaw.net

February 7, 2023

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      *Re:*    *Koestler v. Shkreli*
            1:16-cv-07175-DLC

Dear Judge Cote:

      I write as counsel to Receiver Derek C. Abbott, who, as this Court is aware, was appointed by *Order for Turnover and Appointment of Receiver* dated August 16, 2021 (ECF #120) (the "Receivership Order")[1] to take certain steps in connection with a judgment in the pre-interest amount of $2,614,930 (ECF #22) (the "Judgment") as to the assets of the judgment debtor Martin Shkreli (the "Judgment Debtor").  The Judgment has not yet been satisfied in whole or part.  For the reasons discussed below, the Receiver asks that the Court extend the term of the receivership relief in the Receivership Order by an additional six months from February 16, 2023 through and including, August 16, 2023.  I make this application jointly with the Judgment Creditor whose counsel has reviewed and approved this letter application.

      The Receivership Order provides at paragraph 8 that the "Judgment Creditor or the Receiver may apply for an extension of [the original] period of time by letter application setting forth good reason for such extension."

      On February 8, 2022, counsel for the Judgment Creditor, with the approval of the Receiver, filed the *First Letter Motion for Extension of Time of the Term of the Receivership* (ECF #184), which this Court granted (ECF #185) extending the term of the receivership from February 16, 2022 to August 16, 2022.  On August 3, 2022, counsel for the Receiver filed the *Second Letter Motion for Extension of Time of the Term of the Receivership* (ECF #210), which this Court granted (ECF #211) (the "Second Extension Order") extending the term of the receivership from August 16, 2022 to February 16, 2023.

---

[1]     Capitalize terms not defined herein are used as defined in the Receivership Order.

Hon. Denise L. Cote
February 7, 2023
Page 2

      A further extension of the receivership is necessary to facilitate and complete the liquidation of the Judgment Debtor's various assets, including the equity interest in Phoenixus/Vyera. Following this Court's entry of the Second Extension Order, the Receiver (i) installed a new slate of well-qualified directors at Phoenixus, all of whom are independent; (ii) worked with Phoenixus to transfer legal ownership (but not beneficial ownership) of the Phoenixus Stock to the Receiver to facilitate Phoenixus' corporate operations;[2] (iii) continued marketing the Phoenixus Stock and facilitating multiple due diligence requests between various interested parties and the management of Phoenixus; and (iv) engaged in further negotiations with potential purchasers in an effort to close on a stalking horse purchaser for the Phoenixus Stock.

      The Receiver also continues to pursue other sources of recovery to satisfy the Judgment, including a possible tax return entitlement, stock owned by the Judgment Debtor in AudioEye Inc., and a Picasso etching. Since the Second Extension Order, the Receiver engaged in negotiations with a prospective purchaser of the AudioEye stock, but those negotiations are still ongoing. The Receiver continues to try to overcome various impediments to monetizing these assets, and a further extension will allow the Receiver to complete these processes already under way.

      Thank you for your consideration.

Respectfully,

_/s/ Scott A. Ziluck_____
Scott A. Ziluck

cc:    All Counsel
       (via ECF)

---

[2] The Receiver sought authority from this Court to transfer legal title on September 13, 2022 (ECF #215), which the Court granted on September 28, 2022 (ECF #220).