# HALPERIN BATTAGLIA BENZIJA, LLP

---

Scott A. Ziluck, Esq.
sziluck@halperinlaw.net

May 25, 2023

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

    Re:    *Koestler v. Shkreli* **(1:16-cv-07175-DLC)**

Dear Judge Cote:

    I write as counsel to Receiver Derek C. Abbott (the "Receiver") appointed by *Order for Turnover and Appointment of Receiver* dated August 16, 2021 (ECF #120) (the "Receivership Order")[1] for approval of a sale of the Phoenixus stock described in the Order and related relief. A Phoenixus shareholders' meeting is scheduled for June 2, 2023, at which the Receiver would vote in in furtherance of the proposed transaction and approval is requested prior to June 2 for that reason. I make this request, with the support of the Judgment Creditor whose counsel has reviewed and approved this letter application.

    As this Court is aware, the principal asset of meaningful value that the Receiver has endeavored to sell to satisfy the Judgment is the Judgment Debtor's interest in the Phoenixus stock and voting rights associated therewith (the "Phoenixus Stock"). In furtherance of those efforts, the Court entered an Order on June 9, 2022, granting the Receiver further authority with respect to the voting of the Phoenixus Stock (ECF #206). For more than a year, the Receiver has worked with Phoenixus' new slate of well-qualified independent directors to market the Phoenixus Stock and related rights, facilitate multiple due diligence requests between various interested parties and the management of Phoenixus, and engage in negotiations with potential purchasers to close on a sale of the Phoenixus Stock. The process has been fraught with numerous obstacles, including certain financial realities facing Phoenixus. To that end, Phoenixus AG and its subsidiaries filed petitions under subchapter V of chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on May 9, 2023. The cases are jointly

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Receivership Order.

administered under Case No. 23-10605 (JKS).  The bankruptcy filing has no impact on the proposed transaction.

After many months of discussion with multiple interested parties, the Receiver has identified a potential purchaser and agreed to what he believes to be the best possible sale terms for the Phoenixus Stock under Phoenixus' current circumstances.  Subject to the Court's approval, the transaction would be consummated with Akkadian Partners SA, the management company of Akkadian Partners Fund - Compartment Phoenixus Investment (collectively, "Akkadian") pursuant to terms reflected in the Stock Purchase Agreement filed herewith as Exhibit A (the "Akkadian Sale").  The Receiver's determination that the Akkadian Sale is the best possible agreement available for the sale of the Phoenixus Stock is premised upon: (a) his expertise in and knowledge of similar financial transactions and the pharmaceutical industry; (b) his due diligence and efforts undertaken over the course of the past year to market the Phoenixus Stock and engage prospective purchasers; and (c) the economic realities currently facing Phoenixus.  In the absence of the Akkadian Sale, it is the Receiver's view that a sale of the Phoenixus Stock is not likely to be feasible. Although the proceeds of the Akkadian Sale will not be sufficient to satisfy the Judgment, it is the Receiver's conclusion that it is the best course of action to realize a return on the Phoenixus Stock to reduce the balance of the Judgment.[2]  The Receiver will continue to pursue other sources of recovery, including a possible tax return entitlement, the sale of stock owned by the Judgment Debtor in AudioEye Inc., and a sale of the Judgment Debtor's Picasso etching.[3]

Accordingly, pursuant to the Receivership Order (at para. 5), the Receiver respectfully requests that this Court enter the order filed herewith as Exhibit B approving the Receiver's authority to enter into the Akkadian Sale on the terms set forth in the attached Stock Purchase Agreement or in a form to be negotiated by the Receiver in accordance with his expertise in and knowledge of such transactions and on terms commercially reasonable for such an agreement, as well as authority to vote the Phoenixus Stock as appropriate to meet the conditions to closing.  The Receiver will retain the proceeds of the sale subject to further order of the Court.  The Receiver

---

[2] The New York State Department of Taxation and Finance ("NYSDTF") has sent the Receiver a tax compliance levy against the Judgment Debtor dated August 15, 2022, referring to a warrant docketed on April 7, 2022 (apart from $910.93 dating back to January 2017), as to assets of the Judgment Debtor.  Both dates post-date the Receivership created in August 2021 at which time the Receivership was established to take and sell the Judgment's Debtor's assets, including the Phoenixus Stock.  NYSDTF will be served with a copy of this letter so that it may be aware of the contemplated transaction if it believes it has an interest in the proceeds of the transaction and so that it may be heard should it deem it appropriate.

[3] In furtherance of his efforts to navigate the corporate laws of Switzerland where Phoenixus operates, the Receiver retained the service of Swiss counsel from the firm Baker McKenzie Zurich ("BMZ").  In accordance with the terms of the Receivership Order, the Receiver expects that he will submit the invoices from BMZ for approval by the Court once their services are completed in connection with the proposed Phoenixus transaction.

Hon. Denise L. Cote
May 25, 2023
Page 3

is available at the Court's convenience to review the terms of the proposed transaction should the Court deem it appropriate.

    Thank you for your consideration.

                                                  Respectfully,

                                                  *Scott A. Ziluck*
                                                  Scott A. Ziluck

cc:    Derek C. Abbott, Receiver
        All Counsel (via ECF)
        New York Commissioner of Taxation and Finance, c/o Amanda Hiller, Deputy Commissioner & Counsel (amanda.hiller@tax.ny.gov); Deborah Liebman, Deputy Counsel (deborah.liebman@tax.ny.gov); Karen Geduldig, Deputy Commisioner, Civil Enforcement (karen.geduldig@tax.ny.gov)