

Brianne E. Murphy*
T: (347) 524-1415
E: brianne@industrielaw.com
*Admitted in New York and Washington, DC

# Murphy Group CNY, PLLC

600 Pennsylvania Ave, SE
Suite 200
Washington, DC 20003

July 24, 2023

*Via ECF*
Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*The exhibits to this
letter may be filed
under seal.
/s/ Denise Cote
7/25/23*

Re:   *Thomas Koestler v. Martin Shkreli,* No. 16-cv-7175-DLC ("*Koestler SDNY Matter*")

Dear Judge Cote:

I write on behalf of the Judgment Debtor regarding the status of the assets entrusted to the Receiver to liquidate to satisfy the judgment in the *Koestler SDNY Matter* as of August 16, 2021, including but not limited to the proposed Stock Sale [ECF 247] in anticipation of tomorrow's conference.

In the two years since his initial appointment to "faithfully and fairly discharge the trust committed to him based on his experience and expertise in the pharmaceutical field" [ECF 121], upon his applications, on February 8, 2022 [ECF 184], August 3, 2022 [ECF 210], and February 7. 2023 [ECF 229] this Court has extended Mr. Abbott's Receivership three (3) times. In each application, the Receiver has represented to the Court that despite his efforts the judgment remains wholly unpaid and not a single asset has been liquidated[1]. Most recently, his February 7. 2023 letter represented his progress to the Court as follows: "(iii). …facilitating multiple due diligence requests between various interested parties[2] and the management… and (iv) engaged in further negotiations with potential purchasers in an effort to close on a stalking horse purchaser[3] …"

As such, his representations as of February, 2023 as to his intentions and the sale process were consistent with those outlined and approved by this Court on March 9, 2022 [ECF 195][4]. However, given the opportunity to drive up the price and encourage competition, Receiver failed to do so. Rather, he has treated the existing sale's agreement and Your Honor's approval thereof as a foregone conclusion, a process shrouded in secrecy and has impeded rather than encouraged a competing offer.

---

[1] It is my that the only asset recovered was approximately $50,000.00 in legal fees returned to Judgment Creditor as a result of efforts by Mr. Scarola and turned over to the Receiver, not applied to the judgment.
[2] These parties are unknown to Judgment Debtor and/or whether they include any investment banks, private equity firms or hedge funds skilled in life sciences and biopharmaceuticals.
[3] By definition, a "stalking horse purchaser" is one designed to encourage or create a reverse bid, drive up competition and maximize the potential sale price of an asset.
[4] Specifically, "[i]t is Mr. Abbott's intent to maximize the value of …the "Stock" in a sale process … to achieve the highest possible value. He further expects…that the required request of the Court for approval of a transaction for a sale of the Stock *would include a process for higher or better bids, to ensure that the best value reasonably available in the market* is obtained…" The transaction being contemplated in March, 2022 was substantially the same in sum and substance as the one being presented to the Court today, with the same proposed purchasers.

Upon learning about the potential sale, Counsel for Judgment Debtor identified an interested investor willing to offer a higher purchase price contingent upon due diligence. We believed that the Receiver's aligned interests and obligations would be to facilitate the same due diligence, information and opportunity to a potential higher bidder – regardless of the status of the existing bid. Minimally, his role and representations to the Court require that he engage in good faith with this individual and provide him with sufficient information so as to make an informed decision regarding this potential investment, contingencies and an offer price. Instead, communications with the potential investor are fraught with confusion and the process of engagement amounts to a charade, or lip service to the due process owed to Judgment Debtor.

As of the writing of this update[5] rather than engage a potential competing offer intending to increase the purchase price of the stock, it is my understanding that Mr. Abbott has: (1) provided the individual with an NDA; (2) nearly a month after providing the as-of-yet-not-executed NDA, indicated to the individual that Mr. Abbott does not have the requisite information to provide him to facilitate the sale of the stock and cannot provide him with the same information provided to the current offeror, as the existing offeror had an NDA with the Company as well and was privy to additional information unknown to the Receiver; (3) he has not advised the Company of the existence or interest of this potential buyer or introduced him to the Company[6] and (4) that is it his intention, regardless of the sincerity of this interested investor's offer – to advocate that this Court approve the existing sale agreement simply because he entered into a contract with them without following any process approved by this Court or providing the competing offeror sufficient information to legitimately evaluate the opportunity.

We renew our request that this Court require that the Receiver provide interested parties and this Court financial analysis of the value of the sale of these interests versus the distribution proposed by bankruptcy plan filed *In Re: Vyera* 23-10606-JKS and consistent with CPLR § 6404 request that the Receiver provide the opportunity to inspect his written accounts describing the asset to be liquidated, its value, any books, records or due diligence provided to the prospective buyer and/or other prospective buyers, as well as a report on the efforts he made to maximize the value of the Stock Sale since his appointment. If he cannot do so, we kindly request that this Court consider removing him as Receiver for failure to uphold his oath, and appoint someone qualified in financial matters related to life sciences and pharmaceuticals to maximize these assets.

For the sake of brevity, Judgment Debtor incorporates by reference the same concerns and considerations raised in ECF 247, 248, 249. 256.

Respectfully submitted,

/s/ Brianne E. Murphy

cc   All counsel of record (via ECF)

---

[5] Judgment Debtor's Counsel has not been privy to all of the communications between the Parties. For your Honor's convenience I attached under seal material confidential communications that I have.
[6] As of this afternoon, I believe Mr. Abbott made an introduction to the Company's attorney.