```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
THOMAS P. KOESTLER,                    :
                       Petitioner,     :
                                       :          16cv7175 (DLC)
           -v-                         :
                                       :          MEMORANDUM OPINION
MARTIN SHKRELI,                        :             AND ORDER
                                       :
                       Respondent.     :
                                       :
-------------------------------------- X
```

APPEARANCES:
For Receiver Derek C. Abbott:
Scott A. Ziluck
Halperin Battaglia Benzija LLP
40 Wall Street, 37th Floor
New York, NY 10005

For Akkadian Stock Partners SA:
Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
60 E. 42nd Street, Suite 4700
New York, NY 10170

DENISE COTE, District Judge:

The Receiver Derek C. Abbott seeks permission to distribute proceeds of a stock sale and the issuance of a release in connection with that distribution. For the following reasons, the Receiver's request is granted.

### Background

On September 14, 2016, Dr. Thomas P. Koestler ("Judgment Creditor") filed this action against Martin Shkreli ("Judgment

1

Debtor"), seeking confirmation of an arbitration award in his favor. The arbitration award was based on the value of shares owed to the Judgment Creditor pursuant to a transfer agreement signed by both parties. On February 6, 2017, the Honorable Robert W. Sweet confirmed the arbitration award and ordered that judgment in the amount of over $2.6 million be issued to the Judgment Creditor.

On August 16, 2021, the Receiver was appointed to take actions with respect to certain identified assets of the Judgment Debtor. Those assets included Phoenixus stock.

On May 22, 2023, the Receiver and Akkadian Stock Partners SA ("Akkadian") entered into a Stock Purchase Agreement ("SPA"). On July 25, 2023, the Court approved the Receiver's sale of certain Phoenixus stock to Akkadian pursuant to SPA. On January 19, 2024, acting on joint instructions from the Receiver and Akkadian, the Escrow Agent released certain proceeds from the sale of the Phoenixus stock to the Receiver. The amount released was $960,445 ("Funds").

On March 8, the Receiver requested Court approval to release the Funds to the Judgment Creditor. The Receiver learned that Akkadian may have objections to the distribution. A March 12 Order set a period for objections to the distribution. On April 5, Akkadian objected to the distribution.

**Discussion**

Akkadian first asks that $150,000 be held back from distribution since those funds may be necessary to reimburse the Escrow Agent in the event it incurs expenses during litigation between the Receiver and Akkadian. In making this request, Akkadian relies on § 2 of the SPA, which provides for indemnification of Escrow Agent fees, costs and expenses it incurs in the event "of any litigation between Buyer and Seller".

This request is denied. The Escrow Agent's work is over. The Funds have already been released. They were released pursuant to joint instructions from Akkadian and the Receiver. There is no representation that the Escrow Agent incurred any reimbursable expenses during the time it served as Escrow Agent, specifically expenses due to litigation between Akkadian and the Receiver.

Akkadian next asks that the Funds be used to reimburse Akkadian for its legal expenses incurred in the Delaware Bankruptcy Court and in Switzerland. This request arises from the following set of circumstances. Phoenixus and its affiliates filed for bankruptcy in the Bankruptcy Court of the District of Delaware on May 9, 2023. The Debtors then sought an

3

injunction to prevent Akkadian from replacing the Phoenixus Board, among other things. Akkadian incurred legal expenses in defending against the adversary proceeding, both in the Delaware Bankruptcy Court and in Switzerland.

In making this request for reimbursement, Akkadian points to a provision of the SPA. That provision gave Akkadian the right to rescind the sale of stock in certain delineated circumstances that are not at issue here. Akkadian argues that, because it "had to step into the shoes of the Receiver", the sale price for the shares should be modified to reimburse Akkadian's expenses.

This request for reimbursement fails. The SPA was executed after Phoenixus had filed for bankruptcy. Nothing in the SPA provides Akkadian with the right to seek reimbursement for its litigation expenses during the bankruptcy proceeding. And, by issuing the instruction to the Escrow Agent to release the Funds to the Trustee, Akkadian has forfeited any right to claw back those funds.

Finally, Akkadian argues that the SPA should be cancelled because Akkadian received no consideration for its purchase of the Phoenixus shares. It contends that the Debtors once had over $8 million on hand but have "squandered" all of that cash. Akkadian complains that the Receiver never filed an objection in the Bankruptcy Court.

This argument is no more successful. Akkadian received the Phoenixus stock through the SPA. That is its consideration. Moreover, the explicit terms of the SPA bar Akkadian's claim. The SPA contained acknowledgments that the investment in Phoenixus was "highly speculative", and that Akkadian was able to hold the shares for "an indefinite period" and to suffer a "complete loss". Months before it issued the joint instruction to the Escrow Agent to distribute the Funds, Akkadian had received the stock and taken control of Phoenixus.

## Conclusion

The Receiver's March 8 request to release funds and for a release is granted.

Dated:  New York, New York
        April 17, 2024

_____
DENISE COTE
United States District Judge